UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., a Delaware Corporation<br><br>               Plaintiff,<br>v.<br><br>UNITED MEMORIES, INC., a Colorado Corporation,<br><br>               Defendant. | Case No.: C 13-1081 PSG<br><br>**ORDER RE PLAINTIFF'S EX PARTE APPLICATION FOR (1) TEMPORARY RESTRAINNG ORDER; (2) PRELIMINARY INJUNCTION; AND (3) EXPEDITED DISCOVERY IN THE ALTERNATIVE**<br><br>**(Re: Docket Nos. 9)** |

On March 26, 2013, Plaintiff GSI Technology, Inc. ("GSI") filed an ex parte application for a temporary restraining order, a preliminary injunction, or in the alternative, expedited discovery on the matter.[1] Defendant United Memories, Inc. ("UMI") opposes.[2] On March 28, 2013, the parties appeared for hearing. As stated at the conclusion of the hearing, the court DENIES GSI's application for a temporary restraining order, DEFERS RULING on GSI's motion for a preliminary injunction, and GRANTS GSI's request for expedited discovery. The court summarizes its reasoning below.

---

[1] *See* Docket No. 9.

[2] *See* Docket No. 20.

Case No.: 13-1081 PSG
ORDER

1

GSI sought a temporary restraining order ("TRO") enjoining UMI from "(a) directly or indirectly, designing or developing, or contributing to the design or development of any Pending Projects, (b) enjoining Defendant from using GSIP IP in connection with Pending Projects, and (c) enjoining Defendant from using, divulging furnishing, or otherwise making accessible to any person GSI[]'s confidential information or trade secrets in connection with the Pending Projects."[3] Under Fed. R. Civ. P. 65(b), the court may issue a TRO if there are "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant."

The court is not convinced the "immediate and irreparable injury" to GSI will result unless a TRO is issued.[4] By its own admission, GSI learned of UMI's possible relationship with Cisco in December of 2012. GSI waited until March 26, 2013 to file a TRO. More importantly, GSI has not yet established any harm that cannot be solved through an award of money damages.

GSI also does not provide sufficient facts at this time to show that UMI has engaged in wrongful behavior. GSI has not identified what confidential information or trade secrets are encompassed by the scope of its proposed TRO. For purposes of the noncompete clause, it is also unclear exactly what UMI did to breach the contract. All GSI has presented is an allegation that Cisco told GSI it was "going with one of our original guys" for an LLDRAM III project in mid 2012.[5] This is insufficiently persuasive to establish that UMI is engaged in activity in violation of its contract with GSI. For the same reasons, the record as it stands does not warrant granting a preliminary injunction at this time.

---

[3] Docket No. 9 at 25.

[4] *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction… a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.").

[5] Docket No. 12 ¶ 9-10.

2
Case No.: 13-1081 PSG
ORDER

However, the court finds GSI has shown good cause for setting a preliminary injunction hearing on an expedited schedule. A court may order expedited discovery under Fed. R. Civ. P. 26(d) upon a showing of good cause.[6] Targeted discovery will allow the court to determine whether a preliminary injunction is in fact warranted. Limited, narrowly-tailored discovery on an expedited schedule will not unfairly prejudice UMI.

The preliminary injunction hearing shall take place on June 25, 2013 at 10:00 AM. At the conclusion of the hearing, the court explained that the parties shall conduct limited, mutual discovery in advance of the preliminary injunction hearing, consistent with the following guidelines. The parties may search emails from five or less custodians each. The parties may also conduct limited targeted discovery regarding the contract itself. The parties may take 3 or 4 depositions including expert and 30(b)(6) witnesses. Although the parties were encouraged to submit a stipulated order with a discovery schedule, the court has been informed that they have not been able to agree. To facilitate the efficient resolution of the pending dispute, the parties shall appear by telephone at 3PM today. The court requests that each party be prepared to tender a specific proposal for the court's consideration.

IT IS SO ORDERED.

Dated: April 8, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[6] *Semitool, Inc. v. Tokyo Electron America*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

3

Case No.: 13-1081 PSG
ORDER