UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., a Delaware corporation,<br><br>                Plaintiff,<br>    v.<br><br>UNITED MEMORIES, INC., a Colorado corporation,<br><br>                Defendant. | Case No.: C 13-1081 PSG<br><br>**ORDER RE MOTIONS TO ENTER PROTECTIVE ORDER**<br><br>**(Re: Docket Nos. 38, 39, 40, 41)** |

Plaintiff GSI Technology, Inc. ("GSI") and Defendant United Memories, Inc. ("UMI") each submitted two letter briefs regarding their dispute over entry of the protective order that ought to govern in this case.[1] The parties have isolated two issues for the court to resolve – GSI proposes two modifications to the Model Protective Order, both of which are opposed by UMI. The court discusses each in turn below.

As a preliminary matter, under Patent L.R. 2-2, this district's Model Protective Order governs unless the court enters a different protective order.[2] As the Model Protective Order "set[s]

---

[1] *See* Docket No. 38, 39, 40, 41.

[2] *See* Patent L.R. 2-2 ("The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order."). *See also* http://cand.uscourts.gov/stipprotectorder.

1

Case No.: C 13-1081 PSG
ORDER

**United States District Court**
For the Northern District of California

forth presumptively reasonable conditions regarding the treatment of highly confidential information,"[3] this court has previously held it appropriate to place the burden of showing good cause on the party urging the deviation from the terms of the Model Protective Order.[4]

GSI first argues that it should be able to designate a single client representative, who would have access to documents designated "Highly Confidential – Attorney's Eyes Only." In GSI's view, good cause exists for such a provision because UMI can and has over-designated materials as highly confidential. Under the Model Protective Order and the protective order substantially agreed upon by the parties, information may be designated "Highly Confidential – Attorney's Eyes Only" only when the information consists of "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."[5]  According to GSI, UMI has already shown that it takes an unduly broad view of this provision by "indicat[ing] that it considered information such as its organizational structure, the job responsibilities of its employees, and the hire date of its employees" to be "Highly Confidential – Attorney's Eyes Only" information.[6] GSI urges that in light of the pending preliminary injunction hearing on June 25, 2013, and what it fears will be a pattern of overdesignation by UMI, the deviation it proposes is necessary to allow its attorneys to discuss these materials with the client representative and quickly understand them in time for the hearing.

---

[3] *Kelora Sys., LLC v. Target Corp.*, Case No. 11-01548 CW (LB), 2011 WL 6000759, at *7 (N.D. Cal. Aug. 29, 2011).

[4] *See Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 11-05973 PSG, 2012 WL 1232105, at *2 (N.D. Cal. Apr. 12, 2012).

[5] Docket No. 38, Attachment A at 6.

[6] *See* Docket No. 38 at 2. The court does not have a motion to compel before it, so it cannot now decide whether these designations are overbroad. At first glance, however, it does not appear that hiring dates, organizational job structure, and job responsibilities, without more, could possibly warrant the designation of "Highly Confidential – Attorney's Eyes Only."

2

Case No.: C 13-1081 PSG
ORDER

While the court understands GSI's concerns, without disclosure of the identity of the potential GSI "client representative," the court is unable to weigh the risk of inadvertent disclosure of UMI's information against GSI's ability to prosecute its claims.[7]  As GSI and UMI are competitors and adversaries in a trade secret and breach of contract case, the risk of inadvertent disclosure through an unknown "client representative" is very real.  The court cannot issue a blank check for GSI to designate any client representative, without context to assess the potential risk of inadvertent disclosure.

GSI next argues that the Designating Party, rather than the Challenging Party, should bear the burden of filing a motion with the court in the event the parties dispute the confidentiality designation of a document.  This proposal is nonsensical in that it forces the Designating Party to preempt its opposing party's challenges to the designation, when that motion should properly be framed by the Challenging Party itself.  The proposal also goes too far – if the Challenging Party expresses disagreement with a designation during meet and confer, the Designating Party must file a motion to *maintain* the confidential designation, or else the confidential designation will automatically evaporate.[8]  This mechanism is excessive and is also prone to potential abuse.  In any event, the Model Protective Order acts as a sufficient check against over-designation of materials because although the Challenging Party must bring the motion, the burden of persuasion regarding the confidentiality of the document remains on the Designating Party.  GSI's proposed modification is thus unnecessary.[9]

---

[7] *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992).

[8] *See* Docket No. 38, Attachment A at 11 ("Failure by the Designating Party to make such a motion including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation.").

[9] To further assuage GSI's concerns, the court notes that it will not hesitate to issue sanctions if the Challenging Party shows that overdesignation is rampant.

3

Case No.: C 13-1081 PSG
ORDER

It appears that there is a more narrowly-tailored way to resolve the parties' discovery discord – motions to compel, challenging the designations of specific categories of documents. If GSI believes certain categories of documents are clearly overdesignated, GSI may file a five page or less letter brief requesting relief, and UMI may respond with the same within three days. The court will then decide whether a hearing is necessary and can resolve the manner expeditiously.

GSI's proposed modifications are DENIED. UMI shall file a complete proposed protective order consistent with this ruling without delay.

**IT IS SO ORDERED.**

Dated: May 16, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 13-1081 PSG
ORDER

4