UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNITED MEMORIES, INC., a Colorado Corporation, <br><br> Defendant. | Case No.: C 13-1081 PSG <br><br> **ORDER GRANTING-IN-PART MOTION TO COMPEL** <br><br> (Re: Docket Nos. 46) |

In this breach of contract and trade secret misappropriation case, Plaintiff GSI Technology, Inc. ("GSI") seeks a preliminary injunction against Defendant United Memories, Inc. ("UMI"). A hearing on GSI's preliminary injunction motion is set for June 25, 2013. By earlier order the court allowed limited expedited discovery before the hearing, including up to three third-party depositions.[1] GSI has since served subpoenas for the depositions of third-party Integrated Silicon Solutions, Inc. ("ISSI") and Ron Kalakuntla ("Kalakuntla"), ISSI's Vice President of Marketing, as well as requests for production of documents directed at ISSI. ISSI and Kalakuntla objected. GSI now moves to compel both the depositions and the production of requested documents. Having

---

[1] *See* Docket No. 24, 29.

1

Case No.: 13-1081 PSG
ORDER

considered the papers and yesterday's arguments of counsel, the court GRANTS-IN-PART the motion to compel.

ISSI objects to GSI's requests on grounds that they are irrelevant, overbroad, and overly burdensome.  Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  The court must quash or modify a subpoena that "fails to allow a reasonable time to comply," or "subjects a person to undue burden."[2]

ISSI first complains that GSI requests information regarding past activities that are irrelevant to the question of whether UMI is currently infringing.  To be sure, a preliminary injunction is necessarily aimed at events in the future.  But these activities are by their very nature speculative.  To make an intelligent decision as to UMI's future conduct, it is reasonable to consider certain information as to UMI's past and present activities, including UMI's work with ISSI on the "Atris" project and other LLDRAM projects dating back to July 20, 2009, the date of the alleged termination of the contract.  To that end, UMI is entitled to discover information from this time period as to ISSI's relationship with UMI, whether UMI has assisted or is assisting ISSI with the "Atris" project or other LLDRAM projects, and the extent to which UMI shared GSI's confidential information with ISSI.

ISSI also argues that the subpoena is unduly burdensome, and the cost of any discovery ordered should be shifted to GSI.  While it is true that in general third parties should not be subject to the same burden standards as the litigants themselves,[3] it does not follow that no discovery should be produced, nor does it mean that the subpoenaing party must bear the entire cost of

---

[2] Fed. R. Civ. P. 45(c)(3).

[3] *See id.*

2

Case No.: 13-1081 PSG
ORDER

production.[4] Especially when the third party's stake in the outcome is less than impartial, courts have recognized that third parties may be asked to bear some or all of its expenses.[5] ISSI, which has admitted that it works on at least some projects with UMI, clearly has some interest in the outcome of this litigation because it may impair the progress of some ISSI projects. Moreover, many of the concerns raised by ISSI may be addressed by adjusting the time for ISSI to respond, narrowing the scope to only LLDRAM projects, and restricting the number of custodians to be searched.

The court finds that a significantly more limited document request will not impose an undue burden on ISSI. ISSI's obligation to respond to the subpoenas and document requests are therefore modified as follows: ISSI shall produce all contracts or agreements, dated on or after July 20, 2009, between ISSI and UMI, referencing UMI, or by which UMI has performed or will perform some service, role, or work. ISSI also shall produce all documents referring to UMI and either Atris, LLDRAM, or GSI Tech, dated on or after July 20, 2009, from the files of three custodians to be named by GSI. These three custodians shall be the sources whom GSI believes in good faith are most pertinent to the claims presented in its preliminary injunction motion. This document production shall be completed by June 10, 2013. Depositions of ISSI and any of its employees shall be completed no later than June 12, 2013.

IT IS SO ORDERED.

Dated: May 29, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992).

[5] *See id.*

Case No.: 13-1081 PSG
ORDER

3