UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNITED MEMORIES, INC., a Colorado Corporation, <br><br> Defendant. | Case No.: C 13-1081 PSG <br><br> **ORDER RE: ADMINISTRATIVE MOTION TO SEAL** <br><br> **(Re: Docket No. 95)** |

Plaintiff GSI Technology, Inc.'s ("GSI") moved to seal exhibits BJ, BK, BH, BI, and BL attached to its preliminary injunction reply brief, which contained information designated as confidential by Defendant United Memories, Inc. ("UMI"), third party Integrated Silicon Solutions, Inc. ("ISSI"), and third party Cisco Systems, Inc. ("Cisco").[1] The court granted the motion as to Exhibits BI and BL, but denied sealing all other exhibits, noting that the designating parties failed to file an appropriate and timely responsive declaration supporting the motion.[2] However, it has come to the court's attention that the court was mistaken, in that Cisco and UMI did file

---

[1] *See* Docket No. 95.

[2] *See* Docket No. 133.

Case No.: 13-1081 PSG
ORDER

declarations addressing these other exhibits.[3] The court apologies for its oversight and now evaluates whether Cisco and UMI have proven that sealing Exhibits BH, BJ, and BK is warranted.

Under Local Rule 79-5, a sealing order is appropriate only upon request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law."[4] When the submitting party has filed an administrative motion to comply with a stipulated protective order, the designating party must within 7 days file a supporting declaration establishing the document is "sealable" and a narrowly-tailored proposed order.[5] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[6] Compelling reasons exist when documents contain potential trade secrets or business information that if released might harm the owner's competitive standing.[7]

Exhibits BJ and BK are deposition transcripts describing the role of UMI's president in the company and its relationship with ProMos. UMI asserts this is "extremely sensitive" business information.[8] It is extremely doubtful, however, that this information is at all confidential; in fact, the same information describing UMI's relationship with ProMos is described in the unredacted

---

[3] *See* Docket No. 116, 118.

[4] Civ. L.R. 79-5(a).

[5] *Id.* 79-5(d).

[6] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

[7] *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-CV-01846-LHK, 2012 WL 3283478 (N.D. Cal. Aug. 9, 2012).

[8] Docket No. 116.

2

Case No.: 13-1081 PSG
ORDER

complaint in this case.[9] In any event, no compelling reasons exist for sealing these transcript excerpts. The requests to seal Exhibits BJ and BK are DENIED.

Exhibit BH is a deposition transcript describing Cisco's relationship with Renesas, UMI, GSI, and ISSI, as well as the fact that these parties convened at certain meetings. Cisco claims that this is "confidential and proprietary information relating to Cisco's business," the disclosure of which would harm Cisco.[10] These allegations are again simply not credible because almost all of this information has already been disclosed in the complaint and the papers filed publicly in this case. More importantly, Cisco has not shown how disclosure of the mere fact that Cisco convened with these parties at meetings would harm Cisco competitively, let alone meet the "compelling reasons" standard. The request to seal exhibit BH also must be DENIED.

GSI shall file unredacted versions of these documents no later than July 19, 2013.

IT IS SO ORDERED.

Dated: July 11, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See* Docket No. 1.
[10] Docket No. 118.

Case No.: 13-1081 PSG
ORDER

3