UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., | Case No. 5:13-cv-01081-PSG |
| Plaintiff, | **ORDER RE: DISCOVERY MOTIONS** |
| v. | |
| UNITED MEMORIES, INC., and INTEGRATED SILICON SOLUTION, INC., | **(Re: Docket Nos. 248 , 250 , 251 , 252 , 253 , 254, 255)** |
| Defendants. | |

On Monday afternoon, the parties appeared for a hearing on the seven pending discovery motions in this case. One thing became abundantly clear: GSI needs to clearly and specifically identify all its claimed trade secrets to move this case forward.[1] Under California law, GSI is required to "make some showing that is reasonable, i.e., fair, proper, just and rational[,] . . . under

---

[1] *See* Cal. Civ. Proc. Code § 2019.210 ("In any action alleging the misappropriation of a trade secret . . . before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity."); *see also Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1350 (2009) (holding that a plaintiff 'is not entitled to include broad, 'catch-all' language" in his trade secret identifications, because if it "does not know what its own trade secrets are, it has no basis for suggesting defendants misappropriated them").

1

Case No. 5:13-cv-01081-PSG
ORDER RE: DISCOVERY MOTIONS

all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits."[2] GSI has acknowledged that it may claim as independent trade secrets several distinct subparts of the overall "compilation" currently claimed. If so, now is the time to do so. No later than Wednesday, August 13, 2014, GSI shall supplement its Section 2019.210 disclosure to identify to both UMI and ISSI each and every distinct trade secret that it intends to claim in this litigation by Bates range; any trade secrets not specifically identified by that date will be understood to be out of this case. GSI also shall supplement its responses to any interrogatories propounded by UMI or ISSI that are implicated by its Section 2019.210 disclosure.[3]

Once GSI has supplemented its Section 2019.210 disclosure and supplemental interrogatory responses, UMI and ISSI's justification for failing to respond to various GSI's discovery requests will become moot. UMI and ISSI therefore are to respond to the discovery requests identified in Docket No. 252 by no later than September 12, 2014.

ISSI's position that it need not respond to GSI's Interrogatory No. 14 and Request for Production No. 36 – while simultaneously seeking discovery on the same issue – is unreasonable.[4] The parties indicate that the disagreement on these requests centers on "whether paragraphs 84-89 of GSI's Second Amended Complaint remain in the case or not."[5] The answer to that question is a simple yes. Paragraphs 84-89 present simple factual allegations, not separate trade libel and

---

[2] *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 836 (2005).

[3] *See In Re Convergent Tech. Sec. Lit.*, 108 F.R.D. 328, 337 (N.D. Cal. 1985); *see also Stoncor Group, Inc. v. Campton*, Case No. 05-cv-1225-JLR, 2006 WL 314336, *1-2 (W.D. Wash. 2006).

[4] *See Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, Case No. 1:12-cv-0296, 2013 WL 501735, at *3 (N.D. Ind. Feb. 8, 2013).

[5] *See* Docket No. 261 at 1.

2
Case No. 5:13-cv-01081-PSG
ORDER RE: DISCOVERY MOTIONS

defamation causes of action.[6] The allegations may not end up being relevant to the final adjudication, or supported by the evidence, but they remain in the case to support the UCL, misappropriation of trade secrets and intentional interference with prospective economic advantage claims.[7] By September 12, 2014, ISSI shall respond to Interrogatory 14 and RFP 36.

Finally, the court is persuaded that the documents surrounding Pat Lasserre may be reasonably likely to lead to the discovery of admissible evidence.[8] On those grounds, GSI is to produce any such documents in its care, custody or control by no later than September 12, 2014. However, the third-party subpoena served on Lasserre himself is overbroad on its face, and as such, ISSI's motion to compel compliance with that subpoena is denied.[9]

**IT IS SO ORDERED.**

Dated: August 6, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[6] *See* Docket No. 197 at 19-20.

[7] *See id.* at ¶¶ 170, 182, 214, 238 (incorporating ¶¶ 84-89 by reference in support of UCL, misappropriation of trade secrets and intentional interference with prospective economic advantage claims).

[8] *See* Fed. R. Civ. P. 26.

[9] *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) (affirming denial of a motion to compel compliance with a third-party subpoena where subpoena was overbroad).