1   JEFFREY M. SHOHET (Cal. Bar No. 067529)
    jeffrey.shohet@dlapiper.com
2   BROOKE KILLIAN KIM (Cal. Bar No. 239298)
    brooke.kim@dlapiper.com
3   KELLIN CHATFIELD (Cal. Bar No. 288389)
    kellin.chatfield@dlapiper.com
4   **DLA PIPER LLP (US)**
    401 B Street, Suite 1700
5   San Diego, CA  92101-4297
    Tel:  619.699.2700
6   Fax:  619.699.2701

7   RAJIV DHARNIDHARKA (Cal. Bar No. 234756)
    rajiv.dharnidharka@dlapiper.com
8   **DLA PIPER LLP (US)**
    2000 University Avenue
9   East Palo Alto, CA  94303-2214
    Tel:  650.833.2000
10  Fax:  650.833.2001

11  Attorneys for Plaintiff and Counter-Defendant
    GSI Technology, Inc.

12

13                  UNITED STATES DISTRICT COURT

14      NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

15

16  GSI TECHNOLOGY, INC., a Delaware        CASE NO.  13-CV-1081-PSG
    Corporation,
17                                          **DECLARATION OF RAJIV**
            Plaintiff and Counter-Defendant,  **DHARNIDHARKA IN SUPPORT OF**
18                                          **PLAINTIFF'S OPPOSITION TO MOTION**
            v.                              **FOR SUMMARY JUDGMENT OF**
19                                          **DEFENDANT UNITED MEMORIES, INC.**
    UNITED MEMORIES, INC., a Colorado
20  Corporation, and INTEGRATED             Complaint:     Filed March 8, 2013
    SILICON SOLUTION, INC., a Delaware
21  Corporation,                            Courtroom:     5
                                            Judge:         Hon. Paul S. Grewal
22          Defendants and Counter-Claimants.

23

24

25

26

27

28

I, Rajiv Dharnidharka, declare as follows:

1.      I am an attorney at the law firm DLA Piper LLP (US) and counsel of record for Plaintiff GSI Technology, Inc. ("GSI") in the above-captioned action.  I am a member in good standing of the State Bar of California and have been admitted to practice law before this Court.  I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, could and would testify competently to such facts under oath.

2.      I submit this declaration in support of GSI's Opposition to Motion for Summary Judgment of Defendant United Memories, Inc. ("UMI")

3.      The deadline in this matter to complete fact discovery is April 24, 2015.  Significant portions of discovery have not been completed.  In particular, GSI's discovery has been delayed because GSI received the database at issue in the case only a few months ago, and its expert's review of the database was delayed due to the passing away of the expert's wife.

4.      GSI has communicated to Defendants that (1) its expert is in the process of analyzing the assets UMI transferred to ISSI (*i.e.* the Atris database) and comparing them to the 576 Mb trade secrets; (2) the results of this analysis will likely lead to GSI narrowing its trade secret claim; and (3) GSI expects that this analysis will be completed by mid- to late January.  GSI believes portions of this motion could be mooted by GSI's analysis and revised disclosure.  Attached as Exhibit 1 to this declaration is a true and correct copy of my December 16, 2014 email to UMI's counsel, Constance Ramos, in which I inform her that GSI's expert is reviewing the databases and the result of his work could translate to GSI narrowing the scope of its trade secret claims.

5.      GSI intends to take discovery on the following issues that are potentially relevant to this motion:

      a.      Bob Gower's understanding of the term "deliverable" at the time he executed the contract (Mr. Gower is the former President and CEO of UMI and a third party to this litigation);

      b.      Expert discovery on trade usage of the term "deliverable";

      c.      Expert discovery on trade practice with respect to assignation of

1    intellectual property rights in a design contract;

2             d.      Expert discovery regarding whether the 576 Trade Secrets are similar to the

3    examples of deliverables and intellectual property associated with the Product which are

4    identified in the Agreement;

5             e.      Admissions concerning UMI's contentions with respect to specific

6    schematic and layout files as to whether they are deliverables under the Agreement; and

7             f.      UMI's practice and custom for designating work product prepared for

8    others as "confidential."

9        6.      GSI intends to propound additional discovery on UMI relating to many of the

10   topics mentioned in Paragraph 5 of this declaration.

11       7.      Likewise, GSI propounded a first set of interrogatories on UMI over the summer

12   of 2014 to which UMI has still not properly responded.  GSI has attempted to meet and confer,

13   but UMI still has not provided adequate supplemental responses to the interrogatories.  Attached

14   as Exhibit 2 to this declaration is a true and correct copy of GSI's November 26, 2014 letter to

15   UMI related to UMI's responses to GSI's first set of interrogatories.  Attached as Exhibit 3 to this

16   declaration is a true and correct copy of UMI's January 7, 2015 correspondence to GSI

17   responding to GSI's November 26, 2014 letter.

18       8.      This discovery includes interrogatories that, among other things, ask UMI to

19   describe the steps it took to protect the confidentiality of the deliverables (Interrogatory No. 1)

20   and which of its patents (and patent claims) contain IP included in the deliverables (Interrogatory

21   Nos. 12 and 13).

22       9.      Discovery on these issues, along with completion of the analysis GSI's expert is

23   presently conducting, is necessary to fully oppose UMI's motion.

24           I declare under penalty of perjury under the laws of the United States of America that the

25   foregoing is true and correct.

26   Date: January 13, 2015

27                                                RAJIV DHARNIDHARKA

28