# EXHIBIT 2



DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, California  92101-4297
www.dlapiper.com

Jeffrey M. Shohet
jeffrey.shohet@dlapiper.com
T   619.699.2743
F   619.764.6743

November 26, 2014
*Via Email*

Our File No. 351479-000014

Constance F. Ramos, Ph.D.
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111

**Re:**     ***GSI v. UMI, et al.***

Dear Connie:

I write to address UMI's responses to GSI's First Set of Interrogatories and Second Set of Interrogatories. UMI's responses fail to meet the requirements set forth in the Federal Rules of Civil Procedure.  Please address the deficiencies described below by supplementing UMI's responses.

Interrogatory No. 1

Interrogatory No.1 asks UMI to describe UMI's efforts to protect the confidentiality of any Work Product from the 576 Mb LLDRAM project.  UMI's response that "UMI protected the confidentiality of the Work Product (as that term has been defined by GSI), to the extent that any of it was identifiably confidential information, in accordance with the terms of the 576 Mb Agreement" merely states a legal conclusion while failing to provide any facts regarding UMI's actual efforts to protect confidentiality.  Stating that UMI protected confidentiality does not answer the question as to *how* UMI protected confidentiality and what specific steps UMI took to comply with the confidentiality terms of the 576 Mb Agreement.  Please supplement UMI's response.  To the extent UMI responds under FRCP 33(d), UMI must identify specific records within its production.

Interrogatory No. 2

Interrogatory No. 2 asks UMI to describe in detail all schematics, databases, layouts and designs UMI has developed for Atris or any other LLDRAM Project that incorporates or leverages any Work Product developed under the 576 Mb LLDRAM Project.  UMI responded that Atris is not a Low Latency DRAM (LLDRAM).  UMI further responded under FRCP 33(d) by producing documents it identified as schematics, databases, layouts and designs relating to UMI's work on LLDRAM.  Please confirm that the documents in Exhibit A to UMI's Supplemental Responses to GSI's First Set of Interrogatories include the full identification of UMI's work product on any LLDRAM chip or Atris.  If UMI has worked on additional LLDRAM projects, it must identify those projects and supplement its responses.

Interrogatory No. 3

Interrogatory No. 3 asks UMI to describe in detail all communications UMI made to any actual or potential competitor of GSI, including ISSI, concerning UMI's experience designing any LLDRAM Product,



November 26, 2014
Page Two

including Atris, since March 20, 2009. UMI responded that "Atris is not a 'Low Latency DRAM (LLDRAM) Product,' as that term is defined in the 576 Mb Agreement [and] UMI does not know who GSI's competitors are or may be in the future."  UMI further responded that to the extent Interrogatory No. 3 seeks communications between UMI and ISSI regarding Atris, such information may be determined by examining UMI's business records. UMI did not, however, identify specific records as it is required to do when responding under FRCP 33(d).  Regardless of whether UMI concedes that Atris is an LLDRAM product, UMI is obligated to respond to GSI's interrogatory.  Please supplement UMI's response.

Interrogatory No. 4

Interrogatory No. 4 asks UMI to describe in detail all communications UMI had with Cisco on or around July 21, 2009 concerning GSI and/or any LLDRAM Product, including Atris, and any subsequent communications relating thereto.  UMI responded pursuant to FRCP 33(d).  This is insufficient.  This response does not address oral communications between UMI and Cisco.  Please supplement UMI's responses accordingly.

Interrogatory No. 5

Interrogatory No. 5 asks UMI to describe in detail all agreements (written and oral) between UMI and ISSI and/or ProMOS Technologies, Inc. relating to any LLDRAM Product, including Atris, and/or the market for any LLDRAM Product.  UMI responded pursuant to FRCP 33(d).  Please confirm that Exhibit C to UMI's Supplemental Responses to GSI's First Set of Interrogatories includes all agreements between UMI and ISSI and/or ProMOS Technologies, Inc. relating to any LLDRAM Product, including Atris, and/or the market for any LLDRAM Product and that no other agreements, oral, written or draft, exist.

Interrogatory No. 6

Interrogatory No. 6 asks UMI to describe in detail the negotiation process, purpose, drafting process, execution, and/or performance of the November 29, 2012 Draft Memorandum of Understanding between UMI and ISSI.  UMI responded pursuant to FRCP 33(d).  This is insufficient.  This response does not address oral negotiations with ISSI concerning the MOU, or internal UMI conversations concerning the MOU.  UMI's failure to provide the detail of these negotiations and communications is therefore deficient.  Please provide, as requested, detailed descriptions of the negotiation, purpose, process, execution, and/or performance of the MOU.

Interrogatory No. 7

Interrogatory No. 7 asks UMI to describe in detail the negotiation process, purpose, drafting process, execution, and/or performance of the February 1, 2013 Asset Transfer Agreement and the February 1, 2013 Services Agreement between UMI and ISSI.  UMI responded pursuant to FRCP 33(d) without



November 26, 2014
Page Three

providing a narrative response.  This is also insufficient.  For instance, document UMI_0013547 demonstrates that UMI and ISSI engaged in oral negotiations.  UMI's failure to provide the detail of these negotiations is therefore deficient.  Please provide, as requested, detailed descriptions of the negotiation, purpose, process, execution, and/or performance of the Asset Transfer Agreement.

Interrogatory No. 8

Interrogatory No. 8 asks UMI to describe in detail all work and services provided by any UMI employee, including without limitation, Jon Faue and Hugh McNeillie, to ISSI in connection with any LLDRAM Product, including Atris, since March 20, 2009.  UMI responded pursuant to FRCP 33(d).  The documents cited, however, do not provide sufficient detail.  They do not explain, for instance, exactly what services, or modifications to the Atris database Mr. Faue or Mr. McNeillie made.  Nor do they explain what information Mr. Faue provided to ISSI during design review meetings or telephonic meetings.  Please supplement UMI's responses accordingly.

Interrogatory No. 9

Interrogatory No. 9 asks UMI to describe in detail all meetings between representatives of Cisco, UMI, and/or ISSI concerning Atris, which were held at UMI's offices or in which any UMI employee took part.  UMI responded pursuant to FRCP 33(d).  These documents, however, are insufficient to describe with *detail* all meetings which took place at UMI's offices, or in which a UMI employee took place.  Specifically, it is not entirely clear from the documents how many meetings occurred, when the meetings took place, who attended, what was discussed, or whether additional telephone calls took place to follow-up from the meetings.  We request that you provide this information immediately.

Interrogatory No. 11

Interrogatory No. 11 asks UMI to describe UMI's communications with ISSI relating to any non-compete agreement between UMI and GSI.  UMI initially responded under FRCP 33(d) by identifying UMI's entire document production to date, but later supplemented its response to state that after this lawsuit was filed, UMI sent ISSI a copy of the publicly available complaint.  UMI identifies no other communications.  Is it UMI's contention that UMI's only communication with ISSI relating to a non-compete agreement between UMI and GSI was to forward the complaint in this action after it was filed?  Please confirm.  To the extent this is not UMI's contention, please supplement UMI's response.  If UMI responds regarding other communications under FRCP 33(d), please identify the records of these communications within UMI's production.



November 26, 2014
Page Four

Interrogatory No. 12

Interrogatory No. 12 asks UMI to describe in detail all facts supporting its contention that the assets UMI transferred to ISSI pursuant to the February 1, 2013 Asset Transfer Agreement did not include any Work Product from the 576 Mb LLDRAM Project.  UMI's response identifies a number of patents.   To the extent UMI claims such patents are relevant to UMI's response to show that the assets UMI transferred to ISSI did not include any Work Product from the 576 Mb project, UMI must describe with particularity which claims in each patent demonstrate that the Atris database does not include Work Product from the 576 Mb Project.  Please supplement UMI's response.

Interrogatory No. 13

Interrogatory No. 13 asks UMI to describe in detail all facts supporting its contention that its work on Atris did not involve any Work Product from the 576 Mb LLDRAM Project.  UMI's response identifies a number of patents.   To the extent UMI claims such patents are relevant to UMI's response to show that UMI's work on Atris did not involve any Work Product from the 576 Mb project, UMI must describe with particularity which claims in each patent demonstrate that UMI did not use any Work Product to develop Atris.  Please supplement UMI's response.

Interrogatory Nos. 14-20

Finally, regarding GSI's Second Set of Interrogatories (Nos. 14-20), UMI objected to Interrogatory No. 14 as containing 21 separate interrogatories.  UMI then refused to respond to the remainder of GSI's interrogatories on the ground that GSI had already exceeded the number of interrogatories permitted under the FRCP.  GSI proposes that GSI withdraw Interrogatory No. 14, and UMI respond to the remaining interrogatories in set two (Nos. 15-20).

I look forward to your prompt response.

Very truly yours,

**DLA Piper LLP (US)**

Jeffrey M. Shohet

JMS:klp
WEST\252104594.1