# EXHIBIT 3



101 California Street
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**CONSTANCE F. RAMOS**, Ph.D.
Partner
415-591-1405
cframos@winston.com

January 7, 2015

Mr. Jeffrey Shohet
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297

**Via Email to gsi@dlapiper.com**

Re:   GSI Technology, Inc. v. United Memories, Inc. et al., *Case No. 13-cv-1081-PSG*
      **Interrogatory Responses**

Dear Jeff:

We write in further response to your letter of November 26, 2014, concerning UMI's responses to GSI's interrogatories. UMI's counsel has attempted (by letter of December 30, 2014 and by telephonic meet and confer on January 5, 2015) to obtain clarification of GSI's confusing demands and assertions contained in your November 26 letter. GSI's counsel (Mr. Dharnidharka) has refused to provide any, demanding instead the present letter.

**Interrogatory No. 1**  As stated previously and explained extensively on the January 5 meet and confer, GSI's rejection of UMI's answer to this interrogatory is incomprehensible. The assertion in your letter that UMI's answer "merely states a legal conclusion while failing to provide any facts regarding UMI's actual efforts to protect confidentiality" is inaccurate. We have asked repeatedly for GSI's counsel to explain what GSI considers to be deficient in UMI's answer, but GSI's counsel (Mr. Dharnidharka) has refused. (While Ms. Jackson suggested that UMI summarize the content of the declaration testimony cited in UMI's answer, we note that this has already been done – *see* UMI's Supplemental Answers to GSI Rog No. 1, served September 19, 2014). UMI believes its answer is complete, but will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory No. 2**  Your letter asks UMI to "confirm that the documents in Exhibit A to UMI's Supplemental Responses to GSI's First Set of Interrogatories include the full identification of UMI's work product on any LLDRAM chip or Atris." First, we note that the information you are asking us to "confirm" is well beyond what the interrogatory requests. Second (and as was discussed at the January 5 meet and confer), GSI's counsel limited the definition of "Work Product" to "the deliverables under the



January 7, 2015
Page 2

GSI-UMI Agreement," in connection with a meet and confer on these interrogatories last summer – *see* July 11, 2014 letter from Chatfield to Ramos. (GSI's counsel, Mr. Dharnidharka, is apparently unwilling to honor the understandings reached between counsel at the July meet and confer, memorialized in Ms. Chatfield's letter.) UMI believes its answer is complete, but will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory No. 3**  Aside from ISSI, GSI has failed to identify its alleged "competitors" of interest in propounding this interrogatory, despite Ms. Chatfield's agreement to do so.  UMI will supplement its response to this interrogatory, if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections, by identifying relevant and responsive communications with ISSI since March 20, 2009. (Please note, however, that many such communications overlap with and have already been identified in UMI's responses to at least GSI ROG Nos. 4, 5, 6, 7, 8, 9 and 11.)

**Interrogatory No. 4**  UMI believes its answer is complete, but will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory No. 5**  UMI believes its answer is complete, but will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory No. 6**  GSI asserts that UMI's answer to this interrogatory is "insufficient" because it "does not address oral negotiations with ISSI concerning the MOU, or internal UMI conversations concerning the MOU."  We fail to understand this complaint.  UMI believes its answer is complete, but will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory No.** 7  GSI complains that "UMI responded [to this interrogatory] pursuant to FRCP 33(d) without providing a narrative response.  This is also insufficient."  UMI is unaware of any rule that requires a narrative response to an interrogatory, particularly when FRCP 33(d) expressly states:

> *(d) Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:*
>
> *(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and*
>
> *(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.*


January 7, 2015
Page 3

UMI's responsive documents were identified by Bates number more than two months before GSI's November 26 letter complaining about the "sufficiency" of UMI's response.  UMI fails to understand GSI's complaint, particularly since GSI itself heavily relies upon FRCP 33(d) to provide purported "responses" to UMI's interrogatories.  UMI believes its answer is complete, but will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory Nos. 8-9**  GSI again complains that UMI's responses to these interrogatories pursuant to FRCP 33(d) are not sufficiently detailed.  With respect to ROG No. 8, UMI will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.  With respect to ROG No. 9, UMI believes its answer is completely contained in the documents identified under FRCP 33(d), and is unaware of any additional source for obtaining the information GSI specifically enumerates in your letter (i.e., "how many meetings occurred, when the meetings took place, who attended, what was discussed, or whether additional telephone calls took place to follow-up from the meetings.")  The burden of distilling this information from the documents identified is substantially the same for GSI as for UMI, and so UMI's reliance on FRCP 33(d) is justified and proper.  Nonetheless, although UMI believes its answer is complete, it will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory No. 11**  UMI believes its answer is complete, but will supplement its response to this interrogatory if and when warranted in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory No. 12**  GSI complains that "UMI must describe with particularity which claims in each patent demonstrate that the Atris database does not include Work Product from the 576 Mb Project."  This demand is unintelligible as posed.  Moreover, the patent disclosures speak for themselves, and UMI makes no present allegation that any patent claims *per se* "demonstrate that the Atris database does not include Work Product from the 576 Mb Project."  Discovery is ongoing, including expert discovery, and UMI will supplement its response to this interrogatory in accordance with its obligations under the Federal Rules, and subject to its stated objections.

**Interrogatory No. 13**  Here again, GSI complains that "UMI must describe with particularity which claims in each patent demonstrate that did not use any Work Product to develop Atris."  This demand is equally unintelligible as posed.  Moreover, the patent disclosures speak for themselves.  UMI makes no present allegation that any patent claims *per se* "demonstrate that UMI did not use any Work Product to develop Atris."  Discovery is ongoing, including expert discovery, and UMI will supplement its response to this interrogatory in accordance with its obligations under the Federal Rules, and subject to its stated objections.



January 7, 2015<br>Page 4

**Interrogatory Nos. 14-20**  UMI stands by its objections that these interrogatories are clearly compound, extensively exceeding the limit of 25.  GSI concedes that its ROG No. 14 is compound.  UMI believes it is entirely justified under the law provided in its answers to decline to answer interrogatories that exceed the 25-interrogatory limit ordered by the Court.  If GSI believes it has case law to the contrary, please provide it for UMI's consideration.

As we have repeatedly informed GSI's counsel, we are not adverse to a telephonic meet and confer to discuss GSI's ostensible dissatisfaction with UMI's individual interrogatory responses.  UMI is willing to consider any legitimate, alleged deficiencies that GSI can articulate.

***

Finally, UMI renews its objections to GSI's responses to UMI ROG Nos. 1-12, as extensively laid out in our October 24, 2014 letter.  At that time, UMI generously allowed GSI almost a month to supplement its answers.  On November 6, GSI's counsel stated that it would do so by November 21.  Instead, on November 18, GSI sent a letter stating that it would not supplement most of its responses.

On November 25, we repeated our request for supplementation.  On December 1, GSI stated that it would provide no supplemental answers to any of UMI's outstanding interrogatories aside from UMI ROG Nos. 1, 3 and 7.  GSI's supplemental answers served December 5, 2014, however, addressed only ROG Nos. 1 and 3 (incorrectly numbered UMI ROG Nos. 5 and 7, and incorrectly referring to a "second set" of UMI interrogatories).

GSI's December 5, 2014 supplemental answers to UMI ROG Nos. 1 and 3 remain inadequate for at least the following reasons:

a) **Response to UMI ROG No. 1** fails to describe any improper means—as that term is defined by the applicable trade secrets statute—by which UMI would have allegedly acquired GSI's alleged trade secrets.  To the extent GSI believes UMI violated the California and/or Colorado trade secrets statute by acquiring GSI's trade secrets through the use of "improper means" (as defined by statute), GSI is under an obligation to inform UMI of what it alleges those improper means were.

b) **Response to UMI ROG No. 3** fails to provide any theory of "misappropriation" (as that term is defined in the applicable trade secrets statute) by UMI of the 576 Mb Trade Secrets that UMI admittedly provided to GSI.  Misappropriation of trade secrets is defined by statute, and GSI's response provides no factual bases that support a misappropriation claim within that definition.  GSI's answer is furthermore contradicted by its admission in response to UMI ROG No. 7, wherein GSI concedes that it "used the 576 Mb Trade Secrets as a reference in its re-design of GSI's 576 Mb chip," which is publicly available and easily amendable to reverse engineering.



January 7, 2015<br/>
Page 5

**Please provide GSI's promised supplemental response to UMI ROG No. 7 without further delay.**
Would you please also let us know when you will be available for a meet and defer to discuss <u>all</u> of GSI's inadequate interrogatory responses to UMI ROG Nos. 1-12 at your earliest convenience.

Very truly yours,

*/s/ Constance F. Ramos*
Constance F. Ramos, Ph.D.

cc: ISSI via ISSI-GSR-WSGR@wsgr.com

SF:385684