| | |
|---|---|
| 1 | JEFFREY M. SHOHET (Cal. Bar No. 067529) |
| | jeffrey.shohet@dlapiper.com |
| 2 | BROOKE KILLIAN KIM (Cal. Bar No. 239298) |
| | brooke.kim@dlapiper.com |
| 3 | KELLIN M. CHATFIELD (Cal. Bar No. 288389) |
| | kellin.chatfield@dlapiper.com |
| 4 | **DLA PIPER LLP (US)** |
| | 401 B Street, Suite 1700 |
| 5 | San Diego, CA 92101-4297 |
| | Tel: 619.699.2700 |
| 6 | Fax: 619.699.2701 |
| 7 | RAJIV DHARNIDHARKA (Cal. Bar No. 234756) |
| | rajiv.dharnidharka@dlapiper.com |
| 8 | **DLA PIPER LLP (US)** |
| | 2000 University Avenue |
| 9 | East Palo Alto, CA 94303-2214 |
| | Tel: 650.833.2000 |
| 10 | Fax: 650.833.2001 |
| 11 | Attorneys for Plaintiff and Counter-Defendant |
| | GSI Technology, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., a Delaware Corporation, | CASE NO. Civ. Action No. 13-CV-1081-PSG |
| Plaintiff and Counter-Defendant, | **DECLARATION OF PAUL CHIANG IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT UNITED MEMORIES, INC.** |
| v. | |
| UNITED MEMORIES, INC., a Colorado Corporation, and INTEGRATED SILICON SOLUTION, INC., a Delaware Corporation, | Complaint: Filed March 8, 2013 |
| | Courtroom: 5 |
| Defendants and Counter-Claimants. | Judge: Hon. Paul S. Grewal |
| | Hearing Date: February 3, 2015 |
| | Hearing Time: 10:00 a.m. |

I, Paul Chiang, hereby declare as follows:

1. I am the Vice President of DRAM Design at GSI Technology, Inc. ("GSI"). I have been involved in the memory chip design industry for 34 years.

2. I submit this declaration in support of Plaintiff's Opposition to Motion for Summary Judgment of Defendant United Memories, Inc. ("UMI").

3. I make this declaration of my personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

4. GSI paid UMI to design a 576Mb low latency DRAM ("LLDRAM") chip. GSI hired me to manage the development of the chip, and specifically, to be a primary point of contact with UMI. I have 29 years of experience in DRAM design.

5. On December 18, 2008, UMI delivered to GSI a database pertaining to a 576Mb LLDRAM chip. This type of database is sometimes referred to as a "layout database" or a "tape out database."

6. At the time UMI delivered the database in December 2008, UMI and GSI had a good business relationship. UMI and GSI were working together collaboratively to develop the 576Mb chip. I worked with UMI employees, such as Jon Faue and Larry Aldrich, and I trusted them. I believed that, as GSI's business partner, UMI would look out for GSI's interests.

7. I reviewed the database delivered by UMI. The database contained a compilation of materials including, among other things, all circuit schematics, schematics simulation modeling and parasitics, LVS hierarchy, signal/circuit matrix, pad locations, fuse locations, and full simulation files for the 576Mb LLDRAM chip. The database also contained a library, portions of which are necessary to develop the chip.

8. UMI made changes to the database, and delivered updated versions on December 20, 2008 and again in January and June of 2009.

9. I have worked with several memory chip design firms. In my experience in the memory chip industry, the items a design firm generally must deliver at the completion of a project include, at least, the layout, the circuit schematics, the library, schematics simulation modeling, and documents for test functions.

10. Each is critical to the development of a memory chip. The compilation of these materials is often referred to as the "database."

11. UMI marked many, if not all, of the items in 576Mb chip database as "UMI Confidential." As the party developing the database and its components, UMI had the first opportunity to label the materials as "confidential."

12. It is common practice in the industry to label materials as "confidential" at the time they are initially developed. As long as they are marked "confidential," the actual words on the label are not significant to me.

13. In my management of this and similar projects, I generally assume that the contract between the parties governs who owns the materials developed by the design firm, not the label on the materials.

14. When I saw the components of the database were labelled "UMI confidential," I presumed it was UMI's standard practice to label all materials, whether developed for itself or another firm, as UMI confidential. I believed the contract between UMI and GSI, not the confidential label, governed which party owned the materials.

15. GSI restricts access to its confidential and proprietary information. Except for a limited number of high-level managers, the only employees who are able to access GSI's DRAM design documents (including those relating to the 576Mb and Atris chips) are members of the DRAM team. GSI has had about eight individuals on its DRAM team.

I declare under penalty of perjury that I have read the foregoing and that the same is true and correct. Executed on January 13, 2015.

_____
PAUL CHIANG