UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | | |
|---|---|---|---|
| GSI TECHNOLOGY, INC., | ) | Case No. 5:13-cv-01081-PSG | |
| Plaintiff, | ) ) | **OMNIBUS ORDER RE: DISCOVERY DISPUTES** | |
| v. | ) ) | | |
| UNITED MEMORIES, INC., et al., | ) ) | **(Re:  Docket Nos. 468, 469, 471, 473, 475, 478, 481)** | |
| Defendants. | ) ) | | |

After a lengthy hearing, before the court are seven remaining letter briefs on various discovery disputes between the parties. In the interest of resolving these disputes in a timely fashion, the court rules as follows:

| **Docket No.** | **Issue** | **Ruling** | **Reason/Explanation** |
|---|---|---|---|
| 468 | GSI's motion to compel its Request For Production No. 116: Joint defense agreement between UMI and ISSI | DENIED | GSI does not show substantial need for the joint defense agreement.[1] |
| 468 | GSI's motion for UMI to complete and clarify responses to Requests for | GRANTED | UMI must qualify what parts of the RFAs are admitted.  In particular, UMI must specify page numbers and |

---

[1] *See AMEC Civil, LLC v. DMJM Harris, Inc.*, Case No. 06-cv-064-FLW, 2008 WL 817059, at *4 (D.N.J. July 11, 2008) ("Generally, joint defense agreements are protected by work product privilege, and are therefore not discoverable without showing substantial need.") (citing *R.F.M.A.S. Inc. v. So*, Case No. 06-cv-13114-VM, 2008 U.S. Dist. LEXIS 14969, at *2 (S.D.N.Y. 2008)).

1

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE:  DISCOVERY DISPUTES

| | | | |
|---|---|---|---|
| | Admission Nos. 8-9, 20-30 | | Bates ranges where possible, and at least specify the rationale provided in its opposition to GSI's motion. |
| 469 | GSI's request for production of "complete" UMI and ISSI privilege logs | DENIED | GSI's challenge is not reasonable; mere speculation is not enough, and post-litigation communications and work-product are presumed privileged.[2] |
| 469 | GSI's request for production of documents withheld based on improper privilege claims by UMI and ISSI | DENIED | GSI does not show substantial need for the joint defense agreement.[3] |
| 469 | GSI's request for production of the Kim Hardee document by ISSI | GRANTED | UMI does not assert privilege over the documents anywhere in its papers. |
| 471 | ISSI's request for sufficient answers to its Requests For Admission Nos. 52-56 under 36(a)(4) and 36(a)(6) | DENIED | "A denial is a perfectly reasonable response."[4] |
| 473 | UMI's request for GSI to supplement its deficient responses to all 124 of UMI's Requests for Admission | GRANTED-IN-PART | GSI shall admit or deny each request for admission. To the extent GSI admits only in-part, GSI shall identify what it admits to under Fed. R. Civ. P. 36(a)(4). UMI's request that denials based on objections should be deemed admitted is DENIED. |
| 475 | UMI's motion to compel GSI to provide a prepared 30(b)(6) witness and Paul Chiang for deposition | GRANTED | The March 20, 2015 order explicitly extended the deadline for both UMI's 30(b)(6) deposition and UMI's deposition of Chiang. As addressed at the hearing, the deadline for these depositions is July 24, 2015. |

---

[2] *See Ryan Inv. Corp. v. Pedregal De Cabo San Lucas*, Case No. 06-cv-3219, 2009 U.S. Dist. LEXIS 118337, at *9 (N.D. Cal. Dec. 18, 2009) ([C]ounsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log. . . . Plaintiff's motion to compel is therefore denied to the extent it seeks to require a log of postlitigation counsel communications and work product.").

[3] *See AMEC Civil, LLC*, 2008 WL 817059, at *4.

[4] *K.C.R. v. Cnty. of Los Angeles*, Case No. 13-cv-3806-SSX, 2014 WL 3433772, at *3 (C.D. Cal. July 14, 2014).

2

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: DISCOVERY DISPUTES

| 478 | GSI's motion to compel ISSI's written discovery: Interrogatory No. 25 | DENIED | GSI does not show substantial need for the joint defense agreement.[5] |
|---|---|---|---|
| 478 | GSI's motion to compel ISSI's written discovery: Requests for Admission | DENIED | "A denial is a perfectly reasonable response."[6] |
| 478 | GSI's motion to compel ISSI's written discovery: Interrogatory No. 13 and Requests for Production Nos. 68, 69 | GRANTED | ISSI's responses were deficient and not reciprocal to its discovery requests from GSI. |
| 481 | ISSI's Rule 37 motion for sanctions (UMI joined) | DENIED | Even though Defendants have shown that GSI's search efforts were unreasonable, Defendants fail to show any legitimate prejudice from the untimely production of the disputed documents. The court has made no conclusive findings about the survival of the non-compete—only a preliminary determination. Defendants can still rely upon the documents in pursuing summary judgment. |

Except as stated otherwise above, the parties shall produce all discovery ordered by June 19, 2015.

**SO ORDERED.**

Dated:  June 11, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[5] *See AMEC Civil, LLC*, 2008 WL 817059, at *4.

[6] *K.C.R*, 2014 WL 3433772, at *3.