UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., | Case No.: 5:13-cv-01081-PSG |
| Plaintiff, | **OMNIBUS ORDER RE: MOTIONS TO SEAL** |
| v. | |
| UNITED MEMORIES, INC., et al., | **(Re: Docket Nos. 464, 471, 476, 479, 484, 486, 487, 490, 492, 504)** |
| Defendants. | |

Before the court are 10 administrative motions to seal 33 documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

1

Case No.: 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS TO SEAL

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and

---

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

1  must conform with Civil L.R. 79-5(d)."[12]  "Within 4 days of the filing of the Administrative
2  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
3  79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]
4  With these standards in mind, the court rules on the instant motions as follows:

| Motion | Document to be Sealed | Result | Reason/Explanation |
| --- | --- | --- | --- |
| Docket No. 464-3 | Exhibit A to UMI's Opposition to GSI's Motion for Sanctions | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 471-4 | ISSI's Motion to Compel on Requests for Admission | Page 3 SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 471-6 | Exhibit A to ISSI's Motion to Compel on Requests for Admission | Exhibit A at 4:5-8; 4:10-12 SEALED.[14] | Narrowly tailored to confidential business information. |
| Docket No. 471-8 | Exhibit B to ISSI's Motion to Compel on Requests for Admission | Exhibit B at 5:25-28; 6:2-7; 6:9-11; 6:13-18 SEALED.[15] | Narrowly tailored to confidential business information. |
| Docket No. 471-10 | Exhibit C to ISSI's Motion to Compel on Requests for Admission | SEALED. | Narrowly tailored to confidential business information. |

---

[12] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(B), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(D).

[13] Civ. L.R. 79-5(e)(1).

[14] The unredacted version of the document does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version" as required by Civ. L.R. 79-5(d)(1)(D).  The court nevertheless considers the motion in the interest of judicial economy.  GSI's declaration in support of ISSI's motion to seal does not reference Exhibit A, portions of which ISSI seeks to seal on GSI's behalf.  *See* Docket No. 493.  Also in the interest of judicial economy, the court grants this motion because GSI's declaration supports sealing portions of Exhibit B that are identical to the portions of Exhibit A which ISSI seeks to seal.  *See id.*

[15] The unredacted version of the document does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version" as required by Civ. L.R. 79-5(d)(1)(D).  The court nevertheless considers the motion in the interest of judicial economy.

3

Case No.: 5:13-cv-01081-PSG
OMNIBUS ORDER RE:  MOTIONS TO SEAL

| | | | |
|---|---|---|---|
| Docket No. 476-6 | Exhibit B to ISSI's Motion to Strike "Non-Trade Secret" Schematic Claim | UNSEALED. | Not narrowly tailored to confidential business information; and unredacted version does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version" as required by Civ. L.R. 79-5(d)(1)(D). |
| Docket No. 479-3 | ISSI's Rule 37(b) Motion | UNSEALED. | Not narrowly tailored to confidential business information; and unredacted version does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version" as required by Civ. L.R. 79-5(d)(1)(D). |
| Docket No. 479-5 | Exhibit C to ISSI's Rule 37(b) Motion | SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 479-7 | Exhibit D to ISSI's Rule 37(b) Motion | SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 479-9 | Exhibit E to ISSI's Rule 37(b) Motion | SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 479-11 | Exhibit G to ISSI's Rule 37(b) Motion | UNSEALED. | Not narrowly tailored to confidential business information or unsealed portions contain information requested to be sealed elsewhere; unredacted version does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version" as required by Civ. L.R. 79-5(d)(1)(D). |

| Docket No. 484-2 | Exhibit A to UMI's Motion to Compel GSI to Supplement its Privilege Log | UNSEALED. | Not narrowly tailored to confidential business information and unsealed portions contain information requested to be sealed elsewhere. |
| --- | --- | --- | --- |
| Docket No. 487-2 | UMI's Motion to Compel GSI's Production of Agreements | Designations highlighted in yellow SEALED. | Sealed portions narrowly tailored to confidential business information sealed. |
| Docket No. 487-3 | Exhibit A to UMI's Motion to Compel GSI's Production of Agreements | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 490-3 | Exhibit A to UMI's Motion to Compel GSI to Supplement its Responses to UMI's Interrogatories | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 490-5 | Exhibit B to UMI's Motion to Compel GSI to Supplement its Responses to UMI's Interrogatories | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 490-7 | Exhibit C to UMI's Motion to Compel GSI to Supplement its Responses to UMI's Interrogatories | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 490-9 | Exhibit D to UMI's Motion to Compel GSI to Supplement its Responses to UMI's Interrogatories | SEALED. | Narrowly tailored to confidential business information. |

| Docket No. 492-4 | ISSI's Opposition to GSI's Motion to Compel ISSI Written Discovery | UNSEALED.[16] | Not narrowly tailored to confidential business information or unsealed portions contain information requested to be sealed elsewhere; unredacted version does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version" as required by Civ. L.R. 79-5(d)(1)(D). |
|---|---|---|---|
| Docket No. 504-4 | Exhibit E to GSI's Motion to Compel Production of a Privilege Log | UNSEALED.[17] | ISSI does not request that any portion be filed under seal (*see* Docket No. 499). UMI filed no declaration in support. |
| Docket No. 504-6 | Exhibit 1 to GSI's Motion to Compel UMI to Produce a Witness for Deposition Regarding Supplemental Interrogatory Responses | Designations highlighted in yellow SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 504-8 | Exhibit 2 to GSI's Motion to Compel UMI to Produce a Witness for Deposition Regarding Supplemental Interrogatory Responses | Designations highlighted in yellow SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 504-10 | GSI's Motion to Compel ISSI to Respond to Written Discovery and Requests for Production | Designations highlighted in blue SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 504-12 | Exhibit B to GSI's Motion to Compel ISSI to Respond to Written Discovery and Requests for Production | Exhibit B at 5:27-6:3; 7:3-8:5 SEALED.[18] | Only sealed portions narrowly tailored to confidential business information. |

---

[16] GSI did not file a supporting declaration per Civ. L.R. 79-5(e).

[17] For all documents sought to be sealed at Docket No. 504, ISSI filed its declaration (Docket No. 499) in support of GSI's original motion to seal (Docket No. 486) more than four days after GSI served the motion, violating Civ. L.R. 79-5(e)(1). However, the court considers ISSI's declaration because GSI later revised its motion to seal. *See* Docket No. 504.

[18] The unredacted version of the document does not "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version" as

| | | | |
|---|---|---|---|
| Docket No. 504-14 | GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | Page 3: "Ex. F at 371:14-378:9" through "See Ex. M at 293:1-294:23" SEALED. | Only sealed portions narrowly tailored to confidential business information. |
| Docket No. 504-15 | Exhibit B to GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | UNSEALED. | ISSI does not request that any portion be filed under seal (*see* Docket No. 499). UMI filed no declaration in support. |
| Docket No. 504-17 | Exhibit F to GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 504-18 | Exhibit G to GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | SEALED. | Narrowly tailored to confidential business information. |
| Docket No. 504-19 | Exhibit H to GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 504-21 | Exhibit I to GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 504-23 | Exhibit J to GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | UNSEALED. | Not narrowly tailored to confidential business information. |
| Docket No. 504-25 | Exhibit M to GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | 293:1-5; 293:17 UNSEALED. Remaining designations highlighted in yellow SEALED. | Only sealed portions narrowly tailored to confidential business information. |
| Docket No. 504-27 | Exhibit N to GSI's Letter Brief Seeking Order to Compel ISSI to Produce 30(b)(6) Witness | Designations highlighted in yellow SEALED. | Sealed portions narrowly tailored to confidential business information sealed. |

required by Civ. L.R. 79-5(d)(1)(D). The court nevertheless considers the motion in the interest of judicial economy. The portions of the document ordered sealed are the portions that ISSI seeks to seal. It is unclear exactly what GSI seeks to seal. Both GSI's motion (Docket No. 504) and John Senechal's declaration thereto (Docket No. 504-1) refer to redacted portions on page 12 of the exhibit. Exhibit B contains highlighted designations at 5:7-8:7, but there are no redactions on page 12 or references to page 12 in GSI's proposed order.

**SO ORDERED.**

Dated: June 23, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge