UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., ) | Case No. 5:13-cv-01081-PSG |
| ) | |
| Plaintiff, ) | **ORDER DENYING GSI'S MOTION FOR LEAVE AND TO AMEND, UMI'S MOTION FOR LEAVE OR CLARIFICATION AND UMI'S MOTION FOR EMERGENCY RELIEF AND PROTECTIVE ORDER** |
| v. ) | |
| ) | |
| UNITED MEMORIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | **(Re: Docket Nos. 554, 619, 705)** |

Plaintiff GSI Technology, Inc. moves for leave to file a third amended complaint and to amend the case management order based on a recently produced document. The document in question is a marked-up copy of a 2013 letter from GSI to Defendant United Memories Inc. with two attachments: the 2008 contract between GSI and UMI and UMI's 2009 letter terminating that contract. The markings are those of former UMI employee Kim Hardee, which suggest that not only did Hardee know of a live non-compete agreement when he jumped to Defendant Integrated Silicon Solutions, Inc., but so did ISSI. The proposed third amended complaint includes intentional interference with contract claims previously dismissed.

Because GSI did not diligently pursue this issue, and both ISSI and UMI would suffer undue prejudice from any amendment of the schedule at this late date, the court DENIES GSI's

1

Case No. 5:13-cv-01081-PSG
ORDER DENYING GSI'S MOTION FOR LEAVE AND TO AMEND, UMI'S MOTION FOR LEAVE OR CLARIFICATION AND UMI'S MOTION FOR EMERGENCY RELIEF AND PROTECTIVE ORDER

motion. The court also DENIES UMI's separate motion for leave to file a motion for reconsideration of the court's order denying UMI's motion for summary judgment, or clarification, as well as UMI's motion for emergency relief and protective order.

## I.

Pursuant to Fed. R. Civ. P. 15, a party may seek leave of the court to amend its pleading at any time.[1] "The court should freely give leave when justice so requires."[2] Leave to amend should be granted unless the opposing party makes a showing of "strong evidence" of undue prejudice, bad faith or dilatory motive on the part of the moving party.[3] But the burden shifts when a party seeks leave to amend after a deadline specified by the operative scheduling order.[4] "[W]here the court has already entered a scheduling order and amendment of the pleadings requires that the court modify its schedule . . . a party must meet the more stringent requirement of Rule 16(b), which requires a showing of good cause" for the amendment.[5]

GSI and UMI entered into a contract containing a non-compete agreement and a confidentiality clause on May 1, 2008.[6] Among other things, the contract states that "[t]he

---

[1] *See* Fed. R. Civ. P. 15(a)(2).

[2] *Id.*; *see also Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (holding federal policy favors the determination of cases on their merits and granting leave to amend with "extreme liberality.").

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sonoma County Ass'n of Retired Employees*, 708 F.3d at 1117; *see also Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").

[4] *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-08 (9th Cir. 1992).

[5] *Id.*; *ExperExchange, Inc. v. Doculex, Inc.*, Case No. 08-cv-03875-JCS, 2009 U.S. Dist. LEXIS 112411, at *83 (N.D. Cal. Nov. 16, 2009) (citing *Johnson*, 975 F.2d at 608).

[6] *See* Docket No. 1, Ex. A at § III.6.

existence and terms of this Agreement are GSI's Confidential Information."[7] The parties dispute whether the non-compete provision expired five years after the commencement of the contract or, rather, upon termination of the contract.[8]

Just over a year after the parties signed their contract, UMI sent GSI a letter terminating it. GSI never responded.[9] On December 3, 2012, Cisco Systems selected ISSI over GSI as a second supplier for "Atris" memory chips.[10] On January 14, 2013, GSI sent a letter to UMI seeking confirmation that UMI was in compliance with the non-compete and confidentiality terms of their May 2008 agreement.[11] The letter contained the 2008 contract, UMI's 2009 termination letter and a reminder to UMI that it had "agreed to keep all of GSI's confidential information strictly confidential, and not use or disclose GSI's confidential information."[12] Upon receipt, Hardee apparently read the letter and discussed it with his UMI colleagues.[13] About a week later, Hardee signed an offer letter from ISSI. He started work at ISSI a week after that.[14]

GSI sued UMI in March 2013.[15] In a deposition on May 22, 2013, UMI employee Fred Jones testified that sometime in early 2013, Hardee had showed him the May 2008 agreement.[16]

---

[7] Docket No. 1, Ex. A at § X.12 (capitalized terms in original).

[8] *See* Docket No. 561 at 12-13; Docket No. 481 at 8-10; Docket No. 674-6, Ex. Z at 51:20-52:16.

[9] *See* Docket No. 674-4, Ex. Y at 99:3-24.

[10] *See* Docket No. 227 at 14.

[11] *See* Docket No. 1, Ex. C.

[12] Docket No. 618-5, Ex. A at 2.

[13] *See* Docket No. 674-8, Ex. AA at 219:23-220:15.

[14] *See* Docket No. 674-14, Ex. 1, at ISSI_0172752; Docket No. 674-16, Ex. 2, at ISSI_0474930.

[15] *See* Docket No. 1.

[16] *See* Docket No. 674-10, Ex. BB at 93:16-95:4.

3
Case No. 5:13-cv-01081-PSG
ORDER DENYING GSI'S MOTION FOR LEAVE AND TO AMEND, UMI'S MOTION FOR LEAVE OR CLARIFICATION AND UMI'S MOTION FOR EMERGENCY RELIEF AND PROTECTIVE ORDER

In April 2014, Defendants prevailed on their motion to dismiss GSI's claim of intentional interference with contract against ISSI on the grounds that GSI lacked support for its allegation that ISSI had actual knowledge that UMI was bound by a non-compete obligation.[17] The court granted GSI leave to re-plead by May 17, 2014,[18] but GSI did not pursue it. On June 3, 2014, the parties submitted a joint report agreeing that "any motion for leave to amend shall be filed at least 90 days before the deadline to complete fact discovery."[19] The court then set an August 12, 2014 deadline to amend pleadings any further.[20] Already on its second amended complaint,[21] GSI did not try to amend again until now, many months after the deadline. Trial is set to begin in October.

During fact discovery, GSI served multiple requests for production and interrogatories relating to ISSI's knowledge of the non-compete.[22] In responding, and with GSI's full knowledge, ISSI did not search for non-ISSI documents from employees' homes.[23] ISSI did so with the understanding that if GSI wanted such documents, it could serve a Rule 45 subpoena on the employee at any time.[24] GSI did not serve any Rule 45 subpoena for such documents or notice Hardee for deposition until April 2015.[25] When Hardee and ISSI discovered the Hardee document

---

[17] *See* Docket No. 227 at 14.

[18] *See id.* at 17.

[19] Docket No. 236 at 9.

[20] *See* Docket No. 239.

[21] *See* Docket Nos. 1, 159, 196.

[22] *See* Docket No. 618-15, Ex. N.

[23] *See* Docket No. 674-8, Ex EE.

[24] *See* Docket No. 673 at 13.

[25] *See* Docket No. 673-7, Ex. DD.

4
Case No. 5:13-cv-01081-PSG
ORDER DENYING GSI'S MOTION FOR LEAVE AND TO AMEND, UMI'S MOTION FOR LEAVE OR CLARIFICATION AND UMI'S MOTION FOR EMERGENCY RELIEF AND PROTECTIVE ORDER

at that time, it consulted with UMI, who indicated the document was privileged.[26]  ISSI then informed GSI of the document and UMI's privilege claim.[27]  GSI made no inquiries at that time or at Hardee's deposition, but later moved to compel the document.  The court ordered the document produced, which ISSI did on June 11, 2015.[28]

## II.

This court has jurisdiction under 28 U.S.C. § 1367.  The parties further consented to the jurisdiction of the undersigned under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[29]

## III.

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."[30]  Before even considering the viability of GSI's legal theory, the court is not persuaded to allow yet another amendment in this case, for at least two reasons.

*First*, GSI was not diligent in pursuing its renewed interference or related claims.  Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment.[31]  "Delay is especially damaging to the plaintiff's motion where the facts were previously available and no reason is given for their exclusion from antecedent complaints."[32]

---

[26] See Docket No. 674-8, Ex. EE.

[27] *See* Docket No. 618-20, Ex. S.

[28] *See* Docket No. 618-4 at 1-2; Docket No. 618-5.

[29] *See* Docket Nos. 7, 15, 236.

[30] *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1026 (9th Cir. 2000) (citation omitted).

[31] *See Johnson*, 975 F.2d at 609 ("Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

[32] *In re Fritz Cos. Secs. Litig.*, 282 F. Supp. 2d 1105, 1110 (N.D. Cal. 2007) (citing *Chodos v. W. Publ. Co. Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002)) (upholding denial of leave to amend where the "new" facts plaintiff sought to allege had been available "even before the first amendment to his

GSI protests that it lacked the Hardee document when it prepared its second amended complaint, even though the document should have been produced much earlier in response to GSI's multiple interrogatories and requests for production.[33] But GSI never sufficiently explains why it could not have brought up a theory of imputed knowledge upon hearing Jones testify that he looked over a copy of the non-compete from Hardee in early 2013.[34] Nor does GSI explain why it did not at least pursue other discovery to learn whether anyone ISSI hired from UMI had heard of the non-compete while working for UMI.[35]

GSI may be right that ISSI could have produced the document earlier if it had searched Hardee's home and for all responsive documents period. But GSI knew what ISSI had agreed to do and itself committed to search only for company documents from its custodians.[36] Consistent with this understanding, GSI proceeded to serve Rule 45 subpoenas on selected ISSI employees.[37] The court cannot and does not criticize GSI for it discovery choices. But it must hold GSI to them.

***Second***, ISSI and UMI clearly will be prejudiced by any further amendment at this late date. "Putting the defendants through the time and expense of continued litigation on a new theory,

---

complaint," the motion was a dilatory tactic and the addition of the fraud claim would result in prejudice to the defendant); *see also Collaboration Props., Inc. v. Tandberg ASA*, Case No. 05-cv-01940-MHP, 2007 U.S. Dist. LEXIS 8632, at *6 (N.D. Cal. Jan. 25, 2007) (citation omitted) (considering when "the moving party knew or should have known the facts and theories raised by the amendment").

[33] *See* Docket No. 618-4 at 12.

[34] *See* Docket No. 674-10, Ex. BB at 93:16-95:4; *ExperExchange*, 2009 U.S. Dist. 112411, at *85 ("Plaintiff, however, waited two months after discovering its allegedly 'new' facts to bring its motion to amend, filing the motion only after Defendants' Summary Judgment was fully briefed."); *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) ("The timing of the motion [to amend] after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave."), *overruled on another ground by Cramer v. Consol. Freightways, Inc*., 255 F.3d 683 (9th Cir. 2001).

[35] *See* Docket No. 673-10, Ex. GG.

[36] *See* Docket No. 618-4 at 6.

[37] *See* Docket No. 673 at 13.

with the possibility of additional discovery, [is] manifestly unfair and unduly prejudicial."[38]  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short circuited by an appeal to those of Rule 15."[39]  Prejudice further exists when there will be no period to file dispositive motions on amended pleadings.[40]  Even if GSI is correct that key elements of its interference claim have already been subject to discovery, at least some, and perhaps substantial, additional discovery would be required.  Discovery in this case has closed and the parties have already filed and argued motions for summary judgment.[41]  Having drained all the parties of substantial resources over the past two years, this case needs to be finally resolved.[42]

---

[38] *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (*quoting Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir.1989)); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."). *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); (finding prejudice also exists when "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."); *Navcom Tech., Inc. v. Oki Elec. Indus. Co., Ltd.*, No. 5:12-cv-04175-EJD, 2014 U.S. Dist. LEXIS 32159, at *14-15 (N.D. Cal. Mar. 11, 2014) (finding "significant" prejudice because amended pleadings "would disrupt Defendant's trial preparations").

[39] *Johnson*, 975 F.2d at 610 (internal quotations and citations omitted).  *See also ExperExchange*, 2009 U.S. Dist. LEXIS 112411, at *84-86.

[40] *See Ewing v. Megrdle*, Case No. 12-cv-01334-MWF, 2015 US. Dist. LEXIS 39592, at *12-13 (N.D. Cal. Feb. 5, 2015) (citing *Jackson,* 902 F.2d at 1388).

[41] *See* Docket Nos. 561, 563-3, 564, 566, 683.

[42] *See Lockheed*, 194 F.3d at 986; *accord Ewing*, 2015 U.S. Dist. LEXIS 39592, at *7 ("Where the plaintiff has had adequate opportunity for discovery and defendant's motion for summary judgment is pending, leave to amend may be denied unless plaintiff can produce substantial and convincing evidence supporting the proposed amendment due to the possibility that the plaintiff may simply be maneuvering to stave off dismissal of the case.") (*quoting* Schwarzer et al., CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL ¶¶ 8:1511-1512 (Rutter Group 2014)). *See* Docket No. 618-4 at 13-14.

Turning to UMI's request for leave to file a motion for reconsideration or clarification of the court's April 20, 2015 order denying summary judgment,[43] UMI claims "manifest failure to consider material facts or dispositive legal arguments presented in UMI's Motion."[44] UMI argues:

> (a) the Order fails to address all of the alleged "GSI trade secrets" challenged by UMI's motion for summary judgment (ECF No. 320, "Motion"), and so the Order, as written, is incomplete;
> (b) the Order, as written, appears to rule on matters that were not before the Court on motion for summary judgment;
> (c) the Order, as written, misquotes material portions of the contract at issue and appears to neglect other material portions; consequently, the Order, as written, appears to adopt rulings that are inconsistent with the terms of the contract at issue;
> (d) the Order, as written, appears to rely upon and adopt plaintiff's allegations as if they were undisputed material facts, which they are not;
> (e) the Order, as written, appears to rule on matters that are genuinely disputed between the parties but were not briefed by either party, and were not raised in UMI's motion for summary judgment; and
> (f) the Order, as written, appears to have neglected to consider certain undisputed material facts presented and established in the parties' motion papers and in prior court orders; consequently, the Order appears to rule inconsistently with the facts and prior court orders.[45]

Reconsideration is "an extraordinary remedy, to be used sparingly."[46] Its purpose is to provide "a vehicle for a district court to correct a manifest error without the need for an appeal."[47]

---

As for the additional pending request regarding Hardee and his document, the court has already denied UMI's request, based on privilege, to reconsider the court's order to compel the Hardee document. *See* Docket No. 617; Docket No. 675 at 2. The court therefore DENIES UMI's letter brief request for emergency relief and protective order. *See* Docket Nos. 705, 713, 716. The court further declines UMI's request to bifurcate trial. *See* Docket No. 675 at 6-7.

[43] *See* Docket No. 450.

[44] *See* Docket No. 554 at 1.

[45] *See id.*

[46] *Whitsitt v. Walker*, Case No. 09-cv-2387-JL, 2009 WL 5125858, at *1 (N.D. Cal. Dec. 21, 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

[47] *In re Google AdWords Litig.*, Case No. 5:08-cv-03369-EJD, 2012 WL 1595177, at *1 (N.D. Cal. May 4, 2012).

Under L.R. 7-9(b), the court should reconsider an order only where the movant demonstrates "reasonable diligence in bringing the motion" in addition to "specifically showing"[48] either (1) a material change in fact or law which, in the exercise of reasonable diligence, the party did not know at the time of the order; (2) emergence of new facts or a change of law occurring after the order or (3) a "manifest failure by the Court" to consider material facts or dispositive legal arguments.[49]

The court's April 20 order denied summary judgment on the only two issues UMI raised: (1) whether as a matter of law GSI does not own the trade secrets; and (2) whether as a matter of law GSI has not taken reasonable steps to maintain the confidentiality of its trade secrets.[50] UMI seeks orders on issues not raised and re-arguments of positions already heard[51] and offers no proper grounds for reconsideration under Civ. L.R. 7-9. Because reconsideration "is not an opportunity to relitigate issues that have already been thoughtfully decided,"[52] UMI's motion for leave to file a motion for reconsideration is DENIED. Further, because the court's order is not "incomplete, unclear, ambiguous, or vague"[53] but simply construes all inferences in favor of the nonmoving party as required,[54] UMI's motion for clarification also is DENIED.

---

[48] *Aranda v. NTH Connect Telecom, Inc.*, Case No. 06-cv-04738-JW, 2008 WL 93523, at *1 (N.D. Cal. Jan. 7, 2008) (denying reconsideration in the absence of such a showing).

[49] Civ. L.R. 7-9(b).

[50] *See* Docket Nos. 320; 450.

[51] *See* Docket No. 554; Civ. L.R. No. 7-9(c).

[52] *In re Google AdWords Litig.*, 2012 WL 1595177, at *1.

[53] *Air & Liquid Sys. Corp. v. Allianz Underwriters Ins. Co.*, Case No. 11-cv-247-JFC, 2014 WL 4060309, at *15 (W.D. Pa. Aug. 15, 2014); *see Norsworthy v. Beard*, Case No. 14-cv-00695-JST, 2015 WL 1907518, at *3 (N.D. Cal. Apr. 27, 2015).

[54] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**IV.**

GSI's motion for leave to file an amended complaint and request to amend the case scheduling order is DENIED.  UMI's motion for leave to file a motion for reconsideration of the court's order denying UMI's motion for summary judgment, or clarification, is DENIED.  UMI's request for emergency relief and a protective order concerning the Hardee document is DENIED.

**SO ORDERED.**

Dated: July 21, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge