1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GSI TECHNOLOGY, INC.,                )   Case No. 5:13-cv-01081-PSG
                                     )
            Plaintiff,               )   **OMNIBUS ORDER RE: MOTIONS IN**
                                     )   **LIMINE AND OTHER PRE-TRIAL**
      v.                             )   **ISSUES**
                                     )
UNITED MEMORIES, INC., ET AL.,       )   **(Re: Docket Nos. 769, 770, 771, 772, 773,**
                                     )   **778, 779, 780, 781, 782, 785, 787, 789,**
            Defendants.              )   **810, 816, 791-2, 830)**
                                     )

Plaintiff GSI Technology, Inc. and Defendants United Memories, Inc. and Integrated

Silicon Solution, Inc. have filed three motions to exclude[1] and twenty-three motions in limine.[2]

Last week, the parties appeared at a pre-trial conference and supplemented their briefing with oral

argument.[3]  As previewed at the conference and explained further below, the court grants only a

limited part of the requested relief.

**A.      Docket No. 769: GSI's MIL No. 1**

GSI moves to exclude evidence and argument of its iterative trade secret disclosures,

narrowed claims and dismissed claims.  However, this evidence may be probative of ISSI's claim

of bad faith under Cal. Civ. Code § 3426.4 and UMI's defense of unclean hands and defenses

---

[1] *See* Docket Nos. 771, 785, 787.

[2] *See* Docket Nos. 769, 770, 772, 773, 778, 779, 780, 781, 782, 789, 816, 791-2.

[3] *See* Docket No. 878.

1

against trade secret misappropriation.  The motion is DENIED.

**B.      Docket No. 770: GSI's MIL No. 2**

GSI moves to exclude evidence and argument attacking the intelligence, ethics, morals, integrity, or personal behavior of GSI's counsel.  Evidence of GSI's counsel's behavior in GSI's legal action and contract negotiations may be probative of ISSI's bad faith claim and UMI's affirmative defenses of unclean hands and fraudulent inducement.  Furthermore, the court expects all parties' counsel to conduct themselves with courtesy and civility, and comply with the Northern District's guidelines on professional conduct[4] without the necessity of a court order.  "[M]atters of . . . common professional courtesy . . . are not proper subjects of motions *in limine*."[5]  The motion is DENIED.

**C.      Docket No. 771: GSI's MIL No. 3**

GSI moves to exclude the expert opinion of Nisha Mody.  GSI argues that Mody's report is flawed because it merely provides conclusions about disputed issues of fact, and especially invades the role of the jury by providing conclusions about Lee-Lean Shu's deposition testimony.[6]  GSI further argues that Mody cannot testify on a recommended discount rate, because she provides no opinion as to what rate is proper, and that she cannot offer testimony based on the parties' Early Neutral Evaluation statements.[7]  UMI agrees that Mody will not offer opinions based on review of the ENEs.[8]  As to GSI's remaining bases for exclusion, the motion is DENIED.  Mody's report critiques the assumptions on which Malackowski's opinions are based and his representation of the facts.  It models different rates to critique Malackowski's methodology and does not seek to provide a recommended discount rate.  It neither presents an impermissible conclusion nor invades

---

[4] *See* N.D. Cal. Guidelines for Prof. Conduct 7(b).

[5] *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (citing *Kelly v. West Fed. Sav.*, 49 Cal. App. 4th 659, 671 (1996)).

[6] *See* Docket No. 771 at 3-4.

[7] *See id.* at 5-7.

[8] *See* Docket No. 823 at 6-7.

2

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

the role of the jury.

**D.      Docket No. 772: GSI's MIL No. 4**

GSI moves to exclude evidence and argument regarding a lay person's opinion or understanding of the law.  GSI specifically seeks to exclude any lay opinion or understanding about the trade secret nature of certain information.[9]  However, lay witnesses may provide opinion testimony that is "rationally based on the witness's perception," "helpful to . . . determining a fact in issue" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[10]  Thus, a lay witness with personal experience of the treatment of certain information may testify as to whether that information was considered or treated as confidential.  Here, such evidence may be probative of GSI's state of mind in bringing suit.  The evidence therefore may be probative of ISSI's claim of bad faith and GSI's defenses of unclean hands and fraudulent inducement.  The motion is DENIED.

**E.      Docket No. 773: GSI's MIL No. 5**

GSI moves to exclude evidence and argument of GSI's reasons for filing suit.  Because this evidence may be probative of the ISSI's claim of bad faith and Defendants' defenses of unclean hands, misrepresentation, fraudulent inducement, and failure to mitigate, the motion is DENIED.  In its opposition, UMI moves to exclude evidence of bad acts by Defendants.[11]  Because the request was not properly filed as a motion in limine and GSI had no fair opportunity to respond, that request also is DENIED.

**F.      Docket No. 778: GSI's MIL No. 6**

GSI moves to exclude evidence and argument of GSI's 2007 and 2008 investigation of UMI.  However, this evidence may be probative of whether ISSI knew or should have known that it had a duty to investigate the relationship between UMI and GSI in the period between 2009 and 2012.  The motion is DENIED.

---

[9] *See* Docket No. 772 at 3.

[10] Fed. R. Evid. 701.

[11] *See* Docket No. 835-4 at 16.

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

United States District Court
For the Northern District of California

1 | **G.      Docket No. 779: GSI's MIL No. 7**

2       GSI moves to exclude evidence and argument of the timing of UMI's development of the

3 | 25 disputed schematics.  This evidence may be probative of the disputed issue of which party owns

4 | the schematics.  The motion is DENIED.

5 | **H.      Docket No. 780: GSI's MIL No. 8**

6       GSI moves to prevent Defendants from advancing an interpretation of the contract that has

7 | not been adopted by the court and is not supported by evidence of an ambiguity, presenting parol

8 | evidence of an issue already determined by the court, and arguing that the contract should be

9 | construed against GSI.  The request is overbroad; granting it would exclude all evidence or

10 | argument as to the terms of the agreement.  Evidence and argument relating to the contract may be

11 | probative of the issues of fraudulent inducement, unclean hands, and the ownership of the

12 | schematics.  The motion is DENIED.

13 | **I.      Docket No. 781: GSI's MIL No. 9**

14       GSI moves to exclude evidence and argument of the equities of the contract, specifically (1)

15 | whether the contract is fair; (2) whether there was adequate consideration; (3) the relative

16 | experience of GSI, UMI, and their negotiators; and (4) UMI's experience with non-compete

17 | agreements.  The evidence on the facts and circumstances of the contract negotiations may be

18 | probative of UMI's defenses of fraudulent inducement and unclean hands, and whether UMI had

19 | knowledge of GSI's alleged trade secrets, as required for trade secret misappropriation.  The

20 | motion is DENIED.

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

**United States District Court**
For the Northern District of California

**J.       Docket No. 782: GSI's MIL No. 10**

GSI moves to exclude evidence and arguments of attorney's fees and costs, arguing that the amount of fees and costs is irrelevant to liability, risks being unfairly prejudicial and is a matter for the court.  Defendants agree, so long as the prohibition also applies to GSI.  UMI reaffirms that it is not abandoning its counterclaim for fees and costs.  The motion is GRANTED and no party may present evidence or argument of fees and costs to the jury.

**K.       Docket Nos. 785, 789, 791-2, 810: ISSI's MIL to Exclude Murphy, ISSI's MIL No. 5, UMI's MIL No. 6**

ISSI moves both separately[12] and in its omnibus motion in limine[13] to exclude the expert report of GSI's technical expert, Robert J. Murphy.  ISSI specifically moves to exclude Murphy's first opinion, that ISSI had reason to know that UMI was selling it trade secrets acquired by improper means,[14] his second opinion, that the alleged trade secrets are not in the public domain,[15] his third opinion, on the level of experience needed to use and understand the claimed trade secret schematics,[16] and his re-direct deposition testimony relating to his stricken supplemental expert report.[17]  UMI moves to exclude any testimony that the 25 schematics are trade secrets[18] and joins ISSI's motion.[19]

Courts in the Ninth Circuit have not rigidly applied the *Daubert* factors to all expert testimony, recognizing that some forms of expert testimony, such as testimony based on the expert's experience and review of the evidence, may be admissible even though it lacks the rigor of

---

[12] *See* Docket No. 785.

[13] *See* Docket No. 789 at 9.

[14] *See* Docket No. 785 at 5-8.

[15] *See id.* at 8-9.

[16] *See id.* at 9-11.

[17] *See id.* at 11-12.

[18] *See* Docket No. 791-2 at 8.

[19] *See* Docket No. 810 at 2.

5

United States District Court
For the Northern District of California

1  hard science methodologies.[20]  Murphy's first opinion is based on his industry knowledge and

2  experience, which spans more than forty years in the semiconductor industry, and an examination

3  of the record.  His expert report provides the basis for the first opinion.[21]  His opinion may assist

4  the jury in determining whether ISSI had reason to know of any alleged circuit commingling,

5  because while the issue of constructive notice is indeed a factual question for the jury, determining

6  that issue may require understanding and comparing complex circuit schematics.  ISSI's motion is

7  DENIED as to Murphy's first opinion.

8       Murphy's second opinion is that the alleged trade secrets are not in the public domain,

9  based on his review of 15 patents, 4 specifications, various documents identified in discovery, 2

10  white papers, 2 presentations, a lecture, a DRAM data sheet, and documents returned from public

11  records searches.[22]  This situation is distinguishable from *Atmel Corp. v. Information Storage*

12  *Devices, Inc.*, where the expert based his opinion that the alleged trade secrets were not generally

13  known based on his "mere inability to recall having heard of them before the end of the relevant

14  time period."[23]  However, the second opinion goes a step too far: an expert's literature review can

15  prove only that the alleged trade secrets were not in the documents that the expert reviewed, not

16  that they exist nowhere in the public domain.  ISSI's motion is GRANTED as to Murphy's second

17  opinion.

18       Murphy's third opinion addresses the level of education and experience needed to

19

20  ──────────────
   [20] *See, e.g.*, *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) ("The Daubert factors
21  (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of
   testimony, whose reliability depends heavily on the knowledge and experience of the expert, rather
22  than the methodology or theory behind it."); *PixArt Imaging, Inc. v. Avago Tech. Gen. IP
   (Singapore) Pte. Ltd.*, Case No. C 10-00544 JW, 2011 WL 5417090, at *8 (N.D. Cal. Oct. 27,
23  2011) (admitting an expert opinion derived from the expert's "personal knowledge and experience,
   as well as his personal review of patents and technologies at issue in this case," in light of the
24  expert's "extensive background in the area of optical science and computer engineering").

25  [21] *See* Docket No. 784-4 at ¶ 60 (citing, *e.g.*, the market size for low-latency and reduced-latency
   DRAM design services and communications between UMI and ISSI prior to the purchase of the
26  Atris database).

27  [22] *See* Docket No. 784-4 at ¶ 43, Exs. 2, 3.

28  [23] 189 F.R.D. 410, 411 (N.D. Cal. 1999).

6

United States District Court
For the Northern District of California

1   understand the functionality of the alleged trade secret schematics.  ISSI argues that Murphy lacks

2   the education or experience necessary to offer this opinion.[24]  However, Murphy has over 40 years'

3   experience in semiconductor product design, including DRAM, a B.S. and M.S. in Electrical

4   Engineering and has served as an expert witness in five cases involving DRAM products.[25]  He

5   clearly has the requisite education and experience, and ISSI's motion is DENIED as to the third

6   opinion.

7          ISSI also moves to exclude Murphy's re-direct deposition testimony regarding his stricken

8   supplemental report and the redirect testimony that the alleged trade secrets are not "readily

9   ascertainable" and that Murphy reviewed public domain documents produced by ISSI.[26]  As to the

10  supplemental expert report, GSI agrees that the court struck it.[27]  As to the "readily ascertainable"

11  testimony, it properly restates Murphy's opinion in his report that a certain amount of experience is

12  necessary to understand the functionality required by the schematics and to replicate them, and that

13  having copies of the schematics allows a company to save the time and money involved in

14  replicating them.[28]  As to Murphy's testimony on which specific documents he reviewed in

15  forming his opinion, the court has granted ISSI's motion to exclude Murphy's opinion that the

16  alleged trade secrets are not in the public domain, rendering this request moot.

17         UMI moves to exclude any testimony from Murphy on the trade secret status of the 25

18  schematics or their independent value, on the basis that Murphy was not involved in identifying the

19  schematics.[29]  However, it is not necessary for Murphy to identify the schematics in order for him

20  to analyze whether they have independent economic value or whether GSI undertook reasonable

21  efforts to maintain their secrecy.  UMI's motion is DENIED.

22  _____

23  [24] *See* Docket No. 785 at 10.

24  [25] *See* Docket No. 784-4 at ¶¶ 3-9.

25  [26] *See* Docket No. 785 at 11-12.

26  [27] *See* Docket No. 839-4 at 15; Docket No. 600.

27  [28] *Compare* Docket No. 784-6 at 376-77 *with* Docket No. 784-4 at ¶¶ 46-47.

28  [29] *See* Docket No. 791-2 at 8-9.

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

United States District Court
For the Northern District of California

**L.      Docket Nos. 787, 810, 791-2: ISSI's MIL to Exclude Malackowski, UMI's MIL No. 5**

ISSI moves to exclude the Malackowski expert report.  UMI joins[30] and also moves to exclude.[31]  In a related argument, ISSI also challenges Malackowski's assessment of GSI's unjust enrichment damages claim, which it argues is unavailable as a matter of law for the same reasons that ISSI proffers opinions on in its motion in limine.[32]  Defendants' arguments that Malackowski's methodology is flawed and that his conclusions are speculative go to the weight and credibility of Malackowski's testimony, rather than its admissibility.   The court's role in acting as a gatekeeper for expert testimony does not encompass assuming the jury's responsibility to weigh facts and judge the credibility of one expert over another.[33]  Defendants' motions in limine are DENIED, and ISSI's request to exclude GSI's unjust enrichment claim also is DENIED.

**M.      Docket Nos. 789, 810, 791-2: ISSI's MIL No. 1, UMI's MIL No. 3**

ISSI moves to bar GSI from presenting new or expanded trade secret claims.  UMI joins[34] and also moves to exclude.[35]  GSI states that it will not present evidence of new or expanded trade secrets beyond the trade secrets disclosed in GSI's August 2014 disclosure, as narrowed and confirmed by GSI's supplemental interrogatory responses and the May 8, 2015 expert report of Murphy.[36]  The motion is GRANTED-IN-PART: GSI may not present new or expanded trade secrets, but may pursue theories of liability related to its previously disclosed 25 trade secret designations.

**N.      Docket No. 789: ISSI's MIL No. 2**

ISSI moves to exclude evidence and argument that hiring Anand Bagchi was wrongful or

---

[30] *See* Docket No. 810 at 2.

[31] *See* Docket No. 791-2 at 4.

[32] *See* Docket No. 788 at 4.

[33] *See Emblaze Ltd. v. Apple Inc.*, 52 F. Supp. 3d 949, 954 (N.D. Cal. 2014).

[34] *See* Docket No. 810 at 2.

[35] *See* Docket No. 791-2 at 2.

[36] *See* Docket No. 825 at 1.

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

that trade secret theft can be inferred from that hiring, on the basis that California has a strong public policy promoting employee mobility, which does not allow for inevitable disclosure arguments.[37]  GSI does not oppose to the extent that it will argue neither inevitable disclosure nor that the hiring was wrongful.[38]  However, evidence regarding Bagchi's conduct before joining ISSI may be probative of ISSI's knowledge of the relationship between UMI and GSI and the ownership of the schematics.  The motion is GRANTED-IN-PART: GSI may not argue a theory of inevitable disclosure, or that the hiring of Bagchi was itself wrongful or evidence of misappropriation by inevitable disclosure.

**O.     Docket No. 789: ISSI's MIL No. 3**

ISSI moves to exclude argumentation that working with an entity that had previously worked with a competitor is wrongful.  GSI agrees and states that it will not argue a theory of inevitable disclosure.[39]  However, ISSI's knowledge of UMI's previous work with GSI may be probative of whether ISSI knew or should have known of the non-compete agreement and the ownership of the trade secret schematics.  The motion is GRANTED-IN-PART: GSI may not argue a theory of inevitable disclosure based on ISSI's knowledge of UMI's relationship with GSI, but the evidence is relevant and admissible as to whether ISSI had the requisite knowledge and intent for trade secret misappropriation.

**P.     Docket No. 789: ISSI's MIL No. 4**

ISSI moves to exclude argument and evidence about whether ISSI will seek indemnity from UMI.  GSI agrees and states that it does not intend to offer evidence of whether ISSI will seek indemnification as evidence of ISSI's guilt or ability to pay.[40]  However, evidence of ISSI's ability to seek indemnity may be probative of ISSI's bias, an innocent purchaser defense, or ISSI's state of mind when negotiating its agreement with UMI.  The motion is GRANTED-IN-PART: GSI may not offer evidence as to whether ISSI will seek indemnity as evidence of ISSI's guilt or ability to

---

[37] *See* Docket No. 789 at 3; Cal. Bus. & Prof. Code § 1600.

[38] *See* Docket No. 825 at 3.

[39] *See* Docket No. 825 at 5.

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

United States District Court
For the Northern District of California

pay.

**Q.      Docket No. 789: ISSI's MIL No. 5**

ISSI moves to exclude the supplemental expert report and deposition testimony of Murphy. As discussed above in Part K, this motion is GRANTED-IN-PART.

**R.      Docket No. 789: ISSI's MIL No. 6**

ISSI moves to exclude evidence and argument that UMI was ISSI's agent during the Atris bidding in 2012.  ISSI argues that Cisco decided the Atris bid in December 2012, while ISSI and UMI did not form a contract with each other until the following year; that GSI lacks evidence of an agency relationship; and that GSI failed to plead an agency claim.[41]  UMI joins.[42]  However, a motion in limine is not "an appropriate means to resolve factual disputes or weigh evidence" and "should not be used as disguised motions for summary judgment."[43]  GSI presents evidence supporting a theory of agency liability[44] and the Second Amended Complaint included allegations that ISSI and UMI were working in concert to misappropriate GSI's trade secrets.[45]  The motion is DENIED.

**S.      Docket No. 789: ISSI's MIL No. 7**

ISSI moves to exclude evidence and argument on GSI's claim for intentional interference with contract, which the court previously struck.[46]  The court subsequently denied GSI's request for leave to amend its pleadings to revive the claim.[47]  However, evidence relating to GSI's

---

[40] *See* Docket No. 825 at 7.

[41] *See* Docket No. 789 at 9-10.

[42] *See* Docket No. 810 at 2.

[43] *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010).

[44] *See* Docket No. 825 at 11-12.

[45] *See* Docket No. 196 at ¶ 1.

[46] *See* Docket No. 227 at 14.

[47] *See* Docket No. 717 at 5-6.

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

United States District Court
For the Northern District of California

intentional interference with contract claim may be probative of other disputed issues, such as GSI's Section 17200 "unfair" claim and whether ISSI knew or had reason to know that it was acquiring GSI's trade secrets.  The motion is DENIED.

**T.      Docket No. 816: ISSI's MIL Regarding the Court's Summary Judgment Order**

ISSI moves to preclude GSI from presenting evidence and argument contrary to the court's summary judgment order,[48] specifically that ISSI used the alleged trade secret schematics beginning in August 2012 to bid for and win the Atris contract; any evidence or argument regarding GSI's 273 alleged non-trade secret schematics; and any claim of conspiracy.  UMI joins.[49]

The court previously granted summary judgment on whether ISSI's alleged acquisition of GSI's schematics in 2013 was a substantial factor in Cisco's Atris decision in 2012.[50]  Undeterred by the court's holding, GSI now argues that ISSI used the schematics beginning in August 2012, and that this use enabled ISSI to bid for and win the Atris contract.[51]  However, the court's summary judgment order on misappropriation by acquisition also bars GSI's claim for trade secret misappropriation by use.  The court found that the "undisputed evidence from Cisco" was that the pricing and foundry choice were factors in Cisco's Atris decision.[52]  The law of the case doctrine precludes reconsideration of a court's prior rulings in the same matters absent extraordinary circumstances.[53]  GSI has not shown that extraordinary circumstances exist, and the court's summary judgment order thus bars GSI from raising evidence and argument that ISSI used the alleged trade secret schematics beginning in August 2012 to bid for and win the Atris contract.

As to the 273 alleged non-trade secret schematics, the court previously ruled that any claim

---

[48] *See* Docket No. 807.

[49] *See* Docket No. 851 at 2.

[50] *See* Docket No. 807 at 13.

[51] *See* Docket No. 790 at 1, 2; Docket No. 800 at 1, 3, 9-10; Docket No. 859-4 at 15.

[52] *See* Docket No. 807 at 14.

[53] *Christianson v. Colt Indus. Operating corp.*, 486 U.S. 800, 815-16 (U.S. 1988).

11

1    for conversion of the 273 non-trade secret schematics is preempted,[54] and so GSI may not raise

2    evidence or argument on conversion in violation of that ruling.  However, as discussed below in

3    Part W, evidence and argument relating to the sale of the schematics may be probative of the

4    disputed ownership, confidentiality and non-compete terms of the contract between GSI and UMI,

5    and thus is admissible as to those issues.

6           Finally, the court's summary judgment ruling bars evidence and argument of co-conspirator

7    liability based on a theory that ISSI conspired with UMI to use GSI's trade secrets to win the Atris

8    bid.  As discussed above, no reasonable jury could find that Cisco's decision on the Atris bid was

9    driven by anything other than pricing and foundry choice.[55]

10          ISSI's motion is DENIED as to the 273 alleged non-trade secret schematics and

11   GRANTED as to all other relief requested.

12   **U.     Docket No. 791-2: UMI's MIL No. 1**

13          UMI moves to exclude introduction of the court's prior rulings in this case at trial.  GSI

14   agrees as to the court's dicta in Docket Nos. 24, 160 and 450, but opposes as to any court order

15   determining the law that the jury must apply in this case.[56]  ISSI opposes on the basis that the

16   court's orders regarding GSI's trade secret claims are relevant to ISSI's claim for bad faith and

17   defenses of unclean hands, estoppel, and failure to mitigate.  The court's rulings on GSI's previous

18   trade secret disclosures and dismissed claims may be probative of bad faith and ISSI's affirmative

19   defenses, since a trade secret plaintiff's litigation tactics are admissible and relevant to a claim for

20   bad faith, and the dismissal of claims may be probative of GSI's motives in bringing suit.  The

21   motion is DENIED.

22   **V.     Docket No. 791-2: UMI's MIL No. 2**

23          UMI moves to preclude GSI's experts from testifying on matters not included in their

24   expert reports.  GSI agrees, with the exception that their experts may testify on matters not

**United States District Court**
For the Northern District of California

---

[54] *See* Docket No. 807 at 16.

[55] *See* Docket No. 807 at 13-15.

[56] *See* Docket No. 820 at 1.

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

included in their reports if UMI opens the door to such testimony during examination of their experts.  The motion is GRANTED, and all parties' experts may offer testimony only on matters within the scope of their expert reports.

**W.      Docket No. 791-2: UMI's MIL No. 3**

UMI moves to exclude evidence and argument that UMI committed wrongful acts with respect to any materials or information aside from the 25 schematics.  However, GSI alleges that UMI improperly sold approximately 300 schematics to ISSI.  The nature of this material may be probative of the disputed ownership, confidentiality and non-compete terms of the contract between GSI and UMI.  The motion is DENIED.

**X.      Docket No. 791-2: UMI's MIL No. 4**

UMI moves to exclude evidence and argument regarding UMI activities performed in connection with ISSI's business operations in space leased from UMI at UMI's headquarters. However, this evidence may be probative of whether UMI aided ISSI in violation of the non-compete clause, and GSI's Section 17200 "unfair," TIPER, and fraud claims.  The motion is DENIED.

**Y.      Docket No. 791-2: UMI's MIL No. 5**

UMI moves to exclude the expert testimony of Malackowski.  As discussed in Part L, the motion is DENIED.

**Z.      Docket No. 791-2: UMI's MIL No. 6**

UMI moves to exclude the expert testimony of Murphy.  As discussed in Part K, the motion is DENIED.

**AA.     Additional Disputes from Pre-Trial Conference and Pre-Trial Briefing**

- GSI requests leave to amend the Complaint to allege causes of action against ISSI for inducing breach of contract and intentional interference with a contract.[57]  For the reasons stated in the court's denial of GSI's previous request for leave to amend,[58] GSI's request is DENIED.

---

[57] *See* Docket No. 790 at 16.

[58] *See* Docket No. 717 at 5-7.

13

- GSI and ISSI agree that the Section 17200 claim must be resolved by the court,[59] but disagree as to when this should occur.[60] ISSI argues that it should be tried by bench trial before the jury is convened.[61] GSI objects.[62] The Section 17200 claim will be decided by the court after the jury trial, *i.e.*, based on the record presented at the jury trial. If the court requires additional evidence, the parties may request an additional evidentiary hearing.

- GSI's TIPER claim and all affirmative defenses will be tried to the jury.

- GSI and ISSI request that the issue of attorney's fees and costs be addressed by the court, if necessary.[62] At the conclusion of trial, the parties may file motions regarding any award of fees and costs.

- GSI requests summary judgment on the issue of whether it owns the schematics delivered to it by UMI pursuant to Section III.1 of the agreement between GSI and UMI.[63] Because genuine disputes of material fact remain as to this issue, GSI's request is DENIED.[64]

- UMI requests resolution of its pending motions to compel GSI to supplement its privilege log,[65] to compel GSI to produce the agreement,[66] and to compel GSI to supplement its interrogatory responses and strike portions of GSI's supplemental responses.[67] GSI has produced the disputed letter by e-mail for *in camera* review. All relief requested is DENIED.

- At the pre-trial conference, the parties raised the issue of subpoenaing Jeffrey M. Shohet. UMI may serve a subpoena on Shohet, and if GSI so chooses, it may file a motion to quash the subpoena.

- The parties will have a total of 70 hours of trial time, with GSI receiving 30 hours, UMI receiving 20 hours, and ISSI receiving 20 hours. Trial time will be charged for opening statements, closing arguments, direct examinations, cross examinations and any rebuttal. Voir dire, jury instructions and jury deliberations will not count toward the 70 hours.

---

[59] *See* Docket No. 790 at 22-23.

[60] *See* Docket No. 843 at 2-14.

[61] *See* Docket No. 858.

[62] *See* Docket No. 790 at 22-23.

[63] *See* Docket No. 790 at 23.

[64] *See* Docket No. 807 at 5, 16:11-14.

[65] *See* Docket No. 790 at 18; Docket No. 485.

[66] *See* Docket No. 790 at 18; Docket No. 488.

[67] *See* Docket No. 790 at 18; Docket No. 483.

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

- GSI will present its case first, UMI will present its case second and ISSI will present its case third.

- Each trial day will begin at 9:00 AM and end at 4:30 PM, with a one-hour lunch break. Counsel shall appear at 8:00 AM each day to address any preliminary evidentiary issues.

- Voir dire will commence at 9:00 AM on October 26, 2015. Opening statements will commence as soon thereafter as possible, including on October 26, 2015.

- The court will pre-instruct the jury before opening statements.

- The court will not be in session on the following dates:

  o November 4, 2015;
  o November 5, 2015;
  o November 6, 2015;
  o November 11, 2015;
  o November 19, 2015; and
  o November 20, 2015.

- Jury instructions and the verdict form will be addressed at the jury charge conference to be held during trial.

- If the parties wish to use a juror questionnaire, they will file a single, joint juror questionnaire no later than 5:00 PM on October 16, 2015.

- Each party shall have 3 peremptory challenges.

- Each side will disclose to the other side each witness it intends to call live (in the order of call) and by deposition by 7:00 PM at least two days before the day of trial during which the witness will testify, except that witnesses to be called on a Monday must be disclosed by noon on the preceding Friday. By 6:00 PM the night before a party intends to call a witness, it must provide the other side and the court with all the exhibits and demonstrative evidence it intends to use with that witness. By 8:00 PM that same night, the other side must state any objections thereto or they are deemed waived. The parties will attempt to meet and confer that night or in the morning to resolve such objections.

- The parties will exchange all demonstratives, visual aids and evidence that they plan to refer to in opening statements by 4:00 PM on October 23, 2015. The other side must raise any objections to such use by 8:00 PM on that night, or they are deemed waived.

- All disputes about exhibit admissibility, deposition designations or the propriety of demonstratives will be addressed the morning that the exhibit or demonstrative is to be used at trial.

- For the designated deposition transcripts, objections need not be read to the jury, and they can be edited out of the transcript or video clips for hearing or viewing by the jury.

- The parties shall meet and confer as to confidentiality designations prior to trial. The parties will file any requests for confidential treatment of information at trial by October

15

19, 2015.  The courtroom will remain open to the public over the course of trial, subject to any narrow and exceptional request of the parties granted by the court.

- The parties may briefly introduce each witness at the beginning of each direct examination.  Each witness may be questioned by only one attorney per side.

- The jury may submit jury questions to the court following the conclusion of each witness's testimony.  After reviewing the questions posed and confirming that they are legally permissible, the court will ask any permissible questions to the witness on behalf of the jury.  Time during which the witness responds to questions posed by the jury shall be divided among the parties, with 3/7 of the time being charged to GSI, 2/7 of the time being charged to UMI and 2/7 of the time being charged to ISSI.

- The parties will admit exhibits by agreement where possible.  Otherwise, exhibits must be used with a witness to be admitted into evidence.  Each party will move to admit exhibits as they are presented to the witness, during a break or at the end of the trial day.

- One party representative may attend the entirety of the trial.  Witnesses other than experts and each party's corporate representative will be sequestered.

**SO ORDERED.**

Dated: October 14, 2015

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE AND OTHER PRE-TRIAL ISSUES

United States District Court
For the Northern District of California