JEFFREY M. SHOHET (Cal. Bar No. 067529)
jeffrey.shohet@dlapiper.com
BROOKE KILLIAN KIM (Cal. Bar No. 239298)
brooke.kim@dlapiper.com
VERONICA JACKSON (Cal. Bar No. 243095)
veronica.jackson@dlapiper.com
KELLIN M. CHATFIELD (Cal. Bar No. 288389)
kellin.chatfield@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

ANDREW P. VALENTINE (Cal. Bar No. 162094)
andrew.valentine@dlapiper.com
RAJIV DHARNIDHARKA (Cal. Bar No. 234756)
rajiv.dharnidharka@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Plaintiff and Counter-Defendant
GSI Technology, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

GSI TECHNOLOGY, INC., a Delaware Corporation,

Plaintiff and Counter-Defendant,

v.

UNITED MEMORIES, INC., a Colorado Corporation, and INTEGRATED SILICON SOLUTION, INC., a Delaware Corporation,

Defendants and Counter-Claimants.

CASE NO. 13-CV-1081-PSG

**NOTICE OF MOTION AND MOTION OF GSI TECHNOLOGY, INC. TO STRIKE SUPPLEMENTAL EXPERT REPORT AND MOTION IN LIMINE TO EXCLUDE SUPPLEMENTAL EXPERT OPINION AND RELATED DOCUMENTS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Complaint Filed: March 8, 2013
Courtroom: 5
Judge: Hon. Paul S. Grewal
Date: October 26, 2015 (requested)
Time: 1:30 p.m.

**NO ORAL ARGUMENT REQUESTED**

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT** Plaintiff GSI Technology, Inc. ("GSI") will and hereby does move the Court for an order (1) striking the Supplemental Report of Alan J. Cox, dated October 20, 2015 ("Supplemental Cox Report"), and (2) prohibiting Defendants Integrated Silicon Solution, Inc. ("ISSI") and United Memories, Inc. ("UMI") from presenting evidence or argument at trial pertaining to the Supplemental Cox Report, the information contained therein, and related documents produced by ISSI on October 12, 2015. GSI does not a request a hearing on this motion. Pursuant to the motion to shorten time filed herewith, GSI requests that any opposition by ISSI be filed no later than October 23, 2015. GSI will forego a reply brief. However, the motion is noticed for hearing at 1:30 p.m. on October 26, 2015 if the Court desires to have oral argument.

This motion is based on Rules 26 and 37 of the Federal Rules of Civil Procedure, this Notice, the following Memorandum of Points and Authorities, the Declaration of Rajiv Dharnidharka ("Dharnidharka Decl.") and exhibits thereto filed concurrently herewith, the pleadings and papers on file herein, and upon such other matters as the Court may deem proper to consider.

Dated: October 22, 2015

DLA PIPER LLP (US)

By */s/ Rajiv Dharnidharka*
RAJIV DHARNIDHARKA
Attorneys for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On October 20, 2015, at 9:37 p.m., ISSI purported to supplement the report and opinions of its damages expert, Dr. Alan Cox, by adding [redacted], as set forth in the Supplemental Cox Report, to be subtracted from unjust enrichment awarded to GSI on a per schematic basis. *See* Dharnidharka Decl., Ex. A at 1-2. This report missed every deadline set by the Court or Federal Rules of Civil Procedure, arriving not only more than four months after the expert discovery cut-off, but also 11 days after the Pretrial Conference, and six days before trial.

The report itself discloses that it is based on information available at the time of Dr. Cox's initial report in June 2015 or shortly thereafter (Dharnidharka Decl., Ex. A at 1), which disqualifies the report as valid supplementation under Federal Rule of Civil Procedure 26(e)(2). Rule 26(e) "'permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report.'" *Sancom, Inc. v. Qwest Com. Corp.*, 683 F. Supp. 2d 1043, 1063 (D.S.D. 2010) (quoting *Minebea v. Papst*, 231 F.R.D. 3, 6 (D.D.C. 2005)).

Under Rule 37(c)(1), this "supplementation" of Dr. Cox's opinions must be excluded unless ISSI can show its failure to do so earlier was "substantially justified or harmless." ISSI cannot make this showing and has made no attempt to do so. Indeed, it is surprising that ISSI even attempted to supplement Dr. Cox's report. On June 10, 2015, on a motion by ISSI to strike the supplemental expert report of GSI's expert Robert J. Murphy (consisting of one sentence and one chart on one page, served three weeks after expert disclosure deadline, but before any expert was deposed and before rebuttal expert reports were due), the Court ruled:

> Defendant ISSI's motion to strike (ECF No. 585) is granted. Expert Murphy may not rely on the aid at trial as not timely served, though he may use it a deposition. The expert report sets the bounds of summary judgment and trial.

Dkt. No. 600. This is the law of the case and ISSI ignores it. *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000).

For these and the other reasons discussed below, the Cox Supplemental Report and related documents should be stricken and all evidence and argument concerning the opinions and information contained in the report and the untimely produced documents relied on in the report should be excluded.

## II. STATEMENT OF FACTS.

ISSI disclosed Dr. Cox as a rebuttal damages expert. The Court twice extended the deadline for disclosure of rebuttal experts and expert reports from the initial date of March 23, 2015 to June 1, 2015 and then June 11, 2015. Dkt. Nos. 239, 342 and 553. On June 11, 2015, ISSI provided Dr. Cox's report. Dharnidharka Ex. A at 1. Dr. Cox was deposed on July 14, 2015. *Id.*, ¶ 5.

Under the Court's Case Management Order, as modified, the Pre-Trial Conference was set for October 6, 2015. Dkt. No. 342. Pursuant to the Court's Standing Order, the parties were required to disclose exhibit lists on September 22, 2015.[1] However, on October 12, 2015, ISSI *produced* for the first time documents numbered ISSI_0512666 – ISSI_0512754, on which Dr. Cox relied in the Supplemental Cox Report to calculate additional costs that he opined ISSI incurred in developing the Atris chip. Dharnidharka Decl., Updated Ex. 7 to Ex. A, Ex. B. In counsel for ISSI's transmittal letter producing the documents, there is no mention of any supplemental report from Dr. Cox. *Id.*, Ex. B.

At 9:37 p.m. on October 20, 2015, ISSI produced the Supplemental Cox Report as attachment to an email from ISSI's counsel. Dharnidharka Decl., Ex. A. The email provides no reason or explanation for serving the Supplemental Cox Report at this late date.

The Supplemental Cox Report, however, provides the following explanation:



[1] The cut-off for non-expert discovery was April 24, 2015 and July 24, 2015 for expert discovery. Dkt. 342 at 1-2; Dkt. 600.

[redacted]

Dharnidharka Decl., Ex. A at 1 (emphasis added).

Upon receiving the report, counsel for GSI asked ISSI to withdraw it, citing the prior ISSI motion practice, and counsel for ISSI refused. Dharnidharka Decl., Ex. C, *citing* Dkt. Nos. 585, 600, 789, 825, and 896 (the proceedings on ISSI's motion to strike GSI's expert's supplemental report).

## III. ARGUMENT

### A. Rule 26(e) Does Not Permit The Supplemental Cox Report.

The Supplemental Cox Report and related documents do not constitute proper supplementation under Rule 26(e)(2). "Although Fed. R. Civ. P. 26(e) requires a party to 'supplement or correct' a disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report . . . ." *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 639 (D.Haw. 2008) (citation omitted). Rather, as mentioned, Rule 26(e) "'permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report.'" *Sancom*, 683 F. Supp. 2d at 1063. Supplementation "does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation." *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (citation omitted).

Here, the Supplemental Cox Report significantly increases costs that Dr. Cox opines should be subtracted from an unjust enrichment award, based on information that was available by June 2015 (although counsel evidently failed to convey it to Dr. Cox). Dr. Cox states that these additional expenses [redacted]

Dharnidharka Decl., Ex. A at 1. There is no explanation why ISSI or its counsel did not provide this [redacted] from January through June 2015 to Dr. Cox until now. *See Cueto v. Overseas Shipholding Group, Inc., OSG*, No. 10CV1243 LAB (NLS), 2012 WL 28357, *2 (S.D. Cal. Jan. 4, 2012) ("Defendants do not identify any information that was not available to them during the time allowed by the Scheduling Order for the submission of supplemental reports."). Likewise, there is no explanation why documentation of expenses as of June 2015 were not available when Dr. Cox was deposed on July 14, 2015. And there is no explanation why this [redacted] was not available during the four months afterwards leading up to trial.

Rule 26(e) requires that supplementation occur "in a timely manner." Where, as here, supplementation occurs after the deadline set forth in the Court's scheduling order, "a motion for leave to modify the Rule 16(b) scheduling order is required." Tashima and Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial – Cal.* ¶ 11:442 (The Rutter Group 2015) (citing, *inter alia*, *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 530-531 (D.N.M. 2007)). ISSI filed no such motion for leave. Moreover, in the case of a supplemental expert report, Rule 26(e)(2) expressly provides that "[a]ny additions or changes to [an expert's] information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." The last day to supplemental expert reports under this rule came and went on September 22, 2015.

In sum, ISSI seeks to add information "that should have either been included in the original report or in a timely submitted supplemental report. Thus, the supplementation is neither required nor permitted by Rule 26(e)." *Cueto*, 2012 WL 28357 at *2. "'Rule 26 imposes a duty on [parties]; it grants them no right to produce information in a belated fashion.'" *Cueto*, 2012 WL 28357 at *2 (quoting *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 661 (N.D. Ga. 2001)).

**B. Rule 37(c) Excludes The Supplemental Cox Report.**

Since the Supplemental Cox Report does not qualify as a supplemental expert report under Rule 26(e), it is subject to sanctions under Rule 37(c)(1). That rule provides in relevant part:

> If a party fails to provide information or identify a witness as

> required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The exclusion under Rule 37(c) is automatic. *Cueto*, 2012 WL 28357 at *1. To avoid the exclusion, the burden is on ISSI to prove that the failure to submit a valid and timely supplemental report "was substantially justified or is harmless." *Cueto*, 2012 WL 28357 at *1; *see also* 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2031.1, at 80 (2010) ("'supplementation' on the eve of trial is likely to be held insufficient to avoid the automatic exclusion of Rule 37(c)(1) unless justified by a good excuse" (footnote omitted)).

ISSI has offered no "substantial justification" or "good excuse" for its untimely attempt at supplementation. Instead, counsel for ISSI cites and quotes three cases, each and every one allowing supplementation after the court explained how and why the information was previously unavailable. *See* Dharnidharka Decl., Ex. C at 1. For example, in *Marathon Petroleum Co. LP v. Midwest Marine, Inc.*, 906 F. Supp. 2d 673, 693-94 (E.D. Mich. 2012), the court allowed a supplemental report where an expert witness "removed estimated cleanup and repair costs from the additional expenses and replaced them with actual costs, he updated the lost income figures, and he removed the costs to build three new tanks because the API inspections (conducted after the initial report was completed) revealed that they could be repaired instead of rebuilt."[2] There was no question in *Marathon* that the information was unavailable at the time of the initial report since it was gathered after the initial report. Moreover, the court ruled that "[b]ecause the defendants' failure was harmless, the Court will not exclude Mr. Paskell's supplemental report." *Id.* at 694. The court ruled that the supplemental report *reduced* costs claimed as damages and therefore was harmless. Thus, the supplemental report came within an exception to exclusion under Rule 37(c)(1).

---

[2] *See also* Dharnidharka Decl., Ex. C at 1, citing *Christensen v. Quinn*, No. 10-4128-KES, 2013 WL 2181102, *3 (D.S.D. May 17, 2103) ("Because the addition of labor costs was made after Lawless received new information that was unavailable at the time of her initial report, it is a supplement to her initial report.") and *Flonnes v. Property & Cas. Ins. Co. of Hartford*, No. 2:12-cv-01065-APG, 2013 WL 2285224, * 4 (D. Nev. May 22, 2013) ("Consequently, if Dr. Hirschfeld receives information that was previously unavailable regarding future life care and costs, then Plaintiff may be permitted to supplement pursuant to Rule 26(e).").

The Supplemental Cox Report and related documents, on the other hand, are not harmless. The report increases the cost that ISSI claims should be subtracted from unjust enrichment awarded to GSI. Dharnidharka Decl., Ex. A at 2; *see U.S. v. 14.3 Acres of Land*, No. 07CV886-AJB (NLS), 2011 WL 2414348, *6 (S.D. Cal. ) ("Because $5.9 million is higher than $5.2 million, the report is not harmless."). Moreover, GSI is prejudiced because there is obviously no time for GSI to explore and respond to Dr. Cox's new opinions at trial. Indeed, GSI is forced to bring this motion on notice shortened to a few days because trial starts on Monday. ISSI cannot carry its burden to show that the Supplemental Cox Report is harmless.

Under Rule 37(c)(1), the Court should exclude the Supplemental Cox Report and related late-produced documents and prohibit any evidence or argument regarding these items and the information contained in them.

**C. ISSI Disregards The Court's Prior Order Issued On ISSI's Own Motion.**

It is surreal to confront a supplemental expert report from ISSI submitted months after the close of expert discovery and days before the commencement of trial, given ISSI's vigorous response to Mr. Murphy's supplemental chart served only weeks after the expert disclosure date and prior to any expert depositions and prior to the rebuttal expert report deadline. The arguments and authority discussed above requiring exclusion of the Supplemental Cox Report are essentially mirrored in the motion filed by ISSI. *See, e.g.*, Dkt. No. 585 at 3-4. In any event, there is no ambiguity about the Court's Order on the subject: "The expert report sets the bounds of summary judgment and trial." Dkt. No. 600. Dr. Cox's initial report sets the bounds of what evidence may be offered at trial and ISSI may not disregard the Court's ruling on this issue.

/////

/////

/////

/////

/////

/////

/////

## IV. CONCLUSION

For the foregoing reasons, the Court should strike the untimely Supplemental Cox Report and exclude all evidence and argument on the report, the information contained in it, and untimely produced documents on which it relies.

Dated: October 22, 2015

DLA PIPER LLP (US)

By */s/ Rajiv Dharnidharka*
RAJIV DHARNIDHARKA
Attorneys for Plaintiff