UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., ) | Case No. 5:13-cv-01081-PSG |
| ) Plaintiff, ) | **OMNIBUS ORDER RE: PRE-TRIAL MOTIONS** |
| v. ) ) | **(Re: Docket Nos. 900, 905, 925, 930, 931)** |
| UNITED MEMORIES, INC., ET AL., ) ) | |
| Defendants. ) | |

With zero business days left before trial, Plaintiff GSI Technology, Inc. and Defendants United Memories, Inc. and Integrated Silicon Solution, Inc. have finished briefing four substantive pre-trial motions (and one motion to shorten time).[1] The court rules as follows:

GSI's motion to quash UMI's trial subpoenas[2] is GRANTED.

GSI's motion to have the Hardee document deemed authenticated[3] is GRANTED.

ISSI's motion to strike GSI's newly-added trial exhibits[4] is DENIED.

GSI's motion to strike and exclude the supplemental Cox report[5] is GRANTED.

---

[1] *See* Docket Nos. 900, 905, 925, 930, 931.

[2] *See* Docket No. 900.

[3] *See* Docket No. 905.

[4] *See* Docket No. 925.

[5] *See* Docket No. 930.

1

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: PRE-TRIAL MOTIONS

GSI's motion to shorten time[6] is DENIED.

### A. Docket No. 900: GSI's Motion to Quash Trial Subpoenas to Jeffrey Shohet and Jeffrey Aronson

UMI issued trial subpoenas to Jeffrey Shohet and Jeffrey Aronson, both attorneys at DLA Piper, GSI's outside counsel.[7] GSI moves to quash both subpoenas.[8] Because UMI has failed to satisfy the three-factor *Shelton v. Am. Motors Corp.*[9] test, GSI's motion is GRANTED.

Under *Shelton*, a party seeking to force opposing counsel to testify at trial must show that (1) no other means exist to obtain the information; (2) the information is relevant and not privileged; and (3) the information is crucial to the preparation of the case.[10] Courts in the Ninth Circuit have held that the *Shelton* factors apply even where, as here, the subpoenaed attorney is not trial counsel.[11] As to the first factor, UMI seeks trial testimony from Aronson and Shohet about GSI's representations and positions leading up to the execution of the contract between UMI and GSI.[12] However, other means of obtaining this information plainly exist, as Robert Gower and David Chapman, who negotiated the agreement for UMI and GSI respectively, both are on UMI's trial witness list.[13] Regarding the second factor, UMI seeks communications between Chapman and Aronson and Shohet, which is plainly information protected by the attorney-client privilege. Finally, UMI's own conduct shows that the third factor is not satisfied, because the information is not crucial to the preparation of the case. Despite noticing Shohet's deposition during discovery,

---

[6] *See* Docket No. 931.

[7] *See* Docket No. 900 at 2.

[8] *See id.*

[9] 805 F.2d 1323, 1327 (8th Cir. 1986).

[10] *See id.*

[11] *See, e.g.*, *Townsend v. Imperial Cnty.*, Case No. 12-CV-2739-WQH PCL, 2014 WL 2090689, at *2 (S.D. Cal. May 19, 2014), *reconsideration denied*, Case No. 12-CV-2739-WQH PCL, 2014 WL 3734685 (S.D. Cal. July 28, 2014).

[12] *See* Docket No. 923 at 2.

[13] *See* Docket No. 900 at 4.

UMI failed to pursue the matter after GSI objected, and did not depose Shohet. UMI did not seek to depose Aronson at all.[14] UMI's failure to pursue the depositions of Shohet and Aronson indicates that their testimony is not crucial to UMI's case.

**B.   Docket No. 905: GSI's Motion to Authenticate the Hardee Document or Reopen Hardee's Deposition**

GSI moves for a court order authenticating the Hardee document, a copy of the GSI-UMI agreement marked up by Kim Hardee, currently an ISSI employee and formerly a UMI employee.[15] GSI alternatively seeks to reopen Hardee's deposition for the purpose of authenticating the document.[16] Because the court finds that authentication is warranted as a discovery sanction, GSI's motion is GRANTED.

Under Rule 37(b)(2)(A)(i), if a 30(b)(6) witness does not comply with a court order to provide discovery, the court may issue an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Earlier this year, the court ordered ISSI to produce 30(b)(6) witnesses on a number of topics, including ISSI's contention that it had no knowledge of UMI's work for and relationship with GSI prior to March 2013; ISSI's discovery of UMI's work for and relationship with GSI relating to high performance, DRAM, RLDRAM, LLDRAM, and/or Atris; and Hardee's role and work at ISSI.[17] The court also ordered GSI to send ISSI the specific documents it wanted addressed during deposition.[18] ISSI designated two 30(b)(6) witnesses to testify on those topics, and GSI sent ISSI a list of the documents that would be used at those depositions.[19] The Hardee agreement was on the document list for both 30(b)(6) depositions, but both witnesses testified that

---

[14] *See* Docket No. 900-1 at ¶ 4.

[15] *See* Docket No. 905 at 2.

[16] *See id.*

[17] *See* Docket No. 600.

[18] *See id.*

[19] *See* Docket No. 905 at 3.

3
Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: PRE-TRIAL MOTIONS

they had never seen the Hardee document in preparation for their depositions.[20] Because the 30(b)(6) witnesses were plainly unprepared to testify knowledgeably about the Hardee document in violation of the court's order, discovery sanctions under Rule 37(b)(2)(A)(i) are warranted and the court orders the Hardee document deemed authenticated.  The court further notes that UMI reasserts its previously rejected argument that the Hardee document is privileged attorney work product and requests that the Hardee document be sealed.[21]  Consistent with its earlier order,[22] the court DENIES both requests.

**C.     Docket No. 925: ISSI's Motion to Strike Newly-Identified Exhibits**

ISSI moves to strike 18 trial exhibits from GSI's Second Amended Exhibit List,[23] arguing that these are "new" exhibits that were not timely identified.[24]  However, ISSI's own motion concedes that these exhibits are not new, but were "produced by the parties at least six months ago during discovery."[25]  GSI's failure to identify the exhibits in a timely manner therefore is harmless under Rule 37(c)(1).[26]  Indeed, nine of the so-called "new" exhibits are on either ISSI or UMI's exhibit lists, showing that GSI's late amendment of its exhibit list puts ISSI at no risk of trial by ambush.[27]  ISSI's motion is DENIED.

**D.     Docket No. 930: GSI's Motion to Strike and Exclude Supplemental Expert Report of Alan Cox and Related Documents**

Three days ago, ISSI supplemented the report of its damages expert, Alan Cox, to increase the costs that ISSI allegedly incurred in developing the Atris chip.[28]  GSI moves to strike the

---

[20] *See id.* at 3-4.

[21] *See* Docket No. 609; Docket No. 610; Docket No. 915 at 1, 3-4.

[22] *See* Docket No. 610.

[23] *See* Docket No. 919.

[24] *See* Docket No. 925 at 1.

[25] *Id.*

[26] *See, e.g.*, *Johnson v. Hix Wrecker Service, Inc.*, 528 Fed. App'x 636, 640-41 (7th Cir. 2013).

[27] *See* Docket No. 938 at 2.

[28] *See* Docket No. 928-4 at 2-3.

supplemental Cox report as untimely under Rules 26(e)(2) and 37(c)(1).[29]

Rule 26(e)(1)(A) permits supplementation of discovery "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." If a supplemental expert report is untimely, however, it must be excluded under Rule 37(c)(1) unless the failure to timely supplement was "substantially justified or is harmless."

Here, ISSI's supplementation of the Cox report is untimely. Rule 26(e)(2) requires that expert report supplements "be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." The parties' pretrial disclosures were due on September 22, 2015, per the court's standing order,[30] and so the supplemental Cox report, disclosed on October 20, 2015,[31] was untimely disclosed long after the Rule 26(e)(2) deadline. The failure to timely supplement the Cox report was neither substantially justified nor harmless; the supplement addresses ISSI's costs from January 2015 to June 2015,[32] and while it is understandable that the expense data would not have been available immediately at the close of business on June 30, ISSI provides no explanation why it took nearly four months to disclose the underlying cost information and the supplemental report.[33] The supplemental report significantly increases the cost that ISSI argues should be deducted from any unjust enrichment awarded to GSI, and at this late date, there is no time for GSI to respond to Cox's supplemental report.[34] Because the supplemental report was untimely, and the untimeliness was neither substantially justified nor harmless, GSI's motion to strike and exclude is GRANTED.

---

[29] *See id.*

[30] *See id.* at 5; Standing Order of Magistrate Judge Paul S. Grewal, June 2014, at 2-3.

[31] *See* Docket No. 928-4 at 3.

[32] *See id.* at 2-3.

[33] *See id.* at 3.

[34] *See id.* at 2.

E.     **Docket No. 931: GSI's Motion to Shorten Time on Docket No. 930**

Because the parties have fully briefed GSI's motion to strike and exclude the Cox expert report, GSI's motion to shorten time on briefing and hearing that motion is DENIED as moot.

**SO ORDERED.**

Dated: October 23, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

6

Case No. 5:13-cv-01081-PSG
OMNIBUS ORDER RE: PRE-TRIAL MOTIONS