JEFFREY M. SHOHET (Cal. Bar No. 067529)
jeffrey.shohet@dlapiper.com
BROOKE KILLIAN KIM (Cal. Bar No. 239298)
brooke.kim@dlapiper.com
VERONICA JACKSON (Cal. Bar No. 243095)
veronica.jackson@dlapiper.com
KELLIN M. CHATFIELD (Cal. Bar No. 288389)
kellin.chatfield@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

ANDREW P. VALENTINE (Cal. Bar No. 162094)
andrew.valentine@dlapiper.com
RAJIV DHARNIDHARKA (Cal. Bar No. 234756)
rajiv.dharnidharka@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

Attorneys for Plaintiff and Counter-Defendant
GSI Technology, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GSI TECHNOLOGY, INC., a Delaware Corporation,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>UNITED MEMORIES, INC., a Colorado Corporation, and INTEGRATED SILICON SOLUTION, INC., a Delaware Corporation,<br><br>Defendants and Counter-Claimants. | CASE NO.  13-CV-1081-PSG<br><br>**GSI TECHNOLOGY, INC.'S BENCH BRIEF TO PRECLUDE DEFENDANTS FROM DRAWING AN ADVERSE INFERENCE FROM THE ASSERTION OF PRIVILEGE**<br><br>Complaint Filed:  March 8, 2013<br><br>Courtroom:  1<br>Judge:  Hon. Paul S. Grewal<br>Trial Date:  October 26, 2015 |

DLA Piper LLP (US)
East Palo Alto

WEST\266131647.1        GSI'S BENCH BRIEF TO PRECLUDE DEFENDANTS FROM DRAWING AN ADVERSE
INFERENCE FROM THE ASSERTION OF PRIVILEGE / CASE NO. 13-CV-1081-PSG

## I. INTRODUCTION.

Throughout the first three weeks of trial, Defendants have employed a pattern of pointing to the existence of communications protected by GSI's attorney-client privilege, tacitly suggesting to the jury that it is not being told the whole story. This tactic is improper. Courts universally agree that assertion of the attorney-client privilege and the withholding of advice may not result in an adverse inference as to the nature of the communication. GSI seeks to preclude Defendants from making any characterization, argument, remark, reference, testimony or comment that an adverse or negative inference concerning the substance of privileged communications can be drawn based on GSI's assertion of the attorney-client privilege.

## II. CASE LAW PRECLUDES NEGATIVE INFERENCES BASED ON A PARTY'S INVOCATION OF PRIVILEGE.

The United States Supreme Court describes the attorney-client privilege as "the oldest of the privileges for confidential communications known to common law," and has stressed the public purpose:

> to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.

*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *see also Hunt v. Blackburn*, 128 U.S. 464, 470 (1888) (the attorney-client privilege is intended to encourage candid exchange of information); *Knorr-Bremse Sys. Fuer Nutzfahzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004).

In light of this policy, courts across the United States agree that in the civil context, a jury may not draw an adverse inference because of the assertion of the attorney-client privilege. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) ("[A]n adverse inference from an assertion of one's privilege not to reveal information is too high a price to pay"); *Nabisco, Inc. v. PF Brands, Inc.,* 191 F.3d 208, 226 (2nd Cir.1999) ("[W]e know of no precedent supporting such an [adverse] inference based on the invocation of the attorney-client privilege."), *overruled on other grounds*; *Moseley v. Secret Catalogue,* 537 U.S. 418, 123 S.Ct. 1115, 155 L.Ed.2d 1 (2003); *Knorr,* 383 F.3d at 1344 ("No adverse inference shall arise from invocation of

DLA Piper LLP (US)
East Palo Alto

WEST\266131647.1

-1-
GSI'S BENCH BRIEF TO PRECLUDE DEFENDANTS FROM DRAWING AN ADVERSE INFERENCE FROM THE ASSERTION OF PRIVILEGE / CASE NO. 13-CV-1081-PSG

the attorney-client and/or work product privilege."); *Parker v. Prudential Ins. Co.,* 900 F.2d 772, 775 (4th Cir.1990) (no negative inference permitted from assertion of attorney-client privilege); *In re Tudor Assocs.,* 20 F.3d 115, 120 (4th Cir. 1994) ("A negative inference should not be drawn from the proper invocation of the attorney-client privilege."); *see also Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, No. 5:14-CV-03750-PSG, 2015 WL 5569095, at *1 (N.D. Cal. Sept. 22, 2015) ("As Corning recognizes, it may not introduce evidence of an invocation of the attorney-client privilege to lead the jury towards an adverse inference of liability or willfulness."); *Sand Hill Advisors, LLC v. Sand Hill Advisors LLC*, No. C 08-5016 SBA MEJ, 2010 WL 3702372, at *5 (N.D. Cal. June 1, 2010) report and recommendation adopted, No. C 08-5016 SBA, 2010 WL 8500520 (N.D. Cal. Sept. 20, 2010) (refusing to draw adverse inference from invocation of privilege).

A party has a right to seek legal counsel, to obtain legal advice, and to maintain the confidentiality of those communications without being penalized for doing so. The inference that withheld legal advice, strategy, or other attorney-client communications are adverse to the client's actions can distort the attorney-client relationship, in derogation of the foundations of that relationship. *See Doe ex rel. Rudy-Glanzer*, 232 F.3d at 1265; *Knorr*, 383 F.3d at 1344. The attorney-client privilege protects "interests and relationships which . . . are regarded as of sufficient social importance to justify some sacrifice of availability of evidence relevant to the administration of justice." *Knorr*, 383 F.3d at 1344, *quoting* 1 McCormick on Evidence § 72, 299 (5th ed. 1999). Moreover, the privilege is designed to encourage clients to seek legal advice, and lawyers to give candid advice, all without adverse effect. *Nabisco*, 191 F.3d at 226.

Permitting an adverse inference from the assertion of the attorney-client privilege or work-product doctrine is fundamentally at odds with the purpose of those privileges. *Knorr*, 383 F.3d at 1345. Courts reason that the policy behind the attorney-client privilege is paramount and trumps an opponent's right to acquire information. *Doe ex rel. Rudy-Glanzer*, 232 F.3d at 1265. "There is precedent for the drawing of adverse inferences in circumstances other than those involving attorney-client relationships; for example when a party's refusal to testify or produce evidence in civil suits creates a presumption of an intent to withhold damaging information that is

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\266131647.1

-2-
GSI'S BENCH BRIEF TO PRECLUDE DEFENDANTS FROM DRAWING AN ADVERSE INFERENCE FROM THE ASSERTION OF PRIVILEGE / CASE NO. 13-CV-1081-PSG

1   material to the litigation.  However, the courts have declined to impose an adverse inference on

2   invocation of the attorney-client privilege." *Knorr*, 383 F.3d at 1345 *citing Nabisco,* 191 F.3d at

3   225-26.

### III. THE COURT SHOULD NOT PERMIT DEFENDANTS TO DRAW AN ADVERSE INFERENCE FROM THE ASSERTION OF PRIVILEGE.

6   Defendants have repeatedly asked questions about communications protected by GSI's

7   attorney-client privilege, requiring GSI to assert its attorney-client privilege.  For example,

8   counsel for UMI played a clip for the jury of David Chapman's 2013 deposition, the sole purpose

9   of which was to demonstrate that he refused to answer a question based on the attorney-client

10  privilege.  (Trial Tr. 10/30/15, 749:19-20.)  When GSI objected that assertion of the attorney-

11  client privilege was not admissible evidence, UMI conceded that "all [it] want[s] to show the jury

12  is the questions were asked [and] there was a refusal to answer."  (Trial Tr. 10/29/15, 750:20-

13  751:5.)  This was wholly improper.  Likewise, Defendants spent significant time asking about the

14  length, depth and longevity of Mr. Chapman's communications with GSI attorneys while

15  highlighting the secrecy of the information by outright stating, "Let's presume – and I'm not

16  waiving any rights – that it's attorney-client privilege" and "Don't disclose any communications

17  you had with [GSI's attorney] at this stage.  Be careful."  (Trial Tr. 10/30/15, 974:11-978:11.)

18  Such tactics imply to the jurors that there is much more to the story than what is being told in

19  Court.

20  GSI also suspects Defendants plan to use GSI's attorney Jeff Shohet as the scapegoat of

21  their ploy to draw an adverse inference from GSI's attorney-client privilege assertion.

22  Defendants have repeatedly made comments and asked questions about witness communications

23  with Mr. Shohet, GSI's former lead attorney for this case, readily admitting to the jury that they

24  have "talked about Mr. Shohet ad nauseum."  (Trial Tr. 10/30/15, 973:6.)  Defendants have even

25  gone so far as to display a picture of Mr. Shohet before the jury as a demonstrative.  (Trial Tr.

26  10/30/15, 973:8-9.)  Other than asking the jury to make an adverse inference from Mr. Shohet's

27  appearance in the photo or his failure to appear at trial—neither of which is appropriate—GSI can

28  ascertain no relevance of this information.  In short, Defendants are overemphasizing

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\266131647.1

-3-
GSI'S BENCH BRIEF TO PRECLUDE DEFENDANTS FROM DRAWING AN ADVERSE INFERENCE FROM THE ASSERTION OF PRIVILEGE / CASE NO. 13-CV-1081-PSG

1  Mr. Shohet's role to support the inference that Mr. Shohet's withheld opinions and advice
2  negatively impact GSI in this action.

3  This conduct and line of questioning and argument is improper.  GSI has the right to seek
4  legal counsel, to obtain legal advice, and to maintain the confidentiality of those communications
5  without being penalized for doing so.  By inferring that withheld opinions are adverse to GSI—or
6  simply that the jury is not hearing all the facts as a result of GSI's assertion of the privilege—
7  Defendants are distorting the attorney-client relationship, eroding the foundations of that
8  relationship.  By extension, because the Court granted GSI's motion to quash the subpoenas of
9  Jeffrey Shohet and Jeffrey Aronson to protect the attorney-client relationship and related
10 privilege, it is also improper for Defendants to argue an adverse inference because Messrs. Shohet
11 and Aronson did not appear to testify.

12 **IV.   CONCLUSION.**

13 GSI should not face a negative inference about the substance of the protected information
14 sought.  For the foregoing reasons, GSI requests that the Court enter an order barring Defendants
15 from making any characterization, argument, remark, reference, testimony or comment that an
16 adverse or negative inference concerning the substance of privileged communications can be
17 drawn based on GSI's assertion of the attorney-client privilege.

19 Dated:  November 16, 2015                DLA PIPER LLP (US)

20                                          By /s/ *Rajiv Dharnidharka*
21                                             RAJIV DHARNIDHARKA
                                               Attorneys for Plaintiff

DLA Piper LLP (US)
East Palo Alto

WEST\266131647.1

-4-
GSI'S BENCH BRIEF TO PRECLUDE DEFENDANTS FROM DRAWING AN ADVERSE INFERENCE FROM THE ASSERTION OF PRIVILEGE / CASE NO. 13-CV-1081-PSG