**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| GSI TECHNOLOGY, INC., | ) | Case No. 5:13-cv-01081-PSG |
| | ) | |
| Plaintiff, | ) | **FINAL JURY INSTRUCTIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED MEMORIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

## Table of Contents

1.   Burden of Proof – Preponderance of the Evidence.......................................... 4

2.   Burden of Proof – Clear and Convincing Evidence......................................... 5

3.   Expert Opinion ............................................................................................... 6

4.   Deposition in Lieu of Live Testimony ............................................................ 7

5.   Impeachment Evidence – Witness ................................................................... 8

6.   Demonstrative Evidence ................................................................................. 9

7.   Corporate Liability ....................................................................................... 10

8.   Multiple Parties ............................................................................................ 11

9.   Party Having Power to Produce Better Evidence .......................................... 12

10.  Failure to Explain or Deny Evidence ........................................................... 13

11.  GSI's Claims as to UMI ................................................................................ 14

12.  GSI's Claims as to ISSI ................................................................................ 15

13.  Misappropriation of Trade Secrets – Essential Factual Elements.................. 16

14.  "Trade Secret" Defined ................................................................................ 17

15.  Secrecy Requirement .................................................................................... 18

16.  Reasonable Efforts to Protect Secrecy .......................................................... 19

17.  "Independent Economic Value" Explained ................................................... 20

18.  Mere Possession of Another's Trade Secret .................................................. 21

19.  Certain Knowledge of Employee Not Imputed to Employer .......................... 22

20.  Improper Means of Acquiring Trade Secret .................................................. 23

21.  Misappropriation by Use .............................................................................. 24

22.  Misappropriation by Disclosure .................................................................... 25

23.  General Skills, Knowledge and Experience ................................................... 26

24.  Remedies for Misappropriation of Trade Secret ........................................... 27

25.  Causation: Substantial Factor ....................................................................... 28

26.  Misappropriation – Actual Loss – Lost Profits ............................................. 29

27.  Misappropriation – Unjust Enrichment......................................................... 30

28.  Unfair Competition ....................................................................................... 31

29.  "Unfair" Business Practice .......................................................................... 32

30.  Intentional Interference With Prospective Economic Relations –
     Essential Factual Elements ........................................................................... 33

31.  Causation: Substantial Factor........................................................................ 34

32.  Intentional Interference with Prospective Economic Relations – Actual Loss –
     Lost Profits ................................................................................................... 35

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

33.   Contract Performance – Breach of Contract – Elements of Liability .................................. 36

34.   Contract Performance – Breach of Contract Defined ........................................ 37

35.   Contract Interpretation – Disputed Term – LLDRAM ....................................... 38

36.   Contract Interpretation – Parties' Intent ....................................................... 39

37.   Contract Interpretation – Contract as a Whole .............................................. 40

38.   Contract Interpretation – Ordinary Meaning ................................................. 41

39.   Contract Interpretation – Use of Technical Words in a Contract ....................... 42

40.   Contract Interpretation – Specific and General Clauses .................................. 43

41.   Contract Damages – Special Damages ........................................................ 44

42.   Lost Profits ......................................................................................... 45

43.   Nominal Damages ................................................................................. 46

44.   Fraud – Intentional Misrepresentation ....................................................... 47

45.   False Promise ...................................................................................... 48

46.   Reliance .............................................................................................. 49

47.   Reasonable Reliance .............................................................................. 50

48.   Measures of Types of Damages ................................................................ 51

49.   Damages Arising in the Future – Discount to Present Cash Value .................... 52

50.   Punitive Damages ................................................................................. 53

51.   Affirmative Defense – Unclean Hands ....................................................... 54

52.   Affirmative Defense – Trade Secret Misappropriation – Information Was Readily
      Ascertainable by Proper Means ............................................................... 55

53.   Affirmative Defense – Trade Secret Misappropriation – Statute of Limitations .... 56

54.   Affirmative Defense – Breach of Contract – Waiver ...................................... 57

55.   Affirmative Defense – Breach of Contract – Non-compete – Statute of Limitations ........... 58

56.   Affirmative Defense – Fraud – Waiver ...................................................... 59

57.   Affirmative Defense – Fraud – Statute of Limitations .................................... 60

58.   Affirmative Defense – Estoppel ............................................................... 61

59.   Affirmative Defense – Mitigation of Damages ............................................ 62

60.   Schematics Beyond GSI's 25 Trade Secret Claims ....................................... 63

61.   Contention of Misappropriation Claimed in Bad Faith ................................... 64

62.   Introduction to Special Verdict Form ........................................................ 67

United States District Court
For the Northern District of California

3

### 1.  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 2. BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

### 3. EXPERT OPINION

Some witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reason given for the opinion, and all the other evidence in the case.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

### 4.   DEPOSITION IN LIEU OF LIVE TESTIMONY

As I have previously explained, a deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, or because the parties have agreed not to call an individual live, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court by videotape or read to you from a deposition transcript in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## 5.  IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness testified differently on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

8

# 6.  DEMONSTRATIVE EVIDENCE

During the trial, materials have been shown to you to help explain testimony or other evidence in the case. Other materials have also been shown to you during the trial, but they have not been admitted into evidence. You will not be able to review them during your deliberations because they are not themselves evidence or proof of any facts. You may, however, consider the testimony given in connection with those materials.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

# 7.  CORPORATE LIABILITY

Under the law, a corporation is considered to be a person. It can only act through its employees, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, directors, and officers performed within the scope of authority.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

**8.   MULTIPLE PARTIES**

There are two defendants in this trial, United Memories, Inc. and Integrated Silicon Solution, Inc. You should decide the case against each defendant separately as if it were a separate lawsuit.  Just as Plaintiff GSI Technology, Inc. deserves individual attention as to each claim it brings, each defendant is entitled to a fair and separate consideration of its defense.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

**9.   PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE**

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

12

**10. FAILURE TO EXPLAIN OR DENY EVIDENCE**

If a party failed to explain or deny evidence against it when it could reasonably be expected to have done so based on what it knew, you may consider its failure to explain or deny in evaluating that evidence.

It is up to you to decide the meaning and importance of the failure to explain or deny evidence against the party.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

**11. GSI'S CLAIMS AS TO UMI**

You are to decide whether GSI has met its burden of proving the following claims alleged in GSI's complaint as to UMI:

1.      Misappropriation of trade secrets;

2.      Unfair competition;

3.      Intentional interference with prospective economic relations;

4.      Breach of contract;

5.      Fraud; and

6.      False promise.

The elements that GSI must prove in order to succeed on these claims are described elsewhere in the instructions.

UMI denies those claims and also contends that:

1.      GSI's breach of contract claim is barred by the doctrine of fraud in the inducement;

2.      GSI's breach of contract and fraud claims are barred by the doctrine of waiver;

3.      GSI's misappropriation of trade secrets, breach of contract, and fraud claims are barred by the statute of limitations;

4.      GSI's breach of contract claim is barred due to GSI's failure to mitigate damages;

5.      GSI's unfair competition, intentional interference with prospective economic relations, misappropriation of trade secrets, breach of contract, fraud, and false promise claims are barred by the doctrine of unclean hands; and

6.      GSI's unfair competition, intentional interference with prospective economic relations, misappropriation of trade secrets, breach of contract, fraud, and false promise claims are barred by the doctrine of estoppel.

7.      Each of GSI's alleged trade secrets is readily ascertainable;

The elements that UMI must prove in order to succeed on these affirmative defenses are described elsewhere in the instructions.

GSI denies UMI's affirmative defenses.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

**12. GSI'S CLAIMS AS TO ISSI**

You are to decide whether GSI has met its burden of proving the following claims alleged in GSI's complaint as to ISSI:

1.      Misappropriation of trade secrets;

2.      Unfair competition; and

3.      Intentional interference with prospective economic relations.

The elements that GSI must prove in order to succeed on these claims are described elsewhere in the instructions.

ISSI denies those claims and also contends that:

1.      GSI's unfair competition, tortious interference with prospective economic relations, and misappropriation of trade secrets claims are barred by the doctrine of estoppel;

2.      GSI's unfair competition, tortious interference with prospective economic relations, and misappropriation of trade secrets claims are barred by the doctrine of unclean hands;

3.      GSI's unfair competition, tortious interference with prospective economic relations, and misappropriation of trade secrets claims are barred due to GSI's failure to mitigate damages; and

4.      Each of GSI's alleged trade secrets is readily ascertainable.

ISSI further contends that:

1.      GSI brought and maintained its trade secret misappropriation claims in bad faith.

The elements that ISSI must prove in order to succeed on these affirmative defenses and this bad faith claim are described elsewhere in the instructions.

GSI denies ISSI's affirmative defenses and bad faith contention.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 13. MISAPPROPRIATION OF TRADE SECRETS – ESSENTIAL FACTUAL ELEMENTS

The court has ruled that GSI owns each of 25 schematics based on a product design contract between GSI and UMI, named as follows:

1.   chcon
2.   rclk
3.   rclk_match
4.   dmmatch
5.   wclk
6.   rcbufwrc
7.   wbkcom
8.   qcalblk
9.   qcal
10.   qcaladj
11.   qcals
12.   pcalreg
13.   ncalreg
14.   fidec
15.   gclk
16.   yclkmix
17.   r13buf
18.   rbuf
19.   bnkcon
20.   yclkclk
21.   lwrite
22.   pretimer
23.   bab_s80
24.   lread
25.   rcbuf.

GSI claims that UMI and/or ISSI has misappropriated trade secret information in these schematics, which is distinct from the schematics themselves.  To succeed on these claims, GSI must prove all of the following for one or more of the 25 schematics.

1.      That GSI owned the information in the schematic, and not just the schematic itself;

2.      That the information was a trade secret at the time of the claimed misappropriation;

3.      That UMI and/or ISSI improperly acquired, used, or disclosed the trade secret;

4.      That GSI was harmed in connection with the trade secret; and

5.      That UMI and/or ISSI's improper acquisition, use, or disclosure of the trade secret was a substantial factor in causing GSI's harm.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 14. "TRADE SECRET" DEFINED

To prove a trade secret in the information in any of the 25 schematics, GSI must prove all of the following:

1.      That the information was secret;

2.      That the information had actual or potential independent economic value because it was secret; and

3.      That GSI made reasonable efforts to keep the information secret.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1

## 15. SECRECY REQUIREMENT

2

The secrecy required to prove that the information in any of the 25 schematics is a trade secret does
3  not have to be absolute in the sense that no one else in the world possesses the information.  It may
   be disclosed to employees involved in GSI's use of the trade secret as long as they are instructed to
4  keep the information secret.  It may also be disclosed to nonemployees if they are obligated to keep
   the information secret.  However, it must not have been generally known to the public or to people
5  who could obtain value from knowing it.

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

### 16. REASONABLE EFFORTS TO PROTECT SECRECY

To establish that the information in any of the 25 schematics is a trade secret, GSI must prove that it made reasonable efforts under the circumstances to keep the information secret. "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as GSI, exercising due care to protect important information of the same kind.

In determining whether or not GSI made reasonable efforts to keep the information secret, you should consider all the facts and circumstances. Among the factors you may consider are the following:

1.   Whether documents or computer files containing the information were marked with confidentiality warnings;

2.   Whether GSI instructed its employees to treat the information as confidential;

3.   Whether GSI restricted access to the information to persons who had a business reason to know the information;

4.   Whether GSI kept the information in a restricted or secure area;

5.   Whether GSI required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

6.   Whether GSI took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

7.   The extent to which any general measures taken by GSI would prevent the unauthorized disclosure of the information; and

8.   Whether there were other reasonable measures available to GSI that it did not take.

The presence or absence of any one or more of these factors is not necessarily determinative.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 17. "INDEPENDENT ECONOMIC VALUE" EXPLAINED

The information in any of the 25 schematics has independent economic value if it gives the owner an actual or potential business advantage over others who do not know the information and who could obtain economic value from its disclosure or use.

In determining whether the information had actual or potential independent economic value because it was secret, you may consider the following:

1.  The extent to which GSI obtained or could obtain economic value from the information in keeping it secret;

2.  The extent to which others could obtain economic value from the information if it were not secret;

3.  The amount of time, money, or labor that GSI expended in developing the information; and

4.  The amount of time, money, or labor that would be saved by a competitor who used the information.

The presence or absence of any one or more of these factors is not necessarily determinative.

United States District Court
For the Northern District of California

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 18. MERE POSSESSION OF ANOTHER'S TRADE SECRET

Possession of another's trade secret is not by itself a basis for liability.

United States District Court
For the Northern District of California

# 19. CERTAIN KNOWLEDGE OF EMPLOYEE NOT IMPUTED TO EMPLOYER

A company is deemed to have notice and knowledge of any facts any of its employees ought, in good faith and in the exercise of ordinary care and diligence, to communicate to the company.

GSI contends that ISSI engaged in acts that constitute misappropriation of trade secrets based on knowledge attributable to them through certain employees.  The law distinguishes between knowledge of an employee that is attributable to an employer and knowledge that is not.

One example of information that is not attributable to an employer through an employee is where an employee is acting adversely to the company in a transaction or matter, for the employee's own purposes, or acting for the interests of another person or company.

A second example of information that is not attributable to an employer through an employee is where an employee's knowledge is gained before or outside the scope of the employee's particular job duties and responsibilities.

A third example of information that is not attributable to an employer through an employee is where an employee lacks authority to bind the company, such as where an employee is not a company executive or officer, and whose job duties and responsibilities do not include entering into a transaction on behalf of the company.

A fourth example of information that is not attributable to an employer through an employee is when the employee has learned information subject to confidentiality protections, such as a non-disclosure agreement, that does not permit further disclosure to the employer.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

# 20. IMPROPER MEANS OF ACQUIRING TRADE SECRET

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft, misrepresentation, breach or inducing a breach of a duty to maintain secrecy, and acquisition with knowledge or reason to know that another party used improper means to acquire it.

However, it is not improper to acquire a trade secret or knowledge of the trade secret by any of the following:

1.      Independent efforts to invent or discover the trade secret;

2.      Obtaining the trade secret as a result of a license agreement with the owner of the information;

3.      Observing the trade secret in public use or on public display;

4.      Obtaining the trade secret from published literature, such as patents, trade journals, reference books, the Internet, or other publicly available sources; or

5.      Independently deriving the same information GSI claims as a trade secret.  Independent derivation can mean knowing the information before acquiring the information GSI alleges to constitute its trade secrets.  Independent derivation can also mean deriving the information from a source independent of GSI, or from a source not owned by GSI.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**21. MISAPPROPRIATION BY USE**

UMI and/or ISSI misappropriated a GSI trade secret by use if UMI and/or ISSI

1.      Used it without GSI's consent; and

2.      Did any of the following:

- At the time of the use, had acquired knowledge of the trade secret by improper means, as defined in other instructions;

- At the time of use, knew or had reason to know that its knowledge of the trade secret came from or through another party, and that another party had previously acquired the trade secret by improper means; or

- At the time of use, knew or had reason to know that its knowledge of the trade secret came from or through another party, and that another party had a duty to GSI to limit use of the trade secret.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

# 22. MISAPPROPRIATION BY DISCLOSURE

UMI misappropriated a GSI trade secret by disclosure if UMI

1.      disclosed it without GSI's consent; and

2.      at the time of disclosure, knew or had reason to know that its knowledge of the trade secret was acquired under the agreement between GSI and UMI, and the agreement created a duty to keep the secret confidential.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 23. GENERAL SKILLS, KNOWLEDGE AND EXPERIENCE

A former employee of another company has the right to use general skills, knowledge, and training after leaving the job, including for another employer, so long as he or she does not misappropriate the former employer's trade secrets or a third party's trade secrets known only to the employee by virtue of his or her previous employment.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 24. REMEDIES FOR MISAPPROPRIATION OF TRADE SECRET

If GSI proves that ISSI misappropriated a GSI trade secret, then GSI is entitled to recover damages if the misappropriation caused GSI to suffer an actual loss or unjustly enriched ISSI.

If ISSI's misappropriation did not cause GSI to suffer an actual loss or ISSI to be unjustly enriched, GSI may still be entitled to a reasonable royalty for no longer than the period of time the use could have been prohibited. However, I will calculate the amount of any royalty.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

## 25. CAUSATION: SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 26. MISAPPROPRIATION – ACTUAL LOSS – LOST PROFITS

GSI contends that its measure of actual loss caused by UMI's misappropriation of trade secrets is GSI's lost profits.

To recover damages for lost profits, GSI must prove with reasonable certainty GSI would have earned profits but for UMI's misappropriation of a trade secret.

To decide the amount of damages for lost profits, you must determine the gross amount GSI would have received but for UMI's conduct and then subtract from that amount the expenses including the value of the labor, materials, and manufacturing costs GSI would have had if UMI's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

# 27. MISAPPROPRIATION – UNJUST ENRICHMENT

ISSI was unjustly enriched if its misappropriation of GSI's trade secrets caused ISSI to receive a benefit that it otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of ISSI's benefit that would not have been achieved except for its misappropriation. Then subtract from that amount ISSI's reasonable expenses including the value of the labor and materials. In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for GSI's actual loss.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 28. UNFAIR COMPETITION

GSI claims that UMI and/or ISSI tortiously interfered with GSI's economic relationship with Cisco by engaging in unfair business practices and acts of unfair competition.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1

**29. "UNFAIR" BUSINESS PRACTICE**

2

A business practice can be "unfair" even if it is not illegal. To establish that UMI and/or ISSI

3

engaged in unfair business practices, GSI must establish UMI and/or ISSI's conduct significantly
threatens or harms competition.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 30. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS – ESSENTIAL FACTUAL ELEMENTS

GSI claims that UMI and/or ISSI intentionally interfered with an economic relationship between GSI and Cisco that probably would have resulted in an economic benefit to GSI.  To establish this claim, GSI must prove all of the following:

1.      That GSI and Cisco were in an economic relationship that probably would have resulted in an economic benefit to GSI;

2.      That UMI and/or ISSI knew of the relationship;

3.      That UMI and/or ISSI engaged in unfair competition;

4.      That by engaging in this conduct, UMI and/or ISSI intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur;

5.      That the relationship was disrupted;

6.      That GSI suffered economic harm; and

7.      That UMI and/or ISSI's conduct was a substantial factor in causing GSI's harm.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

### 31. CAUSATION: SUBSTANTIAL FACTOR

As explained earlier, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

**32.  INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS – ACTUAL LOSS – LOST PROFITS**

To recover damages for lost profits, GSI must prove it is reasonable certain GSI would have earned profits but for UMI and/or ISSI's intentional interference with prospective economic relations.

To decide the amount of damages for any lost profits, you must determine the gross amount GSI would have received but for UMI and/or ISSI's conduct and then subtract from that amount the expenses including the value of the labor, materials, and manufacturing costs GSI would have had if UMI and/or ISSI's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss

United States District Court
For the Northern District of California

### 33. CONTRACT PERFORMANCE – BREACH OF CONTRACT – ELEMENTS OF LIABILITY

I have already found that GSI entered into a contract with UMI in which UMI agreed (1) not to compete with GSI, directly or indirectly, for the design of a LLDRAM chip until at least April 30, 2013; (2) to protect GSI's confidential information; and (3) that GSI would own all circuit schematics and associated intellectual property, excluding Project Patents and intellectual property developed prior to or independent from the contract between GSI and UMI, as "deliverables" under the contract.

For GSI to recover from the UMI on GSI's claim of breach of contract, you must find either of the following have been proved by a preponderance of the evidence:

1.      UMI failed to comply with its obligation not to compete with GSI, directly or indirectly, for the design of an LLDRAM chip;

2.      UMI failed to protect confidential information in GSI's schematics; or

3.      UMI allowed ISSI to access and use circuit schematics and associated intellectual property owned by GSI.

If you find that none of these statements have not been proved, then your verdict must be for UMI.

On the other hand, if you find that one or more of these statements have been proved, then you must consider UMI'S affirmative defenses.

If you find that UMI proved any one or more of these affirmative defenses by a preponderance of the evidence, then your verdict must be for UMI.

However, if you find that none of these affirmative defenses have been proved, then your verdict must be for GSI.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 34. CONTRACT PERFORMANCE – BREACH OF CONTRACT DEFINED

A breach of contract is the failure to perform a contractual promise when performance is due.  A material breach occurs when a party fails to substantially comply with the essential terms of a contract.

In determining whether a breach is material, you may consider the nature of the promised performance, the purpose of the contract, and whether any defects in performance have defeated the purpose of the contract.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

### 35. CONTRACT INTERPRETATION – DISPUTED TERM – LLDRAM

GSI and UMI dispute the meaning of the following term contained in the contract:

> Article III.6
>
> "Low Latency DRAM Product" means a latency optimized and/or address rate optimized memory product that employs a capacitive charge-based memory cell technology, including, but not limited to, RLDRAM and FCRAM products.

GSI contends that the term "Low Latency DRAM Product" includes Atris. On the other hand, UMI claims that the term does not include Atris.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 36. CONTRACT INTERPRETATION – PARTIES' INTENT

The statements or conduct of the parties before any dispute arose between them is an indication of what the parties intended at the time the contract was formed.

To determine what the parties intended the terms of the contract to mean, you may also consider the language of the written agreement, the parties' negotiations of the contract, any earlier dealings between the parties, any reasonable expectations the parties may have had because of the promises or conduct of the other party, and any other facts or circumstances that existed at the time that the contract was formed.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 37. CONTRACT INTERPRETATION – CONTRACT AS A WHOLE

The entire agreement (with any attachments) is to be considered in determining the existence or nature of the contractual duties.  You should consider the agreement as a whole and not view clauses or phrases in isolation.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1

**38. CONTRACT INTERPRETATION – ORDINARY MEANING**

2

Words or phrases not defined in a contract should be given their plain, ordinary, and generally

3

accepted meaning.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**39. CONTRACT INTERPRETATION – USE OF TECHNICAL WORDS IN A CONTRACT**

When a contract uses words or phrases from a trade or technical field, those words or phrases should be given their usual meaning in that trade or technical field.

42

**40. CONTRACT INTERPRETATION – SPECIFIC AND GENERAL CLAUSES**

Where there is an inconsistency between general and specific provisions in a contract, the specific provisions express more exactly what the parties intended.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

# 41. CONTRACT DAMAGES – SPECIAL DAMAGES

GSI claims damages for lost profits.  These are special damages.

Under the limitation of liability provision in Section V.3 of the agreement, GSI may only recover lost profits for breach of the confidentiality provision in Article VI of the agreement.

The fact that an instruction on measure of damages has been given to you does not mean that I am instructing you to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

To recover for lost profits, in addition to proving that the limitation of liability for special damages is not valid, GSI must additionally prove that when the parties made the contract, UMI knew or reasonably should have known of the special circumstances leading to GSI's claimed lost profits.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1

## 42. LOST PROFITS

2

To decide the amount of damages for lost profits, you must determine the gross amount GSI would have received but for UMI's conduct and then subtract from that amount the expenses including the value of the labor, materials, and manufacturing costs GSI would have had if UMI's conduct had not occurred.

3

4

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1

### 43. NOMINAL DAMAGES

2   If you find in favor of GSI on its breach of contract claim, but do not award any special damages,
3   you shall award GSI nominal damages in the sum of one dollar.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 44. FRAUD – INTENTIONAL MISREPRESENTATION

GSI claims that UMI made a false representation that harmed GSI. To establish this claim, GSI must prove all of the following:

1.    That UMI represented to GSI that a fact was true;

2.    That UMI'S representation was false;

3.    That UMI knew that the representation was false when UMI made it, or that UMI made the representation recklessly and without regard for its truth;

4.    That UMI intended that GSI rely on the representation;

5.    That GSI reasonably relied on UMI'S representation;

6.    That GSI was harmed; and

7.    That GSI's reliance on UMI'S representation was a substantial factor in causing GSI's harm.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 45. FALSE PROMISE

GSI claims it was harmed because UMI made a false promise. To establish this claim, GSI must prove all of the following:

1.      That UMI made a promise to GSI;

2.      That UMI did not intend to perform this promise when UMI made it;

3.      That UMI intended that GSI rely on this promise;

4.      That GSI reasonably relied on UMI'S promise;

5.      That UMI did not perform the promised act;

6.      That GSI was harmed; and

7.      That GSI's reliance on UMI promise was a substantial factor in causing GSI's harm.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 46. RELIANCE

GSI relied on UMI's misrepresentation or false promise if:

1.     The misrepresentation or false promise substantially influenced GSI to engage UMI to design the 576 Mb chip for GSI; and

2.     GSI would probably not have engaged UMI without the misrepresentation or false promise.

It is not necessary for a misrepresentation or false promise to be the only reason for GSI's conduct.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

### 47. REASONABLE RELIANCE

In determining whether GSI's reliance on the misrepresentation or false promise was reasonable, GSI must first prove that the matter was material.  A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for GSI to rely on the misrepresentation or false promise. In making this decision, take into consideration GSI's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to rely on a misrepresentation or false promise that is preposterous. It also is not reasonable for anyone to rely on a misrepresentation or false promise if facts that are within its observation show that it is obviously false.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1

## 48. MEASURES OF TYPES OF DAMAGES

2

3

In determining the measure of damages for any UMI false promise, you may award only general damages.  GSI may not obtain lost profits or potential business opportunity damages, which are special damages.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

51

## 49. DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages. Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 50. PUNITIVE DAMAGES

If you find for GSI on its misappropriation, intentional interference with prospective economic relations, fraud or false promise claims, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

GSI has the burden of proving by clear and convincing evidence of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that UMI and/or ISSI's conduct that harmed GSI was malicious, oppressive or in reckless disregard of GSI's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct. In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff. You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award GSI only nominal, and not compensatory, damages.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 51. AFFIRMATIVE DEFENSE – UNCLEAN HANDS

UMI and ISSI each claim as a defense that GSI's misconduct precludes its enforcement of GSI's claims. To establish this defense, UMI and/or ISSI must prove that GSI's conduct was unconscionable and resulted in prejudice to UMI and/or ISSI.

GSI's misconduct must be intimately connected with GSI's claims and of such a prejudicial nature that it would be unfair to allow GSI to rely on its claim.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 52. AFFIRMATIVE DEFENSE – TRADE SECRET MISAPPROPRIATION – INFORMATION WAS READILY ASCERTAINABLE BY PROPER MEANS

UMI and/or ISSI did not misappropriate a GSI trade secret if UMI and/or ISSI proves that the trade secret information in the schematic was readily ascertainable by proper means at the time of the alleged misappropriation.

There is no fixed standard for determining what is "readily ascertainable by proper means."  In general, information is readily ascertainable if it can be obtained, discovered, developed, or compiled without significant difficulty, effort, or expense.  For example, information is readily ascertainable if it is available in trade journals, reference books, or published materials.  On the other hand, the more difficult information is to obtain, and the more time and resources that must be expended in gathering it, the less likely it is that the information is readily ascertainable by proper means.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 53. AFFIRMATIVE DEFENSE – TRADE SECRET MISAPPROPRIATION – STATUTE OF LIMITATIONS

If GSI proves that its trade secrets were misappropriated by UMI, then you must consider each and every one of UMI'S affirmative defenses. UMI contends that GSI's claim for misappropriation of its alleged trade secrets was not filed within the time set by law.

UMI will succeed on this defense if it shows that the claimed misappropriation of GSI's trade secrets occurred before August 20, 2010.

If UMI shows that the claimed misappropriation of GSI's trade secrets occurred before August 20, 2010, then GSI can only prove that the lawsuit was filed on time if GSI proves that before August 20, 2010, it did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that UMI had misappropriated the information that GSI claims are its trade secrets. If GSI fails to prove this, then you must enter a verdict for UMI.

56

### 54. AFFIRMATIVE DEFENSE – BREACH OF CONTRACT – WAIVER

UMI is not legally responsible to GSI on GSI's claim of breach of the 2008 contract if the affirmative defense of waiver is proved.

I have already found that no waiver of any term of the contract could be deemed a further or continuing waiver of that term.

This defense is proved if you find all of the following:

1.      GSI knew that UMI was required to perform a promise by the 2008 contract;

2.      GSI knew that failure of UMI to perform this contractual promise gave GSI the right to sue UMI for breach of contract;

3.      GSI intended to give up this right; and

4.      GSI voluntarily gave up this right.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 55. AFFIRMATIVE DEFENSE – BREACH OF CONTRACT – NON-COMPETE – STATUTE OF LIMITATIONS

UMI contends that GSI's breach of contract claim based upon breach of the covenant not-to-compete embodied in certain provisions of the 2008 contract was not filed within the time set by law.

UMI is not legally responsible to GSI for breach of the non-compete provision of the 2008 contract if you find the following:

1.      That UMI directly or indirectly, designed or developed, or contributed to the design or development of the Atris chip during the term of the 2008 contract at issue, in breach of the express language of that contract; and

2.      That GSI knew, or should have known with the exercise of reasonable diligence, that UMI directly or indirectly, designed or developed, or contributed to the design or development of Atris during the term of the 2008 contract at issue, in breach of the express language of that contract before March 8, 2010 (three years before the filing of the original complaint).

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 56. AFFIRMATIVE DEFENSE – FRAUD – WAIVER

If GSI proves its fraud claim, then you must consider each of UMI's affirmative defenses.

UMI is not legally responsible to GSI on its fraud claim if the affirmative defense of waiver is proved. This defense is proved if you find both of the following:

1.      GSI learned the actual facts after it began performing its obligations under the 2008 contract, but before it completed them; and

2.      GSI continued performing its obligations with full knowledge of the actual facts when a reasonable person under the same or similar circumstances would not have done so.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

1

## 57. AFFIRMATIVE DEFENSE – FRAUD – STATUTE OF LIMITATIONS

2

3

UMI is not responsible for GSI's damages if GSI did not file its fraud claim within the time set by law. You only need to consider this defense if you have already determined that GSI has proved its fraud claim against UMI.

4

5

You must enter a verdict for UMI if you find it is more likely than not that the harm GSI claims resulted from the fraud occurred before March 8, 2010, and that GSI could not have discovered the fraud before that date.

6

7

If you find that GSI's claimed harm occurred before March 8, 2010, then GSI has the burden to show that its fraud claim was still filed on time. To do so, GSI must prove both of the following:

8

9

1.      GSI must prove that it did not discover facts constituting the fraud or mistake before March 8, 2010; and

10

11

2.      GSI must prove that it could not have discovered any such facts even if it had acted with reasonable diligence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

60

**United States District Court**
For the Northern District of California

### 58. AFFIRMATIVE DEFENSE – ESTOPPEL

UMI and ISSI each claim as a defense that GSI is barred from each of its claims. To establish this defense, UMI and/or ISSI must prove all of the following:

(1) That GSI made a representation of fact by words or conduct intending that UMI and/or ISSI should rely on it. This conduct may also include silence if GSI had a duty to speak and remained silent knowing that the circumstances required it to speak;

(2) That GSI knew the facts;

(3) That UMI and/or ISSI was ignorant of the true state of facts; and

(4) That UMI and/or ISSI reasonably relied on GSI's representation to UMI and/or ISSI's injury. UMI and/or ISSI's reliance must be reasonable in the sense that under the circumstances a reasonable person would have acted as UMI and/or ISSI did.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 59. AFFIRMATIVE DEFENSE – MITIGATION OF DAMAGES

If you decide UMI and/or ISSI is responsible for the original harm to GSI, GSI is not entitled to recover damages for harm that UMI and/or ISSI proves GSI could have avoided with reasonable efforts or expenditures.  GSI has a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts.

You should consider the reasonableness of GSI's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

If GSI made reasonable efforts to avoid harm, then your damages award to GSI should include reasonable amounts that it spent for this purpose.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 60. SCHEMATICS BEYOND GSI'S 25 TRADE SECRET CLAIMS

You have heard testimony about schematics other than the 25 schematics GSI claims as trade secrets in this lawsuit, including testimony about 273 or so "non-trade secret" schematics.

The Court has ruled that GSI has no claim against ISSI regarding ISSI's acquisition or use of any schematic other than the 25 schematics claimed as trade secrets.  In other words, you cannot find against ISSI and in favor of GSI with regards to liability or damages based on ISSI's acquisition or use of the 273 or so "non-trade secret" schematics.

Evidence regarding schematics beyond the 25 trade secret claims may nevertheless be considered on other issues, such as

1.      GSI's breach of contract claim against United Memories;

2.      Whether ISSI knew or should have known that at some point it had in its possession GSI trade secrets; and

3.      Whether GSI brought this lawsuit in bad faith.

63

**61. CONTENTION OF MISAPPROPRIATION CLAIMED IN BAD FAITH**

If you conclude that GSI has not proved its misappropriation claim, you should determine whether GSI brought the claim in bad faith. GSI filed the misappropriation claim on October 3, 2013 in the Second Amended Complaint. To prove GSI brought its misappropriation claim in bad faith, ISSI must prove by clear and convincing evidence

1.      That GSI's misappropriation claim is objectively specious and

2.      That GSI acted in subjective bad faith in bringing or maintaining the claim.

An objectively specious claim is defined as one without substance in reality. To show subjective bad faith, ISSI must prove that GSI engaged in misconduct that is at least reckless or grossly negligent, if not intentionally negligent and willful.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

## 62. INTRODUCTION TO SPECIAL VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**SO ORDERED.**

Dated: November 22, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

**United States District Court**
For the Northern District of California

Case No. 5:13-cv-01081-PSG
FINAL JURY INSTRUCTIONS