CONSTANCE F. RAMOS (Bar No. 203637)
cframos@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

KORULA T. CHERIAN (Bar No. 133967)
sunnyc@ruyakcherian.com
ROBERT F. RUYAK (*pro hac vice*)
robertr@ruyakcherian.com
RUYAKCHERIAN LLP
1776 Eye Street, NW, Suite 750
Washington, DC 20006
Telephone:   (202) 838-1560

Attorneys for Defendant
UNITED MEMORIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GSI TECHNOLOGY, INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED MEMORIES, INC., a Colorado Corporation, and INTEGRATED SILICON SOLUTION, Inc., a Delaware Corporation,<br><br>            Defendants.<br><br>UNITED MEMORIES, INC., a Colorado Corporation,<br><br>            Counterclaim-Plaintiff,<br><br>     v.<br><br>GSI TECHNOLOGY, INC., a Delaware Corporation,<br><br>            Counterclaim-Defendant. | Case No.  13-CV-1081-PSG<br><br>**DECLARATION OF CONSTANCE F. RAMOS IN SUPPORT OF DEFENDANT UNITED MEMORIES, INC.'S MOTION FOR FEES AND EXPENSES; BILL OF COSTS**<br><br>Complaint: Filed March 8, 2013<br>Judge: Hon. Paul S. Grewal |

I, Constance F. Ramos, declare as follows:

1. I am an attorney at law duly authorized to practice before the Courts of the State of California and I am a partner at Winston & Strawn, LLP, counsel for Defendant United Memories, Inc. ("UMI"). I have personal knowledge of the facts herein, except for those matters that are stated on information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would competently testify thereto.

2. The present declaration is made in support of UMI's motion for fees and expenses incurred in the above-captioned action ("UMI's Fee Motion"). The declaration also supports UMI's Bill of Costs filed concurrently herewith.

3. On December 22, 2015, counsel for UMI (myself, Robert Ruyak, and Ted Farrell) met and conferred with plaintiff's counsel (Kellin Chatfield) regarding both parties' anticipated motions for fees. Counsel agreed that until the Court has resolved certain issues anticipated to be raised in post-trial motions (e.g. Rule 50(b) motions for judgment as a matter of law), which were yet to be filed, any negotiations about amounts incurred would be difficult and premature. Counsel also agreed that the amounts requested at this juncture will require subsequent updating, in order to include additional fees and expenses not yet invoiced.

4. I have been counsel of record since March 2013, when this matter was first filed. At the time, I was a partner of Hogan Lovells LLP ("Hogan"), as was K.T. Cherian, lead attorney on this matter. Mr. Cherian and I moved from Hogan to Winston and Strawn LLP ("Winston") in May 2014. Mr. Cherian later moved to RuyakCherian LLP ("RuyakCherian") in October 2015.

5. Attached as **Exhibit A** is a schedule of the services rendered by the three law firms who represented UMI over the course of this litigation—Hogan, Winston and RuyakCherian—and for which UMI claims reimbursement for its legal fees and expenses. The schedule includes a summary of the time spent by each person (organized by law firm) and, where possible, phases in the litigation. The three law firms represented UMI over the course of the litigation as follows: Hogan – January 14, 2013-April 30, 2014; Winston – May 1, 2014-present; and RuyakCherian

1

October 2015-present. Exhibit A also lists by name the individual time keepers from each firm, each individual's title and billing rate, and actual amounts billed per relevant litigation phase.

6. As shown in Exhibit A, the fees incurred during Hogan's representation of UMI are partitioned into the following phases: Pre-Suit Investigations, Response To Complaint And Request For Temporary Restraining Order, Expedited Discovery/Permanent Injunction, Motion To Dismiss First Amended Complaint, and Motion To Dismiss Second Amended Complaint.

7. Also shown in Exhibit A are the fees incurred during Winston's representation of UMI, partitioned into the following phases: [May 1, 2014 through April 30, 2015] Internal Case Management and Fact Investigation, Respond to Second Amended Complaint, Discovery on GSI Trade Secrets and related Motion Practice;[1] [May 1, 2015 through July 31, 2015] Depositions, Motions to Compel, Summary Judgment; [August 8, 2015 through October 25, 2015] Mediation and Pre-Trial Preparation; [October 26, 2015 through November 25, 2015] Trial; [November 26, 2015 to December 15, 2015] Post-Trial Motion Practice.

8. Also shown in Exhibit A are the fees incurred during RuyakCherian's representation of UMI from October 25, 2015 through December 15, 2015. Since this firm's representation began just before trial, all individual time entries have been included in this section of the exhibit, showing: each billing attorney (Robert Ruyak, Korula Cherian, Brittany Ruyak and Arthur Farrell), his or her billing rate, and hours worked per entry, and a shortened description of the pre-trial, trial, or post-trial activities. The total number of attorney hours expended in this action by RuyakCherian from October 2015 through December 15, 2015 was 1104.75 hours. The total lodestar for RuyakCherian is $803,475.00. The fees incurred for each individual attorney at RuyakCherian are as follows: Mr. Ruyak – $320,750 (320.75 hours); Mr. Cherian –$262,800 (292 hours); Arthur Farrell – $114,540 (190.9 hours); and Brittany Ruyak – $105,385.00 (301.1 hours). On information and belief, it is my understanding that RuyakCherian wrote off all attorneys' hours expended in this matter exceeding more than twelve hours per day, and also wrote off any and all PACER and LEXIS charges.

---

[1] In my estimation, the vast majority of time counsel for UMI expended in this phase was spent investigating and litigating the trade secrets allegations lodged against UMI.

9. Attached as **Exhibit B** are the publicly available bios of the attorneys who billed time to this matter from each of the three law firms. These bios describe each attorney's relevant qualifications and experience. The exhibit is organized by firm (Hogan, Winston, and RuyakCherian). The principal attorneys who billed time to this matter are: Korula Cherian (lead attorney, Hogan, Winston and RuyakCherian), Constance Ramos (Winston); Sarah Jalali (Hogan), Robert Ruyak (Winston and RuyakCherian), Arthur Farrell (Winston and RuyakCherian), and Brittany Ruyak (RuyakCherian).

10. Pursuant to standard billing practices at all three firms, and on information and belief, the timekeepers who worked on this case recorded their time worked in one-tenth of an hour increments, and with a detailed description of services, contemporaneously with the rendition of legal services. The accounting departments of Hogan, Winston, and RuyakCherian each produced printouts of the time spent and fees billed to this matter, and expenses incurred, and provided those reports to me in support of UMI's Fee Motion. I have reviewed each of those reports, as well as the actual invoices submitted to UMI from the Hogan and Winston firms. Individual timekeeper entries listed in the Hogan and Winston reports (without narratives) are attached hereto as **Exhibit C.** UMI was offered a 15% discount on fees by both Hogan and Winston.

11. In connection with UMI's Fee Motion, I prepared a list of task codes to reflect the litigation activities attorneys at Hogan, Winston and RuyakCherian undertook during the course of each firm's representation of UMI in this matter. The litigation activities are accurately categorized into 24 separate tasks that UMI's counsel performed in this action. Those task codes are enumerated in the attached **Exhibit D**. Each of the individual time entries on the billing reports generated by each firm can be assigned a task code from the list in this exhibit.

12. Attached hereto as **Exhibit E** is a summary of the non-fee expenses (costs) Hogan incurred in this litigation.

13. Attached hereto as **Exhibit F** is a summary of the non-fee expenses (costs)Winston incurred in this litigation.

3

DECLARATION OF CONSTANCE F. RAMOS IN SUPPORT OF DEFENDANT UNITED MEMORIES, INC.'S MOTION
FOR FEES AND EXPENSES -- CASE NO. 13-CV-1081-PSG

SF:402858.1

14.     Attached hereto as **Exhibit G** is a summary of the non-fee expenses (costs) RuyakCherian incurred in this litigation. (These non-fee expenses also appear on the chart for Winston's expenses as "Local Counsel Fees.")

15.     I have reviewed the invoices from two experts retained by UMI during the course of this litigation. The total number of expert fees and expenses incurred by UMI in this matter were: (1) $6,250 in fees and expenses to technical expert Dennis Wilson (Corban Concepts, Inc.); and (2) $32,762 in fees and expenses to damages expert Nisha Mody (OSKR).

16.     Attached hereto as **Exhibit H** is a summary of various UMI filings demonstrating the substantial litigation activity UMI undertook to defend itself in this action: (a) the discovery disputes—including, but not limited to the dispute regarding GSI's identification of trade secrets (34); (b) the two summary judgment motions that UMI filed in this case, and oppositions to those that were filed against it (12); (c) other motions filed not included in the first two categories (62); (d) the declarations filed by UMI's CEO, Mr. Jon Faue, in support of various motions (4, Doc. 93-3 is no longer on the court docket); (e) the minute entries relating to the numerous hearings in this case (38); and (6) the pretrial submissions that UMI filed in this action (14). Furthermore, a substantial amount of documents were produced: on information and belief, GSI produced over 775,000 Bates stamped pages of documentation, and the parties collectively produced over a 1.3 million pages of Bates stamped materials.

17.     Attached hereto as **Exhibit I** is a true and correct copy of relevant excerpts from the March 28, 2013 hearing transcript (GSI's motion for temporary restraining order).

18.     Attached hereto as **Exhibit J** is a true and correct copy of relevant excerpts from the June 27, 2013 hearing transcript (GSI's motion for preliminary injunction).

19.     Attached hereto as **Exhibit K** is a true and correct copy of the contract at issue (Trial Exhibit 4013).

20.     Attached hereto as **Exhibit L** is a true and correct copy of relevant excerpts from the October 9, 2015 pre-trial conference hearing transcript.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

21. Attached hereto as **Exhibit M** is a true and correct copy of relevant excerpts from the February 3, 2015 hearing transcript (UMI's December Motion for Summary Judgment).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of December, 2015.

*/s/ Constance F. Ramos*
CONSTANCE F. RAMOS

**Winston & Strawn LLP**
101 California Street
San Francisco, CA  94111-5802

5
DECLARATION OF CONSTANCE F. RAMOS IN SUPPORT OF DEFENDANT UNITED MEMORIES, INC.'S MOTION FOR FEES AND EXPENSES -- CASE NO. 13-CV-1081-PSG
SF:402858.1