UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GSI TECHNOLOGY, INC., <br> Plaintiff, <br> v. <br> UNITED MEMORIES, INC., et al., <br> Defendants. | Case No. 5:13-cv-01081-PSG <br><br> **ORDER RE: ORAL ARGUMENT** <br><br> (Re: Docket Nos. 1062, 1065, 1071, 1072, 1073, 1074) |

In a technology community like ours that prizes youth—at times unfairly—there is one place where youth and inexperience seemingly comes with a cost: the courtroom. In intellectual property case after intellectual property case in this courthouse, legions of senior lawyers with decades of trial experience regularly appear. Nothing surprises about this. When trade secret or patent claims call for millions in damages and substantial injunctive relief, who else should a company call but a seasoned trial hand? But in even the brief tenure of the undersigned, a curious trend has emerged: the seasoned trial hand appears for far more than trial itself. What once might have been left to a less experienced associate is now also claimed by senior counsel. Motion to compel discovery? Can't risk losing that. Motion to exclude expert testimony? Can't risk losing that, either. Motion to exclude Exhibit 20356 as prejudicial under Fed. R. Evid. 403? Same thing.

All of this raises a question: who will try the technology cases of the future, when so few opportunities to develop courtroom skills appear? It is difficult to imagine handing entire intellectual property trials to a generation that never had the chance to develop those skills in more limited settings. Senior lawyer and their clients may shoulder some of the blame, but surely courts and judges like this one must accept a large part of the responsibility. Perhaps this explains the

growing and commendable effort by leaders on the bench to promote courtroom opportunities for less experienced lawyers, especially in intellectual property disputes.[1]

This case offers this member of the bench a chance to start doing his small part.  In a jury trial lasting several weeks, the court was privileged to witness some of the finest senior trial counsel anywhere present each opening statement, each direct and cross-examination and each closing argument. The court intends no criticism of any party's staffing decisions.  But with no fewer than six post-trial motions set for argument next week, surely an opportunity can be made to give those associates that contributed mightily to this difficult case a chance to step out of the shadows and into the light.  To that end, the court expects that each party will allow associates to present its arguments on at least two of the six motions to be heard.  If any party elects not to do this, the court will take its positions on all six motions on the papers and without oral argument.

**SO ORDERED.**

Dated: March 9, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[1] *See, e.g.*, ChIP's Next Gen Committee, *Judicial Orders Providing/Encouraging Opportunities for Junior Lawyers*, *available at* http://chipsnetwork.org/wp-content/uploads/2016/02/Judicial-Orders-re-Next-Gen-2.4.16.pdf.

2

Case No. 5:13-cv-01081-PSG
ORDER RE: ORAL ARGUMENT