\

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GSI TECHNOLOGY, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED MEMORIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 5:13-cv-01081-PSG<br><br>**ORDER RE: PARTIES' STIPULATION TO VACATE HEARING**<br><br>**(Re: Docket No. 1115)** |

　　　　The day before last, I expressed my concerns about the lack of courtroom opportunities for law firm associates in intellectual property cases like this one.[1] Recognizing the court's own important role in encouraging clients and partners to give up the podium once in a while, I asked that each party give associates the chance to argue just two of six motions set for hearing on Monday.[2]

　　　　This morning, the parties and their counsel responded. But rather than confirm their commitment to this exercise, the parties jointly stipulated simply to take all motions off calendar and submit them without any hearing.[3] No explanation was given; perhaps associate preparation and travel costs were the issue. In any event, once again, another big intellectual property case will come and go, and the associates who toil on it will largely do so without ever being heard.

　　　　I appreciate that my order acknowledged the possibility that the parties would decline this

---

[1] *See* Docket No. 1112.

[2] *See id.* at 2; *see also* Docket Nos. 1062, 1065, 1071, 1072, 1073, 1074.

[3] *See* Docket No. 1115.

1
Case No. 5:13-cv-01081-PSG
ORDER RE: PARTIES' STIPULATION TO VACATE HEARING

opportunity and simply submit their motions on the papers.[4] But I would be remiss if I did not observe the irony of another missed opportunity to invest in our profession's future when two of the motions originally noticed for hearing seek massive fees and costs.[5] To be clear, GSI asks for $6,810,686.69 in attorney's fees, $1,828,553.07 in non-taxable costs[6] and $337,300.86 in taxable costs,[7] while UMI asks for $6,694,562 in attorney's fees, $648,166 in expenses[8] and $302,579.70 in taxable costs.[9] That a few more dollars could not be spent is disappointing to me. My disappointment, however, is unlikely to compare to the disappointment of the associates, who were deprived yet again of an opportunity to argue in court.

**SO ORDERED.**

Dated: March 11, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See* Docket No. 1112 at 2.

[5] *See* Docket Nos. 1065, 1074.

[6] *See* Docket No. 1064-4 at 1.

[7] *See* Docket No. 1066 at 1.

[8] *See* Docket No. 1074-1 at 25.

[9] *See* Docket No. 1086 at 1. Each party specifies that these fees and costs are not the final figures. *See* Docket No. 1064-1 at 1 n.2; Docket No. 1074-1 at 25.

2
Case No. 5:13-cv-01081-PSG
ORDER RE: PARTIES' STIPULATION TO VACATE HEARING