UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GSI TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED MEMORIES, INC., et al.,<br><br>Defendants. | Case No. 5:13-cv-01081-PSG<br><br>**ORDER GRANTING-IN-PART MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>**(Re: Docket No. 1072)** |

Defendant United Memories, Inc. moves for entry of a revised or amended judgment.[1] UMI's motion is GRANTED-IN-PART: UMI is correct that the court must issue findings of fact and conclusions of law as to Plaintiff GSI Technology, Inc.'s claim for unfair competition, but all other relief requested is DENIED.

**I.**

At the end of the trial between GSI and UMI and Defendant Integrated Silicon Solutions, Inc., the court instructed the jury on GSI's claims for misappropriation of trade secrets and intentional interference with prospective economic relations against UMI and ISSI, and for breach of contract, fraud and false promise against UMI, and UMI and ISSI's assorted affirmative defenses and bad faith contention.[2] The court also instructed the jury on unfair competition, which

---

[1] *See* Docket No. 1072-1.

[2] *See* Docket No. 1043.  *See also* Docket No. 1047 (amended jury instruction no. 33); Docket No. 1050 (amended jury instructions nos. 26.1, 26.2).

1
Case No. 5:13-cv-01081-PSG
ORDER GRANTING-IN-PART MOTION FOR ENTRY OF FINAL JUDGMENT

was a predicate element for GSI's TIPER claim.[3]

Accompanying the lengthy jury instructions was a lengthy verdict form on the five claims presented to the jury: misappropriation of trade secrets, TIPER, breach of contract, fraud and false promise, along with the affirmative defenses and bad faith contention.[4]  The court had previously ruled that it would try the jury claims first and then decide GSI's Cal. Bus. & Prof. Code § 17200 claim for unfair competition afterward based on the evidence presented during the jury trial.[5]

After instruction and deliberation, the jury returned its verdict: It found that UMI had misappropriated four trade secrets belonging to GSI and rejected UMI's affirmative defenses to the misappropriation claim.[6]  The jury also found that ISSI had not misappropriated any trade secrets, that GSI's actual loss for misappropriation was $0 and that GSI had not asserted the misappropriation claim in bad faith.[7]  On the TIPER claim, the jury found that neither UMI nor ISSI had engaged in unfair competition, and so neither party had intentionally interfered with GSI's economic relationship with Cisco, Inc.[8]  On the breach of contract claim, the jury found that UMI had breached its contract with GSI, rejected UMI's affirmative defenses and awarded GSI $532,400 in "general damages" and $421,000 in "special damages," for a total of $953,400.[9]  On the fraud claim, the jury found that UMI had not made a false representation to GSI.[10]  On the

---

[3] *See* Docket No. 1043 at 31-33.

[4] *See* Docket No. 1044.

[5] *See* Docket No. 906 at 40:19-41:4.

[6] *See* Docket No. 1055 at 4-9.

[7] *See id.* at 10-14.  On the verdict form given to the jury, Question 25 originally read "What was the amount of GSI's general damages?" but this was corrected to "actual loss" during deliberations.  *See* Docket No. 1054 at 3 (second jury note).

[8] *See* Docket No. 1055 at 15, 19.

[9] *See id.* at 23-26.

[10] *See id.* at 27.

false promise claim, the jury found that although UMI had made a promise to GSI, UMI had intended to perform this promise at the time that it made it.[11]

After trial, GSI and UMI filed a flurry of post-trial motions for JMOL, new trial, entry of judgment and attorney's fees.[12] As relevant to this motion, the court resolved the motions for JMOL by affirming the jury's verdict that GSI had four trade secrets, which UMI had misappropriated, and affirming the jury's verdict that UMI had breached its contract with GSI, but vacating the jury's damages award on the breach of contract claim.[13]

In its motion for entry of judgment, UMI argues that the verdict rendered by the jury was a special verdict requiring the court to apply the relevant laws to the facts found by the jury.[14] UMI thus asks the court to do so and to enter final judgment that it was the prevailing party on all claims GSI raised in the course of this litigation.

## II.

This court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[15]

Although the Federal Rules of Civil Procedure do not explicitly define general verdicts, the law in the Ninth Circuit is that "general verdicts require the jury to apply the law to the facts, and therefore require legal instruction, whereas special verdicts 'compel the jury to focus exclusively on its fact-finding role.'"[16] "If the jury announces only its ultimate conclusions, it returns an ordinary general verdict; if it makes factual findings in addition to the ultimate legal conclusions,

---

[11] *See* Docket No. 31.

[12] *See* Docket Nos. 1062, 1065, 1071, 1072, 1073, 1074-1.

[13] *See* Docket No. 1118.

[14] *See* Docket No. 1072-1.

[15] *See* Docket No. 236 at 11.

[16] *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003) (quoting *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir.1991)).

3
Case No. 5:13-cv-01081-PSG
ORDER GRANTING-IN-PART MOTION FOR ENTRY OF FINAL JUDGMENT

1    it returns a general verdict with interrogatories.  If it returns only factual findings, leaving the court

2    to determine the ultimate legal result, it returns a special verdict."[17]

3          Fed. R. Civ. P. 49 defines special verdicts and general verdicts with answers to written

4    questions.  A special verdict consists of "a special written finding on each issue of fact."[18]  A

5    general verdict with answers to written questions is a general verdict with "written questions on

6    one or more issues of fact that the jury must decide."[19]  When giving a general verdict with

7    answers to written questions, the court "must give the instructions and explanations necessary to

8    enable the jury to render a general verdict and answer the questions in writing, and must direct the

9    jury to do both."[20]  When a jury has returned a general verdict and written answers that are

10   consistent, the court must approve entry of judgment on the verdict and answers under Fed. R.

11   Civ. P. 58.[21]

## III.

13   *First*, under the standards above, the jury verdict form in this case plainly was a general

14   verdict with answers to written questions, also known as a general verdict with interrogatories.

15   The verdict form covered GSI's claims for trade secret misappropriation, TIPER, breach of

16   contract, fraud and false promise.[22]  Each section contained questions for the jury to answer on

17   each legal element of GSI's claims, as well as UMI and ISSI's affirmative defenses.[23]  As required

18   by Fed. R. Civ. P. 49(b), the verdict form was accompanied by copious jury instructions

---

[17] *Id.*

[18] Fed. R. Civ. P. 49(a).

[19] Fed. R. Civ. P. 49(b)(1).

[20] *Id.*

[21] *See id.* at 49(b)(2).

[22] *See* Docket No. 1055.

[23] *See id.*

explaining the law for the jury to apply on each claim, affirmative defense and contention.[24] It is true that the verdict form did not baldly ask, for example, "Is UMI liable for misappropriation of GSI's trade secrets?" But the verdict form did ask the jury to answer, yes or no, if every element of misappropriation of trade secrets was proven, which amounts to the same thing.[25] The same is true for the verdict form's questions on GSI's other claims. The verdict form also asked the jury to determine GSI's damages for each claim.[26] Contrary to focusing the jury exclusively on fact-finding, the verdict form required the jury to announce both the ultimate legal conclusion on each claim and its findings on discrete factual issues. After the jury had rendered its verdict, there were no legal conclusions left for the court to determine on the claims submitted to the jury, and so the verdict form could not be a special verdict.

UMI asserts that the jury verdict was a special verdict, but does not explain why, and does not respond to GSI's argument that the verdict was a general verdict with answers to written questions.[27] In its opening brief, UMI mentions that jury instruction no. 62 is titled "Introduction to Special Verdict Form," but does not explain why this should override the actual nature of the questions in the verdict form.[28] The title of the jury instruction is an error, and the text of the instruction does not contain any language that would make the verdict form a special verdict form, such as statements that the jury is to make only findings of fact. The instruction simply states,

---

[24] *See* Docket No. 1043; Docket No. 1047 (amended jury instruction no. 33); Docket No. 1050 (amended jury instructions nos. 26.1, 26.2).

[25] *See id.* at 4-7 (asking if the jury found that GSI owned the information in any of the disputed circuit schematics; if the jury found that the information in any of the schematics was a trade secret at the time of the claimed misappropriation; asking whether UMI improperly used or disclosed the trade secrets; if UMI's misappropriation was a substantial factor in causing GSI to suffer harm).

[26] *See id.* at 13, 18, 21, 26, 30, 34.

[27] *See* Docket No. 1072-1 at 4-5 (UMI's opening brief, stating that the verdict is a special verdict); Docket No. 1090 at 1-3 (GSI's opposing brief, arguing that the verdict is a general verdict with answers to written questions); Docket No. 1107 (UMI's reply brief, not discussing this issue).

[28] *See* Docket No. 1072-1 at 5 n.13.

5
Case No. 5:13-cv-01081-PSG
ORDER GRANTING-IN-PART MOTION FOR ENTRY OF FINAL JUDGMENT

> A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

The verdict is not a special verdict, but a general verdict with answers to written questions.

*Second*, because UMI's request for the court to enter an amended judgment noting the prevailing party on each of GSI's claims and UMI's counterclaims is premised on the verdict being a special verdict, that relief is DENIED.[29] In particular, UMI requests entry of judgment on issues raised in its motion for JMOL under Fed. R. Civ. P. 50(b): that it prevailed on the misappropriation of trade secrets and breach of contract claims, and that it owes no damages on the contract claim.[30] The court already has adjudicated the motion for JMOL separately,[31] and a separate entry of judgment on those issues is inappropriate.[32] UMI also requests entry of judgment on its so-called counterclaim for attorney's fees,[33] but UMI separately requested attorney's fees by motion, as explicitly required by Fed. R. Civ. P. 54(d)(2), and the court will rule on that motion separately.[34] In any case, a separate judgment is not required for an order disposing of a motion for attorney's fees.[35]

*Third*, UMI is correct that the court must issue findings of fact and conclusions of law on

---

[29] *See* Docket No. 1072-1 at 6-17 (quoting *Open Text S.A. v. Box, Inc.*, Case No. 13-cv-04910-JD, 2015 WL 4940798, at *10 (N.D. Cal. Aug. 19, 2015) (judgment on a special verdict should "not[e] the prevailing party for each claim and the relief awarded, as contemplated by Rule 58")).

[30] *See* Docket No. 1072-1 at 11-17.

[31] *See* Docket No. 1118.

[32] *See* Fed. R. Civ. P. 58(a)(1) ("Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion: for judgment under Rule 50(b).").

[33] *See* Docket No. 1072-1 at 14.

[34] *See* Docket No. 1121.

[35] *See* Fed. R. Civ. P. 58(a)(3).

6
Case No. 5:13-cv-01081-PSG
ORDER GRANTING-IN-PART MOTION FOR ENTRY OF FINAL JUDGMENT

the Section 17200 unfair claim, because this claim was reserved for the court to resolve after the jury trial.[36] Accordingly, the court rules as follows:

**Findings of Fact:**

1. GSI brought a claim for unfair competition in violation of Section 17200 and/or Colorado Revised Statute § 6-1-101 against UMI and a claim for unfair competition in violation of Section 17200 against ISSI.[37]
2. At trial, GSI did not assert a violation of Colorado's unfair competition law and pursued only its Section 17200 claims.[38]
3. The Section 17200 unfair claims were reserved for the court to resolve.[39]
4. The court instructed the jury on unfair competition and unfair business practices, because in addition to being the basis for the 17200 unfair claim, unfair competition also was the wrongful conduct element of the TIPER claim presented to the jury.[40]
5. Jury instruction no. 28, "Unfair Competition," states, "GSI claims that UMI and/or ISSI tortiously interfered with GSI's economic relationship with Cisco by engaging in unfair business practices and acts of unfair competition."[41]
6. Jury instruction no. 29, "'Unfair' Business Practice," states, "A business practice can be 'unfair' even if it is not illegal. To establish that UMI and/or ISSI engaged in unfair business practices, GSI must establish UMI and/or ISSI's conduct significantly threatens or harms competition."[42]

---

[36] *See* Docket No. 906 at 40:19-41:4.

[37] *See* Docket No. 196 at ¶¶ 170-189.

[38] *See* Docket No. 799-4 at 14-15; Docket No. 834-2 at 77, 79, 81, 83.

[39] *See id.*

[40] *See* Docket No. 1043 at 31-33.

[41] *Id.* at 31.

[42] *Id.* at 32.

7. On November 25, 2015, the jury returned its verdict and answered, "No" to question no. 33, "Did UMI engage in unfair competition?"[43] The jury also answered, "No," to question no. 48, "Did ISSI engage in unfair competition?"[44]

8. On January 22, 2016, ISSI notified the court that GSI and ISSI had "reached a final settlement in this matter, among and between them."[45]

**Conclusions of Law:**

1. "[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are based on the same facts, in deciding the equitable claims the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations."[46]

2. Because the court is bound by the jury's verdict that neither UMI nor ISSI engaged in unfair competition, GSI's Section 17200 unfair claim against UMI does not succeed.

3. Because GSI and ISSI settled, the court will not issue conclusions of law on GSI's Section 17200 unfair claim against ISSI.

**SO ORDERED.**

Dated: May 26, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[43] Docket No. 1055 at 15.

[44] *Id.* at 19.

[45] Docket No. 1098.

[46] *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir.1993) (citation and quotation marks omitted).

8
Case No. 5:13-cv-01081-PSG
ORDER GRANTING-IN-PART MOTION FOR ENTRY OF FINAL JUDGMENT