UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GSI TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED MEMORIES, INC., et al., <br><br> Defendants. | Case No. 13-cv-01081-PSG <br><br> **ORDER DENYING MOTIONS FOR ATTORNEY'S FEES** <br><br> **(Re: Docket Nos. 1065, 1074)** |

Last but not least among the post-trial motions, the court addresses Plaintiff GSI Technology, Inc. and Defendant United Memories, Inc.'s motions for attorney's fees, expenses and costs.[1]  Both GSI and UMI's motions are DENIED.

**I.**

At the risk of redundancy, a brief summary of this litigation follows to provide context to the court's ruling.

In May 2008, GSI and UMI entered into a contract for UMI to provide design and layout services for GSI on a 576 Mb chip.[2]  After the relationship fizzled, GSI sued UMI for claims relating to the contract[3] and sought a temporary restraining order and a preliminary injunction.[4]

---

[1] *See* Docket Nos. 1065, 1074.

[2] *See* Docket No. 320-1 at 2.

[3] *See* Docket No. 1.

[4] *See* Docket No. 9.

1
Case No. 13-cv-01081-PSG
ORDER DENYING MOTIONS FOR ATTORNEY'S FEES

1   The court denied both the temporary restraining order and the preliminary injunction.[5] GSI filed a
2   first amended complaint, UMI moved to dismiss and GSI filed a second amended complaint
3   against UMI and Defendant Integrated Silicon Solutions, Inc.[6] In the second amended complaint,
4   GSI alleged claims for violation of the Sherman Act and RICO against UMI, as well as claims for
5   declaratory relief, breach of contract, unfair competition, fraud, false promise, misappropriation of
6   trade secrets and intentional interference with prospective economic relations.[7] UMI moved to
7   partially dismiss the second amended complaint, and the court partially granted the motion and
8   dismissed the Sherman Act and RICO claims, but allowed the trade secret misappropriation claim
9   to proceed.[8] Following two rounds of summary judgment motions, the case proceeded to trial.[9]

10   At trial, GSI pursued five claims against UMI: trade secret misappropriation, TIPER,
11   breach of contract, fraud and false promise.[10] The claim for unfair competition under Cal. Bus. &
12   Prof. Code § 17200 et seq. was reserved for the court to resolve after trial.[11]

13   The jury found that UMI had misappropriated four trade secrets belonging to GSI, rejected
14   UMI's affirmative defenses to the misappropriation claim and found that GSI's actual loss for
15   misappropriation was $0.[12] The jury also found that ISSI had not misappropriated any trade

---

[5] *See* Docket Nos. 24, 160, 176.

[6] *See* Docket Nos. 159, 171, 196.

[77] *See* Docket No. 196 at ¶¶ 90-121, 133-56, 157-81, 190-230, 238-48. GSI also raised several claims against ISSI; because GSI and ISSI have settled, those claims are not discussed here. *See* Docket Nos. 196, 1098.

[8] *See* Docket Nos. 207, 227.

[9] *See* Docket Nos. 450, 807.

[10] *See* Docket No. 1055.

[11] *See* Docket No. 906 at 40:19-41:4.

[12] *See* Docket No. 1055 at 4-10.

United States District Court
Northern District of California

secrets and that GSI had not asserted the misappropriation claim in bad faith.[13] On the TIPER claim, the jury found that neither UMI nor ISSI had engaged in unfair competition, and so neither party had intentionally interfered with GSI's economic relationship with Cisco, Inc.[14] On the breach of contract claim, the jury found that UMI had breached its contract with GSI, rejected UMI's affirmative defenses and awarded GSI $532,400 in "general damages" and $421,000 in "special damages," for a total of $953,400.[15] On the fraud claim, the jury found that UMI had not made a false representation to GSI.[16] On the false promise claim, the jury found that although UMI had made a promise to GSI, UMI had intended to perform this promise at the time that it made it.[17]

GSI and UMI then moved for JMOL, new trial, entry of judgment and attorney's fees.[18] As relevant to this motion, the court resolved GSI and UMI's motions for JMOL by affirming the jury's verdict that GSI had four trade secrets, which UMI had misappropriated, and affirming the jury's verdict that UMI had breached its contract with GSI, but vacating the jury's damages award on the breach of contract claim.[19] The court granted-in-part UMI's motion for entry of judgment and denied GSI's Section 17200 unfair claim.[20] The court now takes up the last two post-trial motions from GSI and UMI, for fees, costs and expenses.[21]

---

[13] *See id.* at 10-14.

[14] *See* Docket No. 1055 at 15, 19.

[15] *See id.* at 23-26.

[16] *See id.* at 27.

[17] *See* Docket No. 31.

[18] *See* Docket Nos. 1062, 1065, 1071, 1072, 1073, 1074-1.

[19] *See* Docket No. 1118.

[20] *See* Docket No. 1120.

[21] *See* Docket Nos. 1065, 1074.

3
Case No. 13-cv-01081-PSG
ORDER DENYING MOTIONS FOR ATTORNEY'S FEES

**II.**

This court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[22]

**III.**

Over the course of this lawsuit, the parties have not agreed on much.[23] In the end, however, GSI and UMI have found common ground on two points. First, they agree that Colorado law governs the dispute over fees, costs and expenses. Section X.5 of the contract between GSI and UMI provides that the "Agreement shall take effect under, be construed and enforced according to, and be governed by, the laws of the State of Colorado,"[24] and both sides agree that this clause is valid.[25] Second, they agree that all claims between GSI and UMI arise from the contract or relate to their contractual relationship, and so are subject to the contract's fee-shifting provision.[26] Section X.9 of the contract provides that "[i]n the event of any controversy, claim or dispute between the parties hereto arising out of or relating to this Agreement . . . the prevailing party shall be entitled to recover from the losing party reasonable expenses, attorneys' fees and costs."[27] Under Colorado law, a prevailing party may recover attorney's fees if authorized by statute or contract.[28] The question for the court is this: which party, if any, is the prevailing party?

---

[22] *See* Docket No. 236 at 11.

[23] The proposed final jury instructions come to mind as a particularly memorable example. *See* Docket No. 834-1; Docket No. 834-2; Docket No. 834-3; Docket No. 1061 at 6:9-16.

[24] Docket No. 196, Ex. 1 at § X.5.

[25] *See* Docket No. 1074-1 at 10; Docket No. 1092 at 1 n.1.

[26] *See* Docket No.1074-1 at 10; Docket No. 1103 at 1.

[27] Docket No. 196, Ex. 1 at § X.9.

[28] *See Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 503 (Colo. App. 2003).

United States District Court
Northern District of California

## IV.

The determination of which party prevailed is committed to the trial court's discretion.[29] When determining prevailing party status, the Colorado Supreme Court distinguishes between contract and tort claims. In contract cases, "where a claim exists for a violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney fees."[30] Even if a defendant is not required to pay damages attributable to its breach, that "does not constitute a favorable verdict or convert [the defendant] into a prevailing party."[31] This is because "it unjustly enriches the breaching party where the non-breaching party is required to pay the attorney fees of the breaching party."[32] By contrast, in tort cases, "[a] prevailing party is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation. The number of claims upon which a party prevails or the amount awarded for those claims is not determinative."[33]

The Colorado Supreme Court has not explicitly addressed which rule governs when a case presents both contract and tort claims. However, *Archer v. Farmers Bros. Co.*, a case with multiple tort claims, provides guidance for dealing with multiple claim cases. In "multiple claim cases, where either party could arguably be considered the 'prevailing party,' the trial court is in the best position to evaluate the relative strengths and weaknesses of each party's claims, the significance of each party's successes in the context of the overall litigation, and the time devoted to each claim."[34] And so, "[w]hen a case involves many claims, some of which are successful and some of which are not, it is left to the sole discretion of the trial court to determine which party, *if*

---

[29] *See Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 328 n.6 (Colo. 1994).

[30] *Id*. at 333.

[31] *Id.*

[32] *Id.*

[33] *Archer v. Farmer Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004).

[34] *Id*. at 231.

5
Case No. 13-cv-01081-PSG
ORDER DENYING MOTIONS FOR ATTORNEY'S FEES

*any*, is the prevailing party and whether costs should be awarded."[35]  The overarching principle is that the "trial court is given broad discretion to determine who is a prevailing party in multiple claim cases because of its unique opportunity to observe the course of the litigation."[36]

In keeping with the discretion given to the trial court on the question of prevailing party status, "in a proper case, the trial court may rule that neither party prevailed and award no fees."[37]

## V.

Neither GSI nor UMI is the prevailing party.

*First*, GSI is not the prevailing party.  GSI argues that *Spencer* mandates an award of fees because the jury found that UMI breached the contract,[38] but this case, unlike *Spencer*, is not a pure contract case.  It involves a contract claim and several tort claims—one of which GSI established liability on, and four of which it did not[39]—and so the court applies *Archer*'s guidance on identifying which party prevailed in a multiple claim case.  GSI established liability on two claims—trade secret misappropriation and breach of contract—even as it fell short on others.[40]  Even as to these two claims, GSI received no damages, however, because the jury awarded $0 for

---

[35] *Id.* (emphasis added)

[36] *Id.* (citing *Wheeler*, 74 P.3d at 504 (holding that trial court is the in best position to determine which party ultimately prevailed for purposes of awarding attorney's fees)).  In *Lawry v. Palm*, a Colorado Court of Appeals case where the plaintiff succeeded on a contract claim and a tort claim but lost several other claims, the court relied on *Archer*'s guidance on multiple claim cases to resolve the dispute and affirmed the trial court's ruling that neither party was the prevailing party for fees.  *See Lawry v. Palm*, 192 P.3d 550, 570 (Colo. App. 2008).  *See also Remote Switch Sys., Inc. v. Delangis*, 126 P.3d 269 (Colo. App. 2005) (relying on *Archer* and affirming the trial court's holding that neither party prevailed in a multiple claim case, because in such cases, the trial court is in the best position to make that determination).

[37] *Archer*, 90 P.3d at 231; *see also Remote Switch Sys.*, 126 P.3d at 274; *Wheeler*, 74 P.3d at 503.

[38] *See* Docket No. 1103 at 2.

[39] *See* Docket No. 1055 at 4-9 (misappropriation), 15 (TIPER), 27 (fraud), 31 (false promise); Docket No. 1120 at 8 (Section 17200 unfair competition).

[40] *See* Docket No. 1055 at 4-9, 23-26.

6
Case No. 13-cv-01081-PSG
ORDER DENYING MOTIONS FOR ATTORNEY'S FEES

misappropriation and the court vacated the jury's damages award for breach of contract. Because it received no damages, GSI derived none of the benefits it sought in this litigation and cannot be the prevailing party.[41]

***Second***, UMI also is not the prevailing party. UMI argues that it prevailed on the temporary restraining order, the preliminary injunction, and every claim GSI ever raised, including the ones dismissed by the court.[42] UMI also argues that GSI initially claimed 46,000 pages of information as trade secrets (although GSI narrowed its trade secret claims to 25 schematics well before trial[43]), and since the jury found that UMI misappropriated only four trade secrets, this "amounts to 0.0087%. Essentially nothing."[44]

But UMI did not prevail on every single claim. The jury found that it had misappropriated four trade secrets and breached its contract with GSI.[45] Although UMI fended off more claims than it lost, the "number of claims upon which a party prevails or the amount awarded for those claims is not determinative."[46] The misappropriation and contract claims were the most significant claims in the case and the parties spent the bulk of the litigation on these claims. UMI moved for summary judgment twice: the first motion focused exclusively on the misappropriation claim[47] and the second requested summary judgment only on the misappropriation claim and the

---

[41] *See also Arapahoe Cty. Water & Wastewater Pub. Improvement Dist. v. HDR Eng'g, Inc.*, Case No. 08-CV-01788-WYD-KMT, 2011 WL 5025022, at *5 (D. Colo. Oct. 21, 2011) (applying *Spencer* and *Archer* to find that plaintiff was not the prevailing party despite winning one breach of contract claim, because plaintiff "lost on three out of its four causes of action and recovered only $65,000 of the $1.7 million it sought to recover at trial").

[42] *See* Docket No. 1074-1 at 15-21.

[43] *See* Docket No. 415 (holding GSI to its Aug. 6, 2014 trade secret disclosure).

[44] Docket No. 1074-1 at 18.

[45] *See* Docket No. 1055 at 4-9, 23-26.

[46] *Archer*, 90 P.3d at 230.

[47] *See* Docket No. 320.

7
Case No. 13-cv-01081-PSG
ORDER DENYING MOTIONS FOR ATTORNEY'S FEES

breach of contract claim.[48]  GSI's motion for summary judgment against UMI focused primarily on contract issues and also addressed elements of the fraud and misappropriation claims.[49]  At trial, the contract and misappropriation claims were at the forefront.  During opening statements, UMI's counsel stated, "[W]hat are the keys to this case . . . ?  The keys are this: This is a contract case."[50]  GSI, meanwhile, spent hours examining witnesses on the meaning, scope, and negotiations of the contract.[51]  UMI may have won more claims than it lost, but prevailing party status is not reducible to simply toting up the number of claims won by each side and declaring the party with a larger number the victor.  UMI was found liable on the two claims that dominated this litigation, and even though UMI escaped paying damages, it cannot be the prevailing party.

## VI.

This order is not one that the court issues lightly, without heed to the heavy attorney's fees, costs and expenses the parties are left to bear.  But the law and fairness dictate this result: neither GSI nor UMI is the prevailing party.

**SO ORDERED.**

Dated: May 26, 2016

PAUL S. GREWAL
United States Magistrate Judge

---

[48] *See* Docket No. 563-4 at 1.

[49] *See* Docket No. 566 at 1.

[50] Trial Tr. at 274:4-11.

[51] *See* Docket No. 1070 at 19; Trial Tr. at 234:25-236:5, 647:13-660:8, 1052:2-1053:1, 1145:11-1146:10, 1412:6-1413:17, 1424:9-1426:21, 1477:20-1481:18, 1628:1-1632:14, 2987:22-2988:17 (questioning and argument about scope of Article III.1 regarding ownership and meaning of deliverables); Trial Tr. at 1039:9-1040:4, 1367:11-1368:6, 3366:1-3368:15 (rebutting argument that GSI did not own 576Mb schematics because it did not spend $42,000 to buy Atris); Trial Tr. at 1106:10-1107:12, 1421:8-23, 1873:1-7 (jury questions concerning the same).