**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GSI TECHNOLOGY, INC., a Delaware corporation, <br><br> Plaintiff-counter-defendant-Appellant, <br><br> v. <br><br> UNITED MEMORIES, INC., a Colorado corporation; INTEGRATED SILICON SOLUTION, INC., a Delaware corporation, <br><br> Defendants-counter-claimants-Appellees. | No.   15-17536 <br><br> D.C. No. 5:13-cv-01081-PSG <br><br> MEMORANDUM[*] |
| GSI TECHNOLOGY, INC., a Delaware corporation, <br><br> Plaintiff-counter-defendant-Appellee, <br><br> v. <br><br> UNITED MEMORIES, INC., a Colorado corporation, <br><br> Defendant-counter-claimant-Appellant, | No.   16-16075 <br><br> D.C. No. 5:13-cv-01081-PSG |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

INTEGRATED SILICON SOLUTION,
INC., a Delaware corporation,

    Defendant-counter-claimant.

Appeals from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted November 17, 2017
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FREUDENTHAL,[**] Chief District Judge.

  The present cross-appeal arises out of an agreement between Plaintiff GSI Technology, Inc. (GSI) and Defendant United Memories, Inc. (UMI) for the design of a 576 megabyte low latency Dynamic Random Access Memory (DRAM) chip (the "576Mb Chip"). After UMI independently produced a 1.2 gigabyte DRAM chip called "Atris," which allegedly incorporated design components of the 576Mb Chip, GSI sued UMI for breach of contract and misappropriation of trade secrets. GSI appeals from the district court's orders denying GSI's renewed motion for

---

  [**] The Honorable Nancy Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

judgment as a matter of law and motion for attorneys' fees.[1]  GSI also appeals the district court's decision to give an amended jury instruction regarding trade secret damages on the last day of jury deliberations.  UMI cross-appeals the district court's order denying UMI's motion for attorneys' fees.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

     1.  Reviewing *de novo,* we conclude that the district court did not err in granting in part UMI's renewed motion for judgment as a matter of law on the issue of damages.  *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 941 (9th Cir. 2011).  Reviewing the record as a whole, s*ee Fong v. United States*, 300 F.2d 400, 411 (9th Cir. 1962), the district court correctly concluded that GSI waived general damages for breach of contract.   Evidence as to the amount GSI paid UMI under the parties' agreement and statements by GSI's counsel during closing arguments do not overcome the fact that GSI objected to a jury instruction on general damages and later stated on the record that it was not seeking general damages with regard to its breach of contract claim.   In light of GSI's unambiguous statements of waiver, there was no error in the district court's decision to overturn the jury's award of $532,400 in general damages for the breach of contract claim.  *See United States v. Reliance Ins. Co.*, 799 F.2d 1382,

---

[1] Because the parties consented to the jurisdiction of Magistrate Judge Paul S. Grewal under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 72(a), we refer to the Magistrate Judge's decisions as those of the district court.

1387 (9th Cir. 1986) ("Waiver occurs when there is an existing right, a knowledge of its existence, and an actual intention to relinquish it . . . .").

The district court also correctly concluded that the jury's award of $421,000 in special damages was improper. First, even accepting that the amount of the award reflects what Integrated Systems Solutions, Inc. paid UMI for the Atris schematics, the award cannot be upheld because this would constitute disgorged profits. Profit disgorgement is an equitable remedy that is within the sound discretion of the trial court and, therefore, outside the province of the jury. *See EarthInfo v. Hydrosphere Res. Consultants, Inc.*, 900 P.2d 113, 119 (Colo. 1995).[2] Second, assuming that substantial evidence supported a breach of the confidentiality provision, GSI has nevertheless failed to show that $421,000 is a proper award for GSI's lost profits. GSI presents no evidence that $421,000 reflects anything other than the profits UMI acquired as a result of the breach, which is distinguishable from GSI's own lost profits. *Watson v. Cal-Three, LLC*, 254 P.3d 1189, 1194–95 (Colo. 2011). Because the jury lacked substantial evidence to award lost profits, the district court correctly concluded that the $421,000 in special damages was speculative and therefore improper. *See Lee v. Durango Music*, 355 P.2d 1083, 1088 (Colo. 1960) ("[T]he loss of profits . . . may be recovered where the plaintiff makes it reasonably certain by competent proof

---

[2] Colorado law governs the parties' agreement.

4

what was the amount of his profits, as an exception to the general rule that remote and speculative damages may not be recovered." (internal quotation marks and citation omitted)).

Similarly, the district court did not err in denying GSI's renewed motion for judgment as a matter of law on the issue of trade secret liability. The district court correctly determined that the testimony of Carl Sechen formed a proper basis for distinguishing four of the 25 trade secrets at issue at trial. Although the testimony of other witnesses might permit a different conclusion, the jury's legitimate function was to weigh testimony and make credibility determinations. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Because GSI has not shown that the evidence at trial "permits only one reasonable conclusion, and that conclusion is contrary to that of the jury," the jury's verdict with regard to trade secret liability must be affirmed. *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016).

2. The district court did not abuse its discretion when it concluded that neither GSI nor UMI was the prevailing party and declined to award attorneys' fees. *See Med. Protective Co. v. Pang*, 740 F.3d 1279, 1282 (9th Cir. 2013).

First, GSI's argument that it is the prevailing party because UMI was found liable for breach of contract is unavailing. Although under Colorado law liability may be determinative of prevailing party status in breach of contract cases, *Dennis*

*I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 327 (Colo. 1994), the trial court retains considerable discretion in determining which party, if any, is the prevailing party. *Lawry v. Palm*, 192 P.3d 550, 570 (Colo. 2008) (noting the "trial court is in the best position to determine which party has prevailed"). Here, the district court correctly noted that the present case is not a pure contract case and that GSI prevailed on two of its five claims tried to the jury, but received no damages. *Archer v. Farmer Bros. Co.*, 90 P.3d 228 (Colo. 2004) ("When a case involves many claims, some of which are successful and some of which are not, it is left to the sole discretion of the trial court to determine which party, if any, is the prevailing party and whether costs should be awarded."). Having achieved none of the benefits sought in the lawsuit, GSI has not shown that the trial court abused its discretion in denying GSI prevailing party status. *See Anderson v. Pursell*, 244 P.3d 1188, 1194 (Colo. 2010).

UMI also failed to show that the district court abused its discretion in denying its motion for attorneys' fees. At the outset, we are unconvinced by UMI's argument that prevailing party status is a contractual entitlement under the parties' agreement that results from a breach of the confidentiality provision. The agreement here does not define "prevailing party," and UMI has pointed to no authority for its contention that the terms of the agreement would otherwise undermine the trial court's considerable discretion in determining prevailing party

6

status. *Lawry*, 192 P.3d at 570.

We similarly disagree that the district court improperly required UMI to prevail on every claim in order to achieve prevailing party status. In exercising its considerable discretion, the district court properly considered the case as a whole. Where, as here, UMI lost on summary judgment twice and was found liable at trial on the two most significant issues in the litigation, UMI has not shown that the district court abused its discretion. *Anderson*, 244 P.3d at 1194 ("In order to be a 'prevailing party,' a party must succeed on a significant issue in the litigation and achieve some of the benefits sought." (citation omitted)).

In an effort to tip the balance of winning claims in its favor, UMI argues that it should have prevailed on the breach of contract and trade secret claims. UMI's argument is without merit. Regarding the breach of contract claim, UMI has failed to show that the general verdict should be set aside as infirm. *See Knapp v. Ernst & Whinney*, 90 F.3d 1431, 1439 (9th Cir. 1996) ("As a general rule, a general jury verdict will be upheld only if there is substantial evidence to support each and every theory of liability submitted to the jury." (internal quotation marks and citation omitted)). Although the jury was not required to specify which provision of the parties' agreement was breached, there was little risk of juror confusion where each theory of recovery was supported by similar facts and was subject to the same general contract defenses. *Traver v. Meshriy*, 627 F.2d 934, 938 (9th Cir.

1980). Moreover, even assuming a finding of breach of the confidentiality or non-compete provisions was unsupported by substantial evidence, as UMI contends, breach of the ownership provision was never challenged by UMI below, and it is not at issue on appeal.

> Where more than one theory of recovery has been submitted to the jury in a civil case, and where on appeal it is claimed that as to one of the theories there was a lack of evidential support or an error of law in submitting the theory to the jury, the reviewing court has discretion to construe a general verdict as attributable to another theory if it was supported by substantial evidence and was submitted to the jury free from error.

*See id.* at 938. There being a valid theory of liability to support the jury's finding of breach, the court, in its discretion, declines to set aside the general verdict as infirm. *See id.*

Regarding the misappropriation of trade secrets claim, as discussed herein, the evidence at trial provided a sufficient basis for the jury to distinguish four of the 25 trade secrets at issue. Accordingly, UMI has not presented a sufficient basis to direct a verdict in its favor. *Estate of Diaz*, 840 F.3d at 604.

3. Finally, the district court did not abuse its discretion in giving an amended jury instruction on misappropriation damages on the final day of deliberations. *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 982 (9th Cir. 2002). Even assuming the trial court erred in instructing the jury that lost profits were precluded, that error was more probably than not harmless, as GSI failed to present

evidence as to the amount of profits lost as a result of UMI's alleged injuries.  *See Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1337 (9th Cir. 1985).  Moreover, GSI provides no case finding a supplemental instruction prejudicial, where that instruction was curative and not otherwise confusing or misleading to the jury.  *Cf. Pollock v. Koehring Co.*, 540 F.2d 425, 426 (9th Cir. 1976) ("[I]nconsistent or equivocal instructions and incorrect statements of the law may be prejudicially erroneous.").

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1)   A.   **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    - ► A material point of fact or law was overlooked in the decision;
    - ► A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - ► An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

   B.   **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)  Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

**Form 10. Bill of Costs** ..................................................................................................................*(Rev. 12-1-09)*

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

This form is available as a fillable version at:
*http://cdn.ca9.uscourts.gov/datastore/uploads/forms/Form%2010%20-%20Bill%20of%20Costs.pdf*.

*Note:* If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[ ]   v.   [ ]   9th Cir. No. [ ]

The Clerk is requested to tax the following costs against: [ ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED (Each Column Must Be Completed) | | | | ALLOWED (To Be Completed by the Clerk) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| **Excerpt of Record** | | | $ | $ | | | $ | $ |
| **Opening Brief** | | | $ | $ | | | $ | $ |
| **Answering Brief** | | | $ | $ | | | $ | $ |
| **Reply Brief** | | | $ | $ | | | $ | $ |
| **Other**** | | | $ | $ | | | $ | $ |
| | | | **TOTAL:** | $ | | | **TOTAL:** | $ |

\* *Costs per page*: May not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* *Other*: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page*

**Form 10. Bill of Costs** - *Continued*

I, [          ] , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature [          ]

("s/" plus attorney's name if submitted electronically)

Date [          ]

Name of Counsel: [          ]

Attorney for: [          ]

_____

*(To Be Completed by the Clerk)*

Date [          ]     Costs are taxed in the amount of $ [          ]

Clerk of Court

By: [          ] , Deputy Clerk